JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

SARAH ZENEWICZ, SBN 258068
  szenewicz@gibsondunn.com
JOSEPH C. HANSEN, SBN 275147
  jhansen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

Attorneys for Defendant
TAYLOR FARMS PACIFIC, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, WENDELL T. MORRIS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, ABEL MENDOZA, INC., MANPOWER, INC., QUALITY FARM LABOR, INC., SLINGSHOT CONNECTIONS, LLC and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT TAYLOR FARMS PACIFIC, INC.**<br><br>[San Joaquin Superior Court, Case No. 39-2012-00276847-CU-OE-STK] |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

**TABLE OF CONTENTS**

**Page**

TIMELINESS OF REMOVAL ................................................................................................... 1

SUMMARY OF PLAINTIFFS' ALLEGATIONS AND FACTS GIVING RISE TO REMOVAL ................................................................................................................................. 2

    A.    Plaintiffs and At Least One Defendant are Citizens of Different States ....................... 2

    B.    Plaintiffs Allege a Putative Class of More Than 100 Individuals ................................ 3

    C.    The Amount Placed in Controversy By The 6AC Exceeds $5 Million ........................ 3

THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ................................................ 4

i
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Cases** — **Page(s)**

*Cohn v. Petsmart, Inc.*,
   281 F.3d 837 (9th Cir. 2002) .......................................................................................... 4

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ....................................................................................... 3, 4

*Hertz Corp. v. Friend*,
   130 S.Ct. 1181 (2010) .................................................................................................... 3

*Yeroushalmi v. Blockbuster Inc.*,
   Case No. CV 05-2550, 2005 U.S. Dist. LEXIS 39331 (C.D. Cal. July 11, 2005) ......... 4

**Statutes**

28 U.S.C. § 1332(d)(2)(A) .................................................................................................. 2

28 U.S.C. § 1332(d)(6) ........................................................................................................ 2

28 U.S.C. § 1441(a) ............................................................................................................. 5

28 U.S.C. § 1446(b)(3) ........................................................................................................ 1

28 U.S.C. § 84(d) ................................................................................................................. 5

ii
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

Gibson, Dunn & Crutcher LLP

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, AND WENDELL T. MORRIS, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Taylor Farms Pacific, Inc. ("Taylor Farms Pacific") hereby removes to the United States District Court for the Eastern District of California the above-captioned state court action, originally filed as Case No. 39-2012-00276847-CU-OE-STK in San Joaquin County Superior Court, State of California.  Removal is proper on the following grounds:

**TIMELINESS OF REMOVAL**

1. Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and Wendell T. Morris ("Plaintiffs") filed a class action Complaint ("Initial Complaint") against Defendant Taylor Farms Pacific, Inc. on February 17, 2012 in San Joaquin County Superior Court in which they alleged various wage and hour claims.  Declaration of Sarah Zenewicz ("Zenewicz Decl.") Exh. A [Initial Complaint].

2. On May 31, 2013, Plaintiffs filed a motion for leave to file a Sixth Amended Complaint ("6AC"), which among other things named four new defendants, including Abel Mendoza, Inc., Manpower, Inc., Quality Farm Labor, Inc., and Slingshot Connections, LLC.  Zenewicz Decl., Exh. B [6AC].  On June 26, 2013, the Superior Court granted Plaintiffs' motion for leave to file the Sixth Amended Complaint, and deemed it filed and served on Defendant Taylor Farms Pacific as of that date.  *Id.*

3. "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Taylor Farms Pacific's notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after the Superior Court's Order granting Plaintiffs' motion for leave to amend the pleadings.  Taylor Farms Pacific could not have removed on this basis any earlier because the basis for the instant removal—namely, the addition of a diverse defendant giving rise to

Gibson, Dunn & Crutcher LLP

1

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT TAYLOR FARMS PACIFIC, INC.

CAFA jurisdiction—first appeared in the 6AC.  As set forth below, and for purposes of establishing minimal diversity under CAFA (28 U.S.C. § 1332(d)(2)(A)), Defendant Manpower, Inc. ("Manpower") is a citizen of Wisconsin, a state different from at least one member of the proposed class.  28 U.S.C. § 1332(d)(2)(A).

## SUMMARY OF PLAINTIFFS' ALLEGATIONS AND FACTS GIVING RISE TO REMOVAL

4. Plaintiffs' 6AC alleges that Defendants violated state wage and hour laws by, *inter alia,* failing to provide legally compliant meal and rest period, failing to pay for all time Plaintiffs actually worked, failing to pay all wages due at time of termination, and failing to provide proper pay stubs.  *See* 6AC, ¶¶ 20, 29-78.  Plaintiffs purport to seek these wages, expenses and penalties on behalf of the following class:

> All former and current non-exempt hourly employees of Taylor, and joint/dual employees of Taylor and Co-Defendants, who worked at facilities owned and/or operated by Taylor during the four-year period preceding the filing of this action through the date notice is mailed to the class.

6AC, ¶ 5A (the "Class").

5. Taylor Farms Pacific denies any liability in this case.  Taylor Farms Pacific also believe that class treatment is completely inappropriate under the circumstances here, and expressly reserves all rights in this regard.  However, for purposes of the jurisdictional requirements for removal only, Defendants have a good faith basis to believe that the **allegations** in Plaintiffs' 6AC put in controversy, in the aggregate, an amount that exceeds $5 million.  *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

**A.     Plaintiffs and At Least One Defendant are Citizens of Different States**

6. Plaintiffs allege that Defendant Manpower, Inc. ("Manpower") is a "Wisconsin corporation" with a local office in Stockton, California.  6AC,¶ 9.  Manpower, is, in fact, a corporation organized under the laws of the State of Wisconsin and maintains its executive and administrative operations at its headquarters in Milwaukee, Wisconsin.  *See* Zenewicz Decl., Exh. C.; Request for Judicial Notice in Support of Defendant Taylor Farms Pacific, Inc.'s Notice of Removal

2

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

of Class Action.

7. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is identified pursuant to the "nerve center" test, set forth in *Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010). Under the "nerve center" test, a company's principal place of business is in the state "where the corporation's high level officers direct, control, and coordinate the corporation's activities"- typically the corporation's headquarters. *Id.* at 1186. The executive officers of Manpower, including its Chief Financial Officer and Director of Global Strategic Communications, maintain their offices at Manpower's headquarters in Wisconsin. Request for Judicial Notice & Zenewicz Decl., Exh. C. Therefore, as Plaintiffs appears to concede in their 6AC, Manpower is a citizen of Wisconsin—not California. *Hertz,* 130 S.Ct. at 1186. Plaintiffs allege that Defendants Abel Mendoza, Inc., Quality Farm Labor, Inc., and Slingshot Connections, LLC, are California corporations and/or organized under the laws of the state of California. 6AC, ¶¶ 10-12.

8. In contrast, Plaintiffs state that they reside in San Joaquin County, California. 6AC, ¶ 7.

**B.   Plaintiffs Allege a Putative Class of More Than 100 Individuals**

9. The putative class alleged in Plaintiffs' 6AC broadly encompasses "[a]ll former and current non-exempt hourly employees of Taylor, and joint/dual employees of Taylor and Co-Defendants, who worked at facilities owned and/or operated by Taylor" during the relevant time period. 6AC, ¶ 5. Plaintiffs allege that the Class encompasses more than 1,000 individuals. 6AC, ¶ 16.

**C.   The Amount Placed in Controversy By The 6AC Exceeds $5 Million**

10. Where a complaint "fails to allege a sufficiently specific total amount in controversy … [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Here, Plaintiffs' 6AC does not specify the amount that Plaintiffs allege is in controversy nor have they expressly limited their recovery in this case. 6AC, Prayer for Relief. "It is clear that in the context of removal, even before

3

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

CAFA, plaintiff's allegation simply does not control or end the amount in controversy analysis[,] [rather] … the court must assess jurisdiction under CAFA to determine whether the amount in controversy requirement of § 1332(d) has been met." *Yeroushalmi v. Blockbuster Inc.*, Case No. CV 05-2550, 2005 U.S. Dist. LEXIS 39331, at *7 (C.D. Cal. July 11, 2005). In light of the 6AC's ambiguity regarding the amount placed in controversy by the claims contained therein, the preponderance of the evidence standard applies to this Notice of Removal. *See, e.g., Guglielmino*, 506 F.3d at 700 (applying the preponderance of the evidence standard where plaintiff's complaint alleged that "damages to each Plaintiff are less than $75,000").

11.     Here, on February 6, 2013, Plaintiffs' provided a settlement demand to Taylor Farms Pacific. Zenewicz Decl., Exh. D. Plaintiffs' settlement offer at that time was $6 million. *Id.* The Ninth Circuit has specifically held that in assessing the amount in controversy, a settlement demand is both relevant and admissible. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The Ninth Circuit expressly "reject[ed] the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy." *Id*. at 840 n.3. In *Cohn*, the plaintiff's representation in a settlement letter that his claims were worth $100,000 was sufficient to satisfy the $75,000 threshold for diversity jurisdiction. *Id*. at 840. Here, Plaintiffs' settlement offer establishes that the amount in controversy, for jurisdictional purposes only, exceeds $5 million, as required by 28 U.S.C. § 1332(d)(2).

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

12.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a)     this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

(b)     the action involves a putative class of at least 100 persons as required by Section 1332(d)(5)(B);

(c)     the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by Section 1332(d)(2); and

(d)     a member of the class is a citizen of a state different from any defendant as

4

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

1  required by Section 1332(d)(2)(A).

2  13. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446 and 1453. In addition, the United States District Court for the Eastern District of California is the federal judicial district embracing the San Joaquin County Superior Court, where the suit was originally filed. 28 U.S.C. § 84(d). *See also,* 28 U.S.C. § 1441(a).

14. True and correct copies of the Summons, Initial Complaint and 6AC served on Taylor Farms Pacific are included as part of the Zenewicz Declaration as Exhibits A and B. A true and correct copy of all remaining process, pleadings and orders filed or received in the state court action are attached as Exhibit E to the Zenewicz Declaration. This constitutes the complete record of all records and proceedings in the state court and are appended hereto as required by 28 U.S.C. § 1446(a).

15. Upon filing the Notice of Removal, Taylor Farms Pacific will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, Taylor Farms Pacific hereby removes this action from the Superior Court of California in and for the County of San Joaquin.

Dated: June 26, 2013

                    GIBSON, DUNN & CRUTCHER LLP
                    JESSE A. CRIPPS
                    SARAH ZENEWICZ
                    JOSEPH C. HANSEN

By:   /s/ Jesse A. Cripps
         Jesse A. Cripps

Attorneys for Defendant
TAYLOR FARMS PACIFIC, INC.

5
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT
TAYLOR FARMS PACIFIC, INC.

Gibson, Dunn & Crutcher LLP