# EXHIBIT A

| | |
|---|---|
| 1 | STUART CHANDLER 088969<br>Stuart R. Chandler, a Professional Corporation |
| 2 | 761 E. Locust, Suite 101<br>Fresno, California 93720 |
| 3 | Phone (559) 431-7770<br>Fax: (559) 431-7778 |
| 4 | stuart@chandlerlaw.com |
| 5 | Philip A. Downey (*Pro Hac Vice* Application Pending) |
| 6 | Pennsylvania Bar ID No. 81603<br>The Downey Law Firm, LLC |
| 7 | P.O. Box 1021<br>Unionville, PA 19375 |
| 8 | Phone: (610) 324-2848<br>Fax: (610) 813-4579 |
| 9 | downeyjustice@gmail.com |
| 10 | Daniel P. Hunt, Esq. 239412<br>The Downey Law Firm, LLC |
| 11 | P.O. Box 3040<br>South Pasadena, California 91031 |
| 12 | T: (610) 324-2848 / (610) 813-4579 |
| 13 | Attorneys for Plaintiffss and the proposed class |

Filed FEB 17 2012
ROSA JUNQUEIRO, CLERK
By _____ DEPUTY
#945125116

## SUPERIOR COURT OF SAN JOAQUIN COUNTY

| | |
|---|---|
| MARIA del CARMEN PENA and CONSUELA HERNANDEZ, on behalf of themselves and on behalf of all other similarly situated individuals,<br>Plaintiffs,<br>VS.<br>TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS and DOES 1-50, inclusive,<br>Defendants. | Case No. 39-2012-00276847-CU-OE-STK<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE AND WAGE ORDERS, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, *et seq*.**<br><br>THIS CASE HAS BEEN ASSIGNED TO JUDGE MICHAEL COUGHLAN IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL |

Plaintiffs, Maria del Carmen Pena and Consuelo Hernandez (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, complain and allege as follows:

## INTRODUCTION

1. This is a class action against Taylor Farms Pacific, Inc., d/b/a Taylor Farms (hereinafter "Taylor"), to challenge Taylor's policy and practice of requiring their non-exempt production and support employees at its Tracy, California Production facilities to work substantial amounts of time "off-the-clock" and without pay, and failing to offer or provide their non-exempt employees with the meal and rest periods to which they are entitled by law.

2. Plaintiffs and the members of the Class are non exempt production and support employees. Under Taylor's wage compensation system, Taylor does not pay Plaintiffs and class members for all required pre- and post-productionwork activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing sanitary equipment and gear (sometimes referred to as personal protective equipment, and sometimes hereinafter "PPE"), cleaning and sanitizing their person(s). All of these activities are performed for the benefit of Taylor as all of the above work activities are performed by Taylor employees to reduce the threat of cross contamination of food product by human borne bio pathogens.

3. The time that Taylor requires its employees to work without compensation on a daily basis is substantial, and deprives Plaintiffs and the Class of many hours' worth of wages (both straight-time and overtime) per week. In addition, because Plaintiffs and the Class are required to perform numerous work activities during their meal and rest breaks, thus, they are neither offered nor provided with 30 minutes of off-duty time in which to eat their meals, nor uninterrupted 10 minute rest breaks as required by California law.

4. As a result of all of these acts and omissions, Taylor is liable for violations of the California Labor Code, California Industrial Welfare Commission ("IWC") wage orders,

2

and the California Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et. seq.*

5. Plaintiffs seek full compensation, on behalf of themselves and all others similarly situated, for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiffs also seek additional relief available under applicable law on behalf of themselves and the proposed California law Class for Taylor's violations of the California Labor Code and California IWC wage orders. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

## PARTIES

6. Plaintiffs, Maria del Carmen Pena and Consuelo Hernandez were formerly employed by Taylor, within the applicable statutory period. Plaintiffs are residents of San Joaquin County, California.

7. Defendant Taylor is a California Corporation and, at all times relevant to this complaint, has been a processor and packager/packer of various food products at its Tracy, San Joaquin County California food production facilities.

8. The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiffs, who, therefore, sue the Doe Defendants by fictitious names. Plaintiffs are informed, believe, and thereon allege that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiffs' and the Class' damages as herein alleged. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

3

## FACTUAL/CLASS ACTION ALLEGATIONS

9. The policies and practices of Taylor, including failure to pay for all hours worked, the failure to pay overtime wages, denial of meal and rest periods, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar for Plaintiffs and the members of the Class.

10. Pursuant to state and federal regulations and Taylor's own internal policies and procedures, Plaintiffs and class members are required to wear special articles of equipment (PPE) to protect Taylor's products from cross contamination by human borne contaminants and bio hazards. This equipment includes, inter alia, aprons, frock coats, hair nets, gloves and other protective equipment and coverings. All of Taylor's production and support employees engaged in the processing of food product are required to use PPE in the course of their work.

11. At the beginning of each work day, Plaintiffs and Class members while under the control of Taylor are required to line up to receive clean items of required equipment and clothing for the day. Additionally, Plaintiffs and class members are required to donn substantial amounts of PPE and sanitize their person(s) and PPE prior to the start of paid time. As a result of the various unpaid work activities which must be performed prior to the start of paid time, employees regularly are forced to arrive at the plant well before the start of their shifts.

12. During their unpaid 30-minute meal breaks, Plaintiffs and Class members must doff their mandatory equipment and hang it before proceeding out of the production area. Additionally, any PPE which touches the ground must be sanitized and washed by employees during their meal break. Prior to the conclusion of their 30 minute meal break, Plaintiffs and Class members return to the changing area and donn their PPE. All of these

4

activities are required work activities, and Taylor does not compensate Plaintiffs and the Class members for the time it takes to perform them. Furthermore, as these are required work activities, Taylor never in fact offers, nor provides Plaintiffs, or Class members, with the opportunity to take a full 30 minute meal break free of work activities. Likewise, as a result of having to perform the same cross contamination prevention work activities during their ten (10) minute rest breaks, Plaintiffs and their co-workers were also never offered the opportunity to take a full ten minute rest break free of mandatory work activities. If the PPE being worn by employees is soiled or damaged, it must be changed out and exchanged during their meal and rest breaks.

13. Taylor denies to Plaintiffs and the Class members the meal and rest periods to which they are entitled each day. Even when Plaintiffs and the Class members are allowed to take a meal or rest break, the multiple tasks they must perform during meal or rest break mean that they are not actually provided with duty-free breaks.

14. Taylor's unlawful conduct has been widespread, repeated, and willful throughout its Tracy, California production facilities. Taylor knew or should have known that its policies and practices have been unlawful and unfair.

15. Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated individuals. The Class that Plaintiffs seek to represent for violations by Defendant of California labor statutes is defined as follows:

> "All individuals who are currently employed, or formerly have been employed as nonexempt hourly production and support employees at Taylor's food production packing/packaging facilities in Tracy, California, at any time within four (4) years prior to the filing of the original complaint until resolution of this action."

16. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

5

i.	Whether Taylor, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the wages they are owed in violation of the California Labor Code;

ii.	Whether Taylor, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the overtime wages they are owed in violation of the California Labor Code;

iii.	Whether Taylor, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the overtime wages they are owed in violation of Business and Professions Code §17200 et seq;

iv.	Whether Taylor, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide class members with the meal periods to which they are entitled in violation of the California Labor Code;

v.	Whether Taylor, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide class members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 et seq.;

vi.	Whether Taylor's systemic failure to offer and provide class members with and opportunity to take a full thirty minute meal break and/or rest breaks free of required work activities violates the California Labor Code and IWC wage orders;

6

vii. Whether Taylor's systemic failure to offer or provide class members with full thirty minute meal breaks and ten minute breaks free of required work duties has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 et seq;

viii. Whether Taylor's policy and practice of failing to pay class members all wages due upon the end of their employment violates the California Labor Code;

ix. Whether Taylor's policy and practice of failing to pay class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 et seq;

x. The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

17. Typicality: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all putative class members at all of Taylor's Tracy, California facilities were subject to the same unlawful policies. Taylor's common course of conduct in violation of law as alleged herein has caused Plaintiffs and class members to sustain the same or similar injuries and damages.

18. Adequacy of Representation: Plaintiffs and members of the Class do not have any conflicts of interest with other class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs and the Class are competent and experienced in litigating large employment class actions, including successfully litigating class actions involving all statutory claims alleged herein. Plaintiffs will fairly and adequately represent and protect the interests of the class members.

7

19. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Taylor's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
### Failure to Compensate for All Hours Worked

20. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

21. California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

22. Plaintiffs and the Class were required by Taylor to work "off-the-clock" without compensation for their work performed. Thus, Plaintiffs and the Class members were forced to perform work for the benefit of Taylor without compensation.

23. In violation of State law, Taylor knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class with compensation for all time worked as required by California law. Taylor committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the Class. Plaintiffs and the Class are thus entitled to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

8

24.  As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

25.  Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
Failure to Pay Overtime Wages

26.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

27.  California Labor Code §510(a) provides as follows:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a work week shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

28.  The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for

9

all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

29. California Labor Code §1194(a) provides as follows:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

30. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

31. Taylor's across-the-board policy of requiring Plaintiffs and the Class to perform substantial work "off the clock" has been unlawful. As a result of this unlawful policy, Plaintiffs and Class Members have worked overtime hours for Taylor without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

32. Taylor has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Taylor has damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

33. Taylor is liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.