34. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Failure to Provide Meal and Rest Periods

35. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

36. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Taylor to provide meal and rest periods to its non-exempt hourly employees. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

37. Under §226.7(b) and the applicable wage orders, an employer who fails to provide required meal periods must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal periods were not provided. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

38. Despite these requirements, Taylor has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class with the off-duty meal and rest periods to which they are entitled. Taylor has also failed to pay Plaintiffs and the Class one hour of pay for each off-duty meal and/or rest period that they are denied. Taylor's conduct

described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

39. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

40. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

41. Labor Code §201 provides:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

42. Labor Code §202 provides:

"If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.57."

43. Labor Code §203 provides, in relevant part:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

44. Class members have left their employment with Taylor during the statutory period, at which time Taylor owed them their unpaid wages. Taylor willfully refused and continues to refuse to pay Class members all the wages that

12

were due and owing them upon the end of their employment. As a result of Taylor's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

45. Taylor's willful failure to pay Class Member the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Taylor is liable to Plaintiffs and the Class members for all penalties owing pursuant to Labor Code §§201-203.

46. In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

47. Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.

**Wherefore**, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**California Wage Statement Class for Failure to Properly Itemize Pay Stubs**
**in Violation of California Labor Code §§226(a) and 226(e)**

48. Plaintiffs incorporate the above numbered paragraphs above as if fully set forth herein.

49. At all times relevant to this Complaint, California Labor Code §226 was in effect and provided (inter alia) that, upon paying and employee his or her wages, the employer must:

> "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security

13

number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

50. Plaintiffs and the Class believe and, therefore allege, that Defendants failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing, including but not limited to: all the hours that Plaintiffs (and others similarly-situated) worked; the gross wages earned; the net wages earned; and the total hours worked.

51. Plaintiffs and the Class allege that Defendant's failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that they (and others similarly-situated) suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiffs (and others similarly-situated) are "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]..."

52. Plaintiffs and the Class are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

**SIXTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§17200, et seq.**
**(Against All Defendants)**

53. Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

54. California Business and Professions Code §§17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"),

14

prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

55. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

56. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

57. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Taylor has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a. violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

    b. violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

    c. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

    d. violations of Labor Code §§221-223 and 401-410, and IWC wage orders pertaining to wage deductions; and

    e. violations of Labor Code §§201-203.

58. The violations of these laws and regulations, as well as of the fundamental California public policies protecting strait time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 et seq.

59. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, et seq. Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Taylor to gain an unfair competitive advantage over law-abiding employers and competitors.

60. Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Taylor from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

61. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

62. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

63. Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Class members are

entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

64. Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

65. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them and/or the class to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

66. **Wherefore**, Plaintiffs and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and unpaid minimum wages and other injuries, as provided by the California Labor Code;

B. For a declaratory judgment that Taylor has violated the California Labor Code and public policy as alleged herein;

C. For a declaratory judgment that Taylor has violated Business and Professions Code §§17200 et seq., as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

D. For preliminary, permanent and mandatory injunctive relief prohibiting Taylor, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

E. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

F. For an order awarding Plaintiffs and the Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

G. For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

H. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

I. For an order awarding Plaintiffs and the Class all other relief presently available to them pursuant to the California Labor Code provisions cited herein and the UCL, with interest thereon;

J. For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

K. For all costs of suit; and

L. For such other and further relief as this Court deems just and proper.

Dated: February 16, 2012

_____

Stuart R. Chandler, Co-Counsel for Plaintiffs and the class

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TAYLOR FARMS PACIFIC, INC., d/b/a
*(AVISO AL DEMANDADO):* TAYLOR FARMS and DOES 1-50, inclusive.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FEB 17 2012
JUNQUEIRO, CLERK
JENNIFER TAYLOR
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** MARIA del CARMEN PENA,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CONSUELO HERNANDEZ, on behalf of themselves and on behalf of all other similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN JOAQUIN COUNTY SUPERIOR COURT
222 East Weber Avenue
Stockton, California 95202
Civil Division, Unlimited Jurisdiction

39-2012-00276847-CU-OE-STK

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STUART R. CHANDLER, SBN 088969    (559) 431-7770  FAX (559) 431-7778
Attorney at Law
761 East Locust Avenue, Suite 101
Fresno, California 93720

DATE: FEB 17 2012            ROSA JUNQUEIRO  Clerk, by JENNIFER TAYLOR, Deputy
*(Fecha)*                    *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A Page 20

**SUM-100**

# SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** TAYLOR FARMS PACIFIC, INC., d/b/a
*(AVISO AL DEMANDADO):* TAYLOR FARMS and DOES 1-50, inclusive.

FEB 1 7 2012
QUEIRO, CLERK
JENNIFER TAYLOR
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** MARIA del CARMEN PENA,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CONSUELO HERNANDEZ, on behalf of themselves and on behalf of all other similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

39-2012-00276847-CU-OE-STK

SAN JOAQUIN COUNTY SUPERIOR COURT
222 East Weber Avenue
Stockton, California 95202
Civil Division, Unlimited Jurisdiction

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

STUART R. CHANDLER, SBN 088969          (559) 431-7770    FAX (559) 431-7778
Attorney at Law
761 East Locust Avenue, Suite 101
Fresno, California 93720

DATE: FEB 1 7 2012          ROSA JUNQUEIRO Clerk, by  JENNIFER TAYLOR  , Deputy
*(Fecha)*                    *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A Page 21