UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al., | No. 2:13-cv-1282 KJM AC |
| Plaintiffs, | |
| v. | ORDER |
| TAYLOR FARMS PACIFIC, INC., et al., | |
| Defendants. | |

Pending before the court is defendant Taylor Farms Pacific, Inc.'s ("Taylor Farms") ex parte application for an order authorizing discovery. Plaintiffs oppose the application. The court has determined that this matter shall be submitted on the papers. On review of the ex parte application, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.  Initiation of Case in State Court and Removal to Federal Court

Plaintiffs initiated this wage-and-hour class action against defendant Taylor Farms on February 17, 2012 in the San Joaquin County Superior Court. See Notice of Removal ("NOR") Ex. A, ECF Nos. 2-2, 2-3. Taylor Farms removed this case to this court on June 26, 2013, the same day that plaintiffs' sixth amended complaint was deemed filed by the state court. See NOR 1 ¶ 2, Ex. B. The operative sixth amended complaint names four additional defendants (Abel

1

Mendoza, Inc., Manpower, Inc., Quality Farm Labor, Inc., and Slingshot Connections, LLC), see id. Ex. B, ECF No. 2-4, and jurisdiction here is premised on 28 U.S.C. § 1332 (Taylor Farms contends that the addition of Manpower, Inc. to this case satisfies the diversity requirement of § 1332(d)(2)(A)).[1] On July 19, 2013, Taylor Farms filed a motion to dismiss, which is set for hearing on August 16, 2013 before the Honorable Kimberly J. Mueller.  ECF No. 13.

B.    Superior Court Case Management Order

On October 10, 2012, a case management order was entered setting forth a January 11, 2013 deadline for filing a motion for class certification and a March 22, 2013 hearing on plaintiffs' motion.  See ECF No. 2-11 at 31-32.  On December 11, 2012, plaintiffs asked for an extension of time to file a motion for class certification on the grounds, despite their diligence in undertaking discovery by way of interrogatories, requests for production of documents, requests for admissions, and depositions, they needed additional time to conduct discovery and gather supporting evidence.  ECF No. 2-12 at 24-30.  The parties then stipulated to an extension of the class certification deadlines.  ECF No. 2-14 at 181-84.

In March 2013, plaintiffs filed a second ex parte application to continue the class certification deadlines for the purpose of conducting additional discovery to support their motion for class certification.  ECF No. 2-21 at 16-26.  The ex parte application was granted by the state court presiding judge, setting August 13, 2013 as the deadline for filing a motion for class certification and October 16, 2013 as the hearing date on plaintiffs' motion.  ECF No. 2-21 at 29-30.  This was the case management order in effect at the time this was case removed to this court.

C.    Removal to Federal Court

Following removal to this court, Judge Mueller issued an order setting a pretrial scheduling conference for October 31, 2013.  ECF No. 4.  Judge Mueller's order directs the

---

[1] While in state court, the parties participated in extensive motion practice directed to Taylor Farm's demurrers and/or motions to strike plaintiffs' pleadings. See, e.g., Motion practice directed to second amended complaint (ECF No. 2-10 at 93-109; ECF No. 2-11 at 2-10; ECF No. 2-11 at 28-30; ECF 2-11 at 42-43); Motion practice directed to third amended complaint (ECF No. 2-11 at 74-83; ECF No. 2-15 at 1-2; ECF No. 2-15 at 16-20; ECF No. 2-16 at 104-05); Motion practice directed to fifth amended complaint (ECF No. 2-21 at 69-116; ECF No. 2-22 at 3-38; ECF No. 2-10 at 4).

2

parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 240(b) at least 21 days before the conference and to submit a joint status report that includes the Rule 26(f) discovery plan at least 7 days before the conference. Id. at 2.

As to cases removed from state court, Judge Mueller's order states only as follows:

> In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service.

ECF No. 4 ¶ 4.

Attached to the order setting status conference is Judge Mueller's Standing Order, which provides the following directive in removed cases:

> All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this court as a supplement to the Notice of Removal, if not already included. See 28 U.S.C. § 1447(a), (b). If the defendant has not yet responded, the answer or responsive pleading filed in this court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District. If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 230.

ECF No. 4-1 ¶ 9.

D.    The Instant Dispute

On July 16, 2013, nearly three weeks after this case was removed, Taylor Farms filed an ex parte application for an order authorizing discovery. ECF No. 10. Taylor Farms contends that, since removal, plaintiffs have refused to conduct discovery until participation in a Rule 26(f) conference, which they refuse to participate in because they assert that it is premature at this time. Taylor Farms argues that, since the parties have conducted extensive discovery in state court and since a case management schedule is already in place, a Rule 26(f) conference is unnecessary because its goals and aims have been satisfied long ago. Alternatively, since the state court's case management order remains in effect, defendant claims that it must conduct limited discovery to

comply with those deadlines.²

Plaintiffs oppose the application based on the following: (1) the express language of Rule 26(d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred s required by Rule 26(f)"; (2) there is no urgency for ex parte relief; (3) plaintiffs are contemplating filing a motion to remand, which, if granted, would return discovery disputes to state court; (4) four new defendants have been added; and (5) Taylor Farms' removal delayed and interfered with discovery propounded by plaintiffs prior to removal.

DISCUSSION

"[A]fter removal, the federal court takes the case up where the State court left it off." Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423, 436 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880)); see also 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . . All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court."). "The federal court . . . treats everything that occurred in the state court as if it had taken place in federal court." Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 887 (9th Cir. 2010) (citing Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963)). Accordingly, where the state court has entered an order, the order should be treated as though it had been validly rendered in the federal proceeding." Id. (quoting Butner, 324 F.2d at 785). The court does, however, have the authority to dissolve or modify a state court order that was entered prior to removal. See 28 U.S.C. § 1450.

Here, the presiding judge in the state action granted plaintiffs' ex parte application to continue the class action certification deadlines, with August 13, 2013 as the deadline for filing a motion for class certification and October 16, 2013 as the hearing date on plaintiffs' motion. Because this case management order was in effect at the time this was case removed and further because Judge Mueller has not "dissolved or modified" through the order setting a scheduling

---

² In order to adequately oppose plaintiffs' motion for class certification, Taylor Farms contends that it needs limited remaining written discovery and to take the depositions of four individuals.

conference or her Standing Order, those deadlines "shall remain in full force and effect." 28 U.S.C. § 1450.

Plaintiffs disagree with this analysis, relying on McIntyre v. K-Mart Corp., 794 F.2d 1023, 1025 (5th Cir. 1986), to argue that the act of removal vacates all state-ordered deadlines and resets all matters. But McIntyre merely stands for the unremarkable rule that the federal procedural rules trump state procedural rules once a state court action is removed. In that case, the Fifth Circuit upheld the district court's order limiting the number of interrogatories to which the receiving party was required to respond to twenty-five pursuant to Federal Rule of Civil Procedure 33(a), even though the propounding party served more than twenty-five interrogatories prior to removal and as authorized by state procedural rules. As a preliminary matter then, the undersigned finds that McIntyre does not vacate all dates in this case, and the case management order entered in the state action remains in full force and effect here until modified or vacated by Judge Mueller.

The court turns now to the question of whether the Federal Rules of Civil Procedure mandate a discovery stay in a removed action pending participation in a Rule 26(f) conference. Generally, Rule 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). In considering the relationship between Rule 26(d)(1) and § 1450, courts have concluded that, in the context of discovery orders issued by a state court prior to removal, "[n]either § 1450 nor the Federal Rules of Civil Procedure carves out discovery orders from the scope of § 1450, or treats state court discovery orders differently from other state court orders." Samuel v. Aber Co., Inc., 2009 WL 2242418, at * 2 (M.D. La. July 24, 2009); Int'l Transport Workers Federation v. Mi-Das Line SA, 2013 WL 1403329, at *4 (E.D. La. Apr. 4, 2013) ("Where a state court has previously ruled on the validity of a discovery order prior to removal, that order remains 'in full force and effect' pursuant to 28 U.S.C. § 1450, and can be enforced after removal at the Court's discretion, even if no Rule 26(f) discovery conference has occurred in federal court.") (citing Samuel, 2009 WL 2242418, at *2)). See also Kogok v. T-Mobile USA, Inc., 2013 WL 1942211, at *1 (S.D. Cal.

5

May 9, 2013) (on a long-pending action that had only recently been removed, the court declined to stay the state court's discovery order).  Thus, parties in a removed action are not relieved from their obligation to comply with discovery orders issued in state court even though they have not yet participated in a Rule 26(f) conference.

The status of discovery *requests* served prior to removal, however, remains in dispute. Some courts do not consider these to constitute "proceedings" within the meaning of 28 U.S.C. § 1450 and, therefore, find that they become null and void on removal.  See Sterling Savings Bank v. Federal Ins. Co., 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012) (finding that discovery requests filed in state court prior to removal are not binding in federal court because at the time of removal the Federal Rules of Civil Procedure control and pursuant to those rules, discovery does not begin until the parties participate in a Rule 26(f) conference) (citing McIntyre, 794 F.2d at 1025, and Riley v. Walgreen Co., 233 F.R.D. 496 (S.D. Tex. 2005) ("[b]y its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)")).  But see Schwarzer, Wallace, Tashima, Wagstaffe, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Chap. 2D-9 ("Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 USC § 1450 unless modified or terminated by the federal court.  Discovery requests appear to be 'proceedings had in such action prior to removal' within the meaning of § 1450."); Mann v. Metro. Life Ins. Co., 1999 WL 33453411, at *2 (W.D. Va. July 9, 1999) (holding that "the removal of the instant case from state to federal court did not affect the validity and force of plaintiff's requests for admissions" but nevertheless denying the plaintiff's motion to have requests for admission deemed admitted).

With this legal framework in mind, the court considers Taylor Farm's ex parte application for an order authorizing discovery.  Specifically, Taylor Farms urges the court either to find that there is no need for a Rule 26(f) conference because its goals have already been met by the parties' discovery efforts in state court or to issue an order shortening the deadline for the parties to meet and confer pursuant to Rule 26(f).

////

6

1. <u>Scope and Purpose of the Federal Rules of Civil Procedure</u>

Taylor Farm first argues that a Rule 26(f) conference is unnecessary because its goals have been satisfied by the parties' discovery efforts in state court. The goal of Rule 26(f) is for the parties to meet and confer as soon as practicable "to consider the nature and basis of their claims and defenses . . . ; discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1)-(2). The discovery plan, in turn, is to state the parties' views and proposal on matters such as "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues," Fed. R. Civ. P. 26(f)(3)(B); "any issues about claims of privilege or of protection as trial-preparation materials," <u>id.</u> 26(f)(3)(D); and "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed," <u>id.</u> 26(f)(3)(E).

In support of its position Taylor Farms relies heavily on the parties' state court discovery efforts, plaintiffs' efforts in particular. The record establishes that plaintiffs (1) sent to defendant a "Demand for Preservation of Electronically Stored Information" on or around the time the case was initially filed, ECF No. 2-10 at 25-30; (2) stipulated to limitations regarding their and defendant's respective expert witnesses, ECF No. 2-10 at 110-11; (3) entered into a stipulated protective order, ECF No. 2-10 at 113-22; (4) served interrogatories, requests for production of documents, and requests for admissions, <u>see</u> ECF No. 2-14 at 181-84; (5) conducted depositions of Taylor Farm's person most knowledgeable, <u>see</u> ECF No. 2-12 at 35-26; (6) conducted depositions of Taylor Farm's representatives, <u>see</u> ECF No. 2-14 at 181-84; (7) engaged in extensive meet and confer efforts regarding defendant's discovery responses and responsive documents, <u>see</u> ECF No. 2-14 at 181-84; and (8) filed motions to compel further responses to interrogatories and requests for production of documents, <u>see</u> ECF No. 2-12 at 48-67, ECF No. 2-13 at 1-200; ECF No. 2-14 at 1-179; ECF No. 2-15 at 22-150; ECF No. 2-16 at 1-103; ECF No. 2-16 at 150; ECF No. 2-17 at 15-16; ECF No. 2-17 at 59-60; ECF No. 2-22 at 49-53.

In considering Taylor Farm's first argument, the court is guided by the overriding scope and purpose of the entire Federal Rules of Civil Procedure, which is that they "should be

construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Rule 1 and the parties' discovery efforts lend considerable support to Taylor Farm's position that the goal of Rule 26(f) has been satisfied.  The parties had established a discovery plan as related to plaintiffs' motion for class certification, a case management order was issued by the state court, and the parties were proceeding with discovery accordingly.  Nevertheless, Judge Mueller did schedule a pretrial scheduling conference in this case, suggesting the need to revisit scheduling in light of removal.  The undersigned therefore declines to find that a Rule 26(f) conference is unnecessary entirely.

        2.       <u>The Class Certification Deadline</u>

The court nonetheless agrees with Taylor Farms that discovery is necessary now in order to comply with the current class certification deadlines.  As discussed <u>supra</u>, the state court's case management order setting August 13, 2013 as deadline for filing a motion for class certification and October 16, 2013 as the hearing date on plaintiffs' motion "shall remain in full force and effect" until "dissolved or modified" by Judge Mueller.  28 U.S.C. § 1450.  Since Judge Mueller has not dissolved or modified the case management order, the parties are facing fast-approaching deadlines.  Contrary to plaintiffs' position, there is indeed some urgency to the need to conduct discovery now.  The court therefore finds good cause to grant Taylor Farms' ex parte application to shorten the deadline for meeting and conferring pursuant to Rule 26(f).[3]  <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273 (N.D. Cal. 2002) (applying good cause standing to request for expedited discovery).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Taylor Farms' ex parte application is granted.  The parties shall meet and confer pursuant to Rule 26(f) within twenty-one (21) days

////

////

---

[3] The court also rejects plaintiffs' arguments in opposition to the ex parte application to the extent they are based on the mere *possibility* that plaintiffs will file a motion to remand and on Taylor Farm's exercise of its right to remove this action.

from the date of this order.[4]

DATED: July 26, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;pena1282.disc

---

[4] Should Judge Mueller modify or vacate the deadlines set in the state court's case management order, on motion of a party or otherwise, then of course the court's finding of urgency would be mooted – as would compliance with this order.

9