1  R. Rex Parris, Esq. (SBN 96567)
   rrparris@rrexparris.com
2  Alexander R. Wheeler, Esq. (SBN 239541)
   awheeler@rrexparris.com
3  Kitty Szeto, Esq. (SBN 258136)
4   kszeto@rrexparris.com
   R. REX PARRIS LAW FIRM
5  43364 10th Street West
   Lancaster, California 93534
6  Telephone:  (661) 949-2595
7  Facsimile:   (661) 949-7524

8  Stuart R. Chandler (SBN 088969)
   Stuart R. Chandler, a Professional Corporation
9  761 E. Locust, Suite 101
   Fresno, California 93720
10 Phone: (559) 431-7770
   Fax: (559) 431-7778
11 stuart@chandlerlaw.com

12 Attorneys for Plaintiffs and the proposed Class

13                  UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16 MARIA DEL CARMEN PENA, CONSUELO )    Case No.: NO. 2:13-cv-01282-KJM-AC
17 HERNANDEZ, LETICIA SUAREZ,       )    *Assigned to Honorable Kimberly J. Mueller*
   ROSEMARY DAIL, WENDELL T. MORRIS,)
18 on behalf of themselves and on behalf of all )   [San Joaquin Superior Court, Case No. 39-2012-
   other similarly situated individuals,        )   00276847-CU-OE-STK]
19                                               )
                                                 )   **PLAINTIFFS' EX PARTE MOTION FOR**
20              Plaintiffs,                       )   **AN ORDER DISSOLVING, OR IN THE**
   vs.                                           )   **ALTERNATIVE, MODIFYING THE**
21                                               )   **MARCH 13, 2013 ORDER OF THE SAN**
                                                 )   **JOAQUIN COUNTY SUPERIOR COURT**
22 TAYLOR FARMS PACIFIC, INC., d/b/a            )   **REGARDING CLASS CERTIFICATION**
   TAYLOR FARMS, ABEL MENDOZA, INC., )   **HEARING AND RELATED PRE-HEARING**
23 MANPOWER, INC., QUALITY FARM                )   **DEADLINES**
   LABOR, INC., SLINGSHOT CONNECTIONS,)
24 LLC and DOES 1-50, inclusive,                )
                                                 )   Date: _____, 2013
25              Defendants.                       )   Time: _____.
                                                 )   Courtroom: 3
26                                               )
                                                 )
27 _____ )

28                              – 1 –

PLAINTIFFS' EX PARTE MOTION FOR AN ORDER DISSOLVING, OR IN THE ALTERNATIVE, MODIFYING THE
MARCH 13, 2013 ORDER OF THE SAN JOAQUIN COUNTY SUPERIOR COURT REGARDING
CLASS CERTIFICATION HEARING AND RELATED PRE-HEARING DEADLINES

*Pena vs. Taylor Farms Pacific, Inc.*

**TO THIS COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that in Courtroom 3 of the above-captioned court, located at 501 I Street, Sacramento, CA 95814, as soon as may be heard (including telephonically), Plaintiffs MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, WENDELL T. MORRIS (hereinafter "Plaintiffs") will, and hereby do, move the Court *ex parte* for an order dissolving or, in the alternative, modifying the March 13, 2013 Order of the San Joaquin County Superior Court which set a hearing a certain pre-hearing deadlines relative to plaintiffs' motion for class certification.  This application is made on the grounds that, after Defendant Taylor Farms Pacific, Inc. (hereinafter Taylor") removed this action to federal court, Plaintiffs outstanding discovery was halted, thereby creating substantial prejudice to plaintiffs' ability to prepare and file by the August 13 deadline a motion for class certification, much less hear the motion of October 16.  Plaintiffs' application is based on this notice, the attached memorandum of points and authorities, the concurrently filed declaration of Stuart R. Chandler, the papers and pleadings on file in this case, and any such additional papers and arguments as may be presented at or before the hearing of this matter.

Dated:  August 2, 2013

_____
STUART R. CHANDLER, Co-Counsel for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Taylor removed this case from state court on June 26, 2013.  Prior to removal, a hearing on class certification was scheduled in state court for October 16, 2013.  Accordingly, Plaintiffs motion for class certification was due on August 13, 2013.  Prior to removal, Plaintiffs were in the process of finalizing discovery. To that end, Plaintiffs had:  scheduled, or were attempting to schedule, the depositions, of numerous persons, including the person most

– 2 –

PLAINTIFFS' EX PARTE MOTION FOR AN ORDER DISSOLVING, OR IN THE ALTERNATIVE, MODIFYING THE MARCH 13, 2013 ORDER OF THE SAN JOAQUIN COUNTY SUPERIOR COURT REGARDING CLASS CERTIFICATION HEARING AND RELATED PRE-HEARING DEADLINES

*Pena vs. Taylor Farms Pacific, Inc.*

knowledgeable from Defendant Taylor's accounts payable department; scheduled a hearing and filed a motion to compel a third party to attend a deposition; and scheduled a hearing for a motion to compel further responses to production of documnets from Defendant Taylor.  Once Defendant Taylor removed the action, Plaintiffs discovery efforts were halted.  Both Taylor and its business associate ZAG refused to produce witnesses for duly noticed depositions.  Removal, however, did not stop the Defendant Taylor from attempting to propound discovery, despite the non-occurrence of a Rule 26(d)(1) conference.  Based upon said non-occurrence, Plaintiffs refused to respond to Defendant Taylor's discovery requests. Consequently, as the Court is aware, Defendant Taylor moved *ex parte* for an order either enforcing discovery or, in the alternative, scheduling a Rule 26 conference.  On July 29, 2013, this Court issued an order directing the parties to meet and confer pursuant to Rule 26 within 21 days.  The Court also found that the class certification deadlines ordered by the state court remained in full force and effect until dissolved or modified by Judge Mueller.  Consequently, Plaintiffs bring this *ex parte* motion to dissolve or modify the current class certification deadlines.

## II. ARGUMENT

Pursuant to 28 U.S.C 1450, federal district courts have authority to dissolve or modify state court orders that were entered prior to removal.  Thus, the order issued by the state court setting class certification deadlines may be dissolved or modified by this Court.  Local rule 205 provides in part, "[i]n any action sought to be maintained as a class action . . . [w]ithin such time as the Court may direct pursuant to order issued under Fed. R. Civ, P. 16(d), the plaintiff shall move for a determination under Fed. R. Civ. P. 23 whether the action is to be maintained as a class action. In ruling on the motion, the Court may . . . order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary."  Although this Court has yet to issue an order pursuant to Fed. R. Civ, P. 16(d), as the conference will not

-- 3 --

PLAINTIFFS' EX PARTE MOTION FOR AN ORDER DISSOLVING, OR IN THE ALTERNATIVE, MODIFYING THE MARCH 13, 2013 ORDER OF THE SAN JOAQUIN COUNTY SUPERIOR COURT REGARDING CLASS CERTIFICATION HEARING AND RELATED PRE-HEARING DEADLINES

*Pena vs. Taylor Farms Pacific, Inc.*

1    occur until October 31, 2013, grounds for dissolving or modifying the class certification deadlines

2    imposed by the state court exist.

3         When a case is removed from state court to federal court, any pre-removal discovery

4    requests are no longer effective. (*See, e.g. Visicorp v. Software Arts, Inc., 575 F.Supp. 1528 (N.D.*

5    *Cal. 1983), abrogated on other grounds by Stewart Org. v. Ricoh Corp., 487 U.S. 22 (1988)*.)

6    Thus, once Defendant Taylor removed this action from state court, all of Plaintiffs' outstanding

7    discovery became ineffectual.  The result of the removal was catastrophic to Plaintiffs' efforts to

8    meet the deadline to file for class certification.  Had the action remained in state court, the

9    majority of Plaintiff's pending discovery would have been completed before the end of July.  After

10   removal, all discovery would have to be re-noticed or reserved.

11        However, in light of Federal Rule of Civil Procedure Rule 26(d)(1), which provides "[a]

12   party may not seek discovery from any source before the parties have conferred as required by

13   Rule 26(f)," Plaintiffs were not free to immediately reserve discovery.  Even assuming that a Rule

14   26 conference occurred shortly after removal, Plaintiffs were put at least one month behind

15   because of the requirements to reserve and/or re-notice discovery rendered ineffectual.  As the

16   Court is aware, however, the Rule 26 conference has yet to occur, even though it will occur shortly

17   pursuant to the Court's order.  Assuming it took place August 8, one week after the Court's order,

18   it would be impossible for Plaintiffs to complete discovery before the state court implemented

19   deadline to file the motion for class certification of August 13, 2013, as discovery would likely not

20   be finalized until the end of September.  Based upon the foregoing alone, an order dissolving the

21   current class certification deadline is warranted.

22        Additionally, Plaintiffs added four new defendants in the last week of June, 2013

23   (Manpower, Inc., Slingshot Inc., Quality Farm Labor Inc., and Abel Mendoza Inc. – all previously

24   identified as Doe defendants).  These defendants have yet to answer the complaint, but at this

25   point are parties nonetheless.  Defendant Taylor's rush to class certification will complicate

26   matters with the additional defendants.  They have not had an opportunity to conduct discovery on

27

28

–4–

PLAINTIFFS' EX PARTE MOTION FOR AN ORDER DISSOLVING, OR IN THE ALTERNATIVE, MODIFYING THE
MARCH 13, 2013 ORDER OF THE SAN JOAQUIN COUNTY SUPERIOR COURT REGARDING
CLASS CERTIFICATION HEARING AND RELATED PRE-HEARING DEADLINES

*Pena vs. Taylor Farms Pacific, Inc.*

1   their own.   Under such circumstances, it is fundamentally unfair and unrealistic to expect these

2   additional parties to oppose a motion for class certification.

3       It seems that Taylor's election to remove this litigation from state to federal court is part of

4   an effort to block the plaintiffs from finalizing discovery before the deadline to file their motion

5   for class certification.   Defendant Taylor's position is inherently inequitable to plaintiffs and the

6   other defendants.   Therefore, the Court should dissolve the current class certification deadlines.   It

7   is respectfully submitted that the appropriate time to address the issue of class certification would

8   be at the October 31 Status Conference.

9

10      In the alternative, the state court order should be modified to continue the hearing and

11  deadlines at least 120 days.   By then all parties will have appeared, discovery will be renewed, and

12  this Court will have an opportunity to conduct the Status Conference of October 31, 2013.

13

14

15  Dated:  August 2, 2013

    STUART R. CHANDLER, Co-Counsel for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28                                          – 5 –

**PLAINTIFFS' EX PARTE MOTION FOR AN ORDER DISSOLVING, OR IN THE ALTERNATIVE, MODIFYING THE
MARCH 13, 2013 ORDER OF THE SAN JOAQUIN COUNTY SUPERIOR COURT REGARDING
CLASS CERTIFICATION HEARING AND RELATED PRE-HEARING DEADLINES**

*Pena vs. Taylor Farms Pacific, Inc.*