1  JESSE A. CRIPPS, SBN 222285
       jcripps@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA  90071-3197
   Telephone: (213) 229-7000
4  Facsimile:  (213) 229-7520

5  SARAH ZENEWICZ, SBN 258068
       szenewicz@gibsondunn.com
6  JOSEPH C. HANSEN, SBN 275147
       jhansen@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
8  San Francisco, CA  94105-2933
   Telephone: (415) 393-8200
9  Facsimile: (415) 374-8400

10  Attorneys for Defendant
    TAYLOR FARMS PACIFIC, INC.

11

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, and WENDELL T. MORRIS on behalf of themselves and on behalf of all other similarly situated individuals, | NO. 2:13-cv-01282-KJM-AC **DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER** |
| 18                    Plaintiffs, | [San Joaquin Superior Court, Case No. 39-2012-00276847-CU-OE-STK] |
| 19         v. | |
| 20  TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, ABEL MENDOZA, INC., MANPOWER, INC., QUALITY FARM LABOR, INC., SLINGSHOT CONNECTIONS, LLC and DOES 5-50, inclusive, | Date: Time: Place:    Courtroom 3 Judge:   Judge Kimberly J. Mueller |
| 23                    Defendants. | |

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**PRELIMINARY STATEMENT**

Plaintiffs initiated this action on February 17, 2012, in San Joaquin Superior Court.  Eight months later, on October 10, 2012, the state court ordered Plaintiffs to file a motion for class certification by January 11, 2013.  A month before that deadline, Plaintiffs filed a motion to extend the deadline.  Plaintiffs claimed that they needed more time for discovery.  Defendant Taylor Farms Pacific, Inc. ("Taylor Farms Pacific") stipulated to an extension, and the state court entered an order setting an April 8, 2013 deadline.  Less than a month before that deadline, Plaintiffs moved ex parte for an extension of the class certification deadline.  Again, Plaintiffs claimed that they needed more time for discovery.  At the hearing on that request, Plaintiffs stood before Judge Coughlan and expressly promised that they would not seek any further extensions.  They also told Judge Coughlan that they would be able to complete discovery in 90 days.  The state court ordered Plaintiffs to add any new parties by June 2013 and to file their motion for class certification by August 13, 2013. Plaintiffs are now seeking a third extension on the class certification filing deadline.  They filed the current motion less than two weeks before their deadline.  Again, Plaintiffs claim that they need more discovery.  At this point, after seventeen months of litigation, Plaintiffs have had ample time to conduct discovery and Taylor Farms Pacific is entitled to have the class certification motion heard. *Aaronson v. Vital Pharms, Inc.*, 2011 U.S. Dist. LEXIS 50925, at *2, *3-6 (S.D. Cal. May 12, 2011) (denying a motion to extend class certification deadlines for 60 days where counsel had 10 months to conduct class certification discovery).  Plaintiffs have not—because they cannot—demonstrate the requisite good cause to vacate or modify their class certification deadlines.  Accordingly, the Court should deny Plaintiffs' ex parte motion.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Plaintiffs' Initiate This Case on February 17, 2012 and Class Certification Deadlines Are Set and Extended.**

Plaintiffs initiated this putative wage-and-hour class action against Defendant Taylor Farms Pacific on February 17, 2012 in the San Joaquin County Superior Court. *See* Notice of Removal ("NOR") Ex. A, ECF Nos. 2-2, 2-3.

Gibson, Dunn & Crutcher LLP

1

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

Since filing, they have sought and conducted party and non-party discovery, including the following:

- *156 Requests for Production of Documents.*  Taylor Farms Pacific has already objected and responded to 156 requests for production.  *See* Declaration of Sarah Zenewicz ("Zenewicz Decl.") ¶ 3.

    - Taylor Farms Pacific has produced 14,452 pages of documents.  *See id.*

- *50 Special Interrogatories.*  Notwithstanding that Plaintiffs have served 15 more special interrogatories than permitted by Cal. Code Civ. P. § 2030.030, Taylor Farms Pacific has objected and responded to all 50.  *See id.*

- *41 Requests for Admission.*  Notwithstanding that Plaintiffs have served 6 more special interrogatories than permitted by Cal. Code Civ. P. § 2033.030, Taylor Farms Pacific has objected and responded to all 41.  *See id.*

- *14 Depositions.*  Plaintiffs have deposed nine employees of Taylor Farms Pacific.  Plaintiffs have deposed four employees of the newly named Defendants as third party witnesses and an employee of Taylor Farms Pacific's IT service provider.  *See id.* ¶¶ 4-5.

    - The newly named Defendants have produced 713 pages of documents in response to 17 third-party subpoenas served over 8 months.  *See id.* ¶ 5.

- *2 Sets of Form Interrogatories.*  Taylor Farms Pacific has objected and responded to both sets of form interrogatories served by Plaintiffs.  *See id.* ¶ 3.

Plaintiffs' deadline to file a motion for class certification has been extended on several occasions.  On October 10, 2012, the court entered a case management order setting forth a January 11, 2013 deadline for filing a motion for class certification and a March 22, 2013 hearing on Plaintiffs' motion. *See* ECF No. 2-11, at 31-32.  On December 11, 2012, Plaintiffs moved for an extension of time to file a motion for class certification on the grounds that they needed additional time to conduct discovery and gather supporting evidence.  ECF No. 2-12, at 24-30.  Taylor Farms Pacific agreed to stipulate to an extension of the class certification deadlines on the condition that the class certification motion be filed by April 2013.  ECF No. 2-14, at 181-84.

On March 12, 2013, less than a month before their April 8, 2013 motion deadline, Plaintiffs filed an ex parte application to continue the class certification deadlines, claiming the need to conduct additional discovery.  ECF No. 5-21, at 16-26.  Plaintiffs appeared before Judge Coughlan and promised on the record at the March 13, 2013 ex parte hearing that they would not seek any further extensions of their class certification deadlines.  *See* Declaration of Jesse A. Cripps ("Cripps Decl.") ¶ 4.  Plaintiffs also represented to the Court that they could complete any remaining class certification

Gibson, Dunn & Crutcher LLP

2

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

discovery in 90 days. *Id.* At that time, Plaintiffs raised the possibility of adding certain third parties as co-defendants, such as labor contractors Abel Mendoza, Inc. ("Abel Mendoza"), Manpower, Inc. ("Manpower"), Quality Farm Labor, Inc. ("Quality Farm Labor"), and Slingshot Connections, LLC ("Slingshot"). *Id.*; *see also* ECF No. 5-21, at 20-21.

Given the assurances provided by Plaintiffs at that time, the state court granted the ex parte application, ordering the following deadlines: (a) Plaintiffs to file their motion for class certification by August 13, 2013; (b) Taylor Farms Pacific to file an opposition by September 13, 2013; (c) Plaintiffs to file a reply by September 27, 2013; and (d) hearing set for October 16, 2013. ECF No. 5-21, at 29-30. The state court further ordered that any further amendments to the pleadings— including the addition of any additional defendants—were to be filed by June 2013. *Id.*

On June 26, 2013, Plaintiffs filed their Sixth Amended Complaint, which names four additional defendants: Abel Mendoza, Manpower, Quality Farm Labor, and Slingshot. ECF No. 2-4. As of the filing of this Opposition, counsel for Taylor Farms Pacific understands that the Co-Defendants have not yet been served and are not aware of any efforts by Plaintiffs to even attempt service. Zenewicz Decl. ¶ 12.

**B.    Taylor Farms Pacific Removes This Case to Federal Court and Plaintiffs Stall in Participating in any Discovery.**

Taylor Farms Pacific removed this case to this Court on June 26, 2013. *See* NOR 1 ¶ 2, Ex. B. The Court set the Initial Scheduling Conference for hearing on October 31, 2013. ECF No. 4.

After removal, Taylor Farms Pacific immediately attempted to engage Plaintiffs in a Rule 26(f) conference and in discovery to keep the case moving, but Plaintiffs refused. *See* ECF No. 10-1. The day after removing this case, on June 27, 2013, Taylor Farms Pacific's counsel called Plaintiffs' counsel and asked to initiate the Rule 26(f) meet and confer. *Id.* ¶ 5. Plaintiffs' counsel responded via email the next day, stating that he would confer with colleagues. ECF No. 10-5; Zenewicz Decl. ¶ 6. Plaintiffs failed to provide any dates. *See* ECF No. 10-1; Zenewicz Decl. ¶ 6. When counsel for Taylor Farms followed up in subsequent correspondence, Plaintiffs took the position that discovery was premature because "a Rule 26 conference has yet to occur." ECF No. 10-6. They indicated that they would "be in touch shortly with proposed dates for the conference," ECF No. 10-8, and that they

Gibson, Dunn & Crutcher LLP

3

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

would "get back to [Taylor Farms Pacific] on Monday [July 15] with regard to [their] availability." ECF No. 10-9, at 4.  On July 15, 2013, Taylor Farms Pacific inquired again as to Plaintiffs' availability to meet and confer pursuant to Rule 26(f) so that discovery could move forward, but Plaintiffs replied that "it is inappropriate to meet and confer, as we may yet decide to remove this matter from Federal Court." ECF No. 10-9, at 2.  Plaintiffs did not file a motion for remand. *See* Zenewicz Decl. ¶ 7.

On July 16, 2013, given Plaintiffs' refusal to participate in discovery, Taylor Farms Pacific filed an ex parte application for an order authorizing discovery on the grounds that, since removal, Plaintiffs had refused to conduct discovery or participate in a Rule 26(f) conference.  ECF No. 10. Taylor Farms Pacific noted to the Court that it had no choice but to file an ex parte application because Plaintiffs were delaying discovery notwithstanding their looming class certification deadline. In their opposition, Plaintiffs accused Taylor Farms Pacific of attempting "to rush forward with discovery."  ECF No. 11, at 3.

On July 29, 2013, Magistrate Judge Allison Claire issued an order ("July 29 Order") granting Taylor Farms Pacific's ex parte application and requiring the parties to meet and confer pursuant to Rule 26(f) within twenty-one days of the order.  ECF No. 16.  The July 29 Order affirmed that "the state court's case management order setting August 13, 2013 as deadline for filing a motion for class certification and October 16, 2013 as the hearing date on plaintiffs' motion 'shall remain in full force and effect' until 'dissolved or modified' by Judge Mueller.  28 U.S.C. § 1450." *Id*. at 8.

After this Court entered the July 29 Order, Plaintiffs agreed on July 29 to meet and confer over a week later. *See* Zenewicz Decl., Ex. A.  But after offering to schedule a meeting for August 6, Plaintiffs did not respond to Taylor Farms Pacific's inquiry regarding a meeting time until Saturday, August 3, when Plaintiffs' lead counsel stated that "we will have to postpone the Rule 26(f) meeting scheduled for this Tuesday." *Id*.  Plaintiffs have now asked that the Rule 26(f) conference be pushed back to the week of August 12, further delaying any discovery in the action. *Id*.

On July 30, 2013, Plaintiffs requested that Taylor Farms Pacific enter into a stipulation "vacating the class certification deadlines previously in place in the state court action."  Zenewicz Decl., Ex. B.  In response, Taylor Farms Pacific requested that, in order to fully consider the request,

Gibson, Dunn & Crutcher LLP

4

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

1    Plaintiffs provide a deadline by which they were seeking to file the class certification motion.  *Id*.

2    Plaintiffs refused to propose a class certification filing deadline; rather, Plaintiffs stated that they

3    would be seeking to vacate the current class certification filing deadlines in their entirety and to wait

4    three months until the October 31 scheduling conference to ask the Court to set any new deadlines.

5    *Id*.  Plaintiffs took the position that vacating the deadlines was necessary because the newly named

6    Defendants "have yet to appear in this case" and "they will want to have a voice in the matter of class

7    certification deadlines."  *Id*.

8         During meet and confer discussions, Plaintiffs' counsel confirmed: "I am not asking for an

9    extension." *Id*.  Nor were they open to any extension: "I am proposing that we stipulate that the

10   federal court order that the state court class certification deadline dates are deemed vacated.  Period.

11   If no stipulation, our ex parte application would be for an order that the state court class certification

12   deadlines are deemed vacated.  Period."  Zenewicz Decl., Ex. B.

13        On July 31, 2013, in response to the concerns raised by Plaintiffs during meet and confer

14   discussions, counsel for Taylor Farms Pacific informed Plaintiffs that they had conferred with

15   counsel for the newly named Defendants and that "none of the co-defendants are opposed to the

16   existing class certification deadlines.  As a result, we believe that your concerns are now moot and

17   that the existing deadlines to which plaintiffs previously committed will remain in place."  Zenewicz

18   Decl., Ex. C.  In response, Plaintiffs took a new position:  Plaintiffs argued instead that vacating the

19   deadlines was necessary for more class certification discovery.  *Id*.

20                                      **ARGUMENT**

21   **A.    Legal Standard**

22        Federal Rule of Civil Procedure 6(b) permits the Court, "for good cause," to extend the time

23   for an act to be completed.  Fed. R. Civ. P. 6(b)(1).  Fed. R. Civ. P. 16(b)(4), which pertains to

24   scheduling orders, provides that they may be modified "only for good cause."  Fed. R. Civ. P.

25   16(b)(4).  "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party seeking

26   the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also*

27   *Aaronson v. Vital Pharms, Inc.*, 2011 U.S. Dist. LEXIS 50925, at *3-6 (S.D. Cal. May 12, 2011)

28   (denying a motion to extend class certification deadlines for 60 days where counsel had shown a lack

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE
MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

of due diligence to complete class-certification discovery in a timely matter).  In order to satisfy the good cause standard, the party seeking the extension must show that, "even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order."  *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 670, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Zikovic*, 302 F.3d at 1087 (citing *Johnson*, 975 F.3d at 609).

**B.      Plaintiffs' Request Violates The Mandates of Rule 1 and 23(c)(1)(A) and Their Own Promise Before a Tribunal.**

The Federal Rules mandate swift adjudication of class certification:  The Court must determine whether to certify an action "[a]t an early practicable time after a person sues or is sued as a class representative."  Fed. R. Civ. P. 23(c)(1)(A).  The Federal Rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1; *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Orderly and expeditious resolution of disputes is of great importance to the rule of law."); *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("We live in a world of deadlines.  If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us.  The practice of law is no exception.").

Plaintiffs' repeated requests for deadline extensions are directly contrary to the mandates of Rules 1 and 23(c)(1)(A), as well as their own express promise to Judge Coughlan the last time they sought an extension that they would seek no further extensions if he granted their last-minute ex parte motion.   Indeed, Plaintiffs' request to *vacate* and not to merely modify their deadlines constitutes an indefinite extension that guarantees neither speedy nor inexpensive determination of class certification.  *See* Fed. R. Civ. P. 1.  Plaintiffs' delays have prevented class certification from being determined at an early practicable time and have required Taylor Farms Pacific to engage in a costly and protracted discovery process.  In comparison, the state court's scheduling order is consistent with the mandates of Rules 1 and 23(c)(1)(A).

Gibson, Dunn & Crutcher LLP

The state's court order should remain in place because "after removal, the federal court 'takes the case up where the state court left it off.'"  *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880))); *see also* 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . . All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court.").  "The federal court . . . treats everything that occurred in the state court as if it had taken place in federal court." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)).  The relief requested by Plaintiffs ignores these important principles.

In order to hear class certification at an early practicable time, to pick up where this case left off, and to hold Plaintiffs to the commitment they made before Judge Coughlan in the San Joaquin Superior Court as a condition of receiving a second extension on their class certification deadline, this Court should reaffirm Plaintiffs' current deadlines.

### C.   Because Plaintiffs Have Had Ample Time to Conduct Discovery, They Cannot Demonstrate the Necessary Good Cause to Obtain an Extension.

Here, after seventeen months of litigation, Plaintiffs lack good cause for their request to vacate all class certification deadlines or for their alternative request to extend time.  Each time that Plaintiffs have asked to delay their class certification deadlines, Plaintiffs have claimed that they needed more time to conduct more discovery.  *See* ECF Nos. 2-11, at 31-32; 2-23, at 24-30; 2-13, at 181-84; 2-21, at 16-26.  In light of the extensions and additional time already given to Plaintiffs, Plaintiffs simply cannot demonstrate that even with the exercise of due diligence, they would have been unable to meet the timetable set forth by the state court.  *Matrix Motor Co.*, 218 F.R.D. at 671; *see, e.g.*, *Parker v. FedEx Nat'l LTL, Inc.*, 2011 U.S. Dist. LEXIS 156562, at *19 (C.D. Cal. Apr. 11, 2011) (denying a ten month extension to the class certification deadline in a putative wage and hour class action where Plaintiff already had ten months to conduct discovery).

Plaintiffs also cannot demonstrate good cause in light of the discovery already taken.  Plaintiffs have recognized the voluminous amount of discovery that they have conducted,

Gibson, Dunn & Crutcher LLP

7

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

characterizing their efforts in March 2013 as "extensive discovery," including "lengthy interrogatories and requests to produce documents."  ECF No. 7-1, at 19.  Tellingly, Plaintiffs do not explain what additional discovery is needed, why they need it for class certification and why Plaintiffs did not obtain this discovery in the past seventeen months but rather waited until—as the Plaintiffs described it—"the very eve of the filing deadline" to seek purportedly "critical" discovery.  Zenewicz Decl., Ex. C.

Furthermore, Plaintiffs' request for additional time to conduct additional discovery should be viewed in light of the statutory limitations on discovery under the Federal Rules of Civil Procedure.  Plaintiffs have already taken fourteen depositions, four in excess of the ten depositions permitted under Federal Rule of Civil Procedure 30.  Fed. R. Civ. P. 30.  Plaintiffs would need to seek leave of court to take additional depositions and will need to make a "particularized showing" of their need for additional depositions.  *See, e.g., AuthenTec, Inc. v. Atrua Techs., Inc.*, 2008 U.S. Dist. LEXIS 101573, at *2-4 (N.D. Cal. Dec. 4, 2008).  Given that Plaintiffs' argument to vacate class certification deadlines is premised on the purported need for additional depositions, Plaintiffs should be held to the same standard as if they were seeking leave to take additional depositions.  Plaintiffs make no such showing.  Plaintiffs contend that the "person most knowledgeable in accounts payable [was] expected to provide testimony critical to issues of employee compensation and arrangements with labor contractors," ECF No. 19 ¶ 7, but Plaintiffs provide no explanation as to why they expect that testimony, or why they did not already obtain this information from depositions of Taylor Farms Pacific's payroll administrator, administrative manager, human resources manager, from the four depositions of the new Defendants, or from the over 15,000 pages of documents produced.  *See* Zenewicz Decl. ¶¶ 3-5.  Plaintiffs also do not explain why the deposition of "an employee of ZAG, a company that Taylor contracts with to provide technical support services relative to Taylor's employee timekeeping system (Kronos)" (ECF No. 19 ¶ 8) is necessary, particularly because Plaintiffs already deposed an employee of ZAG Technical Services on May 22, 2013 and Taylor Farms Pacific's payroll administrator and administrative manager testified extensively regarding Kronos.  Zenewicz Decl. ¶ 4.

Gibson, Dunn & Crutcher LLP

8
DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

Plaintiffs' protests that removal disrupted their discovery efforts are disingenuous.  Plaintiffs have not once made any effort to conduct discovery since removal.  Zenewicz Decl. ¶ 9.  The record is clear that no discovery has occurred since removal because Plaintiffs have chosen to stall it.  *See supra* Factual Background section B.

At this point, Plaintiffs have had seventeen months to conduct discovery from Taylor Farms Pacific and from the newly named Defendants.  Between the last extension and the removal of the case to this Court, Plaintiffs had *four and a half months* to finish the additional discovery that they requested in March, which they had indicated could be completed in 90 days.  Plaintiffs do not—because they cannot—provide the Court with any good reason as to why they did not complete discovery in this time, particularly given their choice to stall discovery rather than conduct discovery since removal.  The contention that Plaintiffs still need more discovery—so much discovery that it warrants an *indefinite* extension of their class certification deadlines—is simply not supported by the record.  Plaintiffs have not demonstrated good cause for indefinite relief from all class certification deadlines.  The Court should deny their motion.

**D.      Plaintiffs Have Had Ample Time to Name and Serve All Necessary Defendants.**

Plaintiffs' appeal to vacate all class certification deadlines based on their recent naming of new Defendants to this case is equally unavailing.  Even though Plaintiffs Pena and Hernandez filed this putative class action on February 17, 2012, and they alleged that they worked at Taylor Farms Pacific as employees of Abel Mendoza, Plaintiffs did not name Abel Mendoza as a defendant until June 26, 2013—over sixteen months later.  NOR, Ex. B ¶ 24 (Sixth Am. Comp.).  Plaintiff Hernandez also alleges that she was an employee of Manpower, yet Plaintiffs did not name Manpower as a defendant until the Sixth Amended Complaint.  Plaintiffs waited until less than two months prior to their class certification deadlines to name the new Defendants.  And six weeks after naming them, counsel for Taylor Farms is advised that Plaintiffs still have yet to make any efforts to serve any of the newly named Defendants with process.  Zenewicz Decl. ¶ 12.

As with discovery in this matter, Plaintiffs simply cannot demonstrate the diligence necessary to justify vacating class certification deadlines.  Plaintiffs' strategy is apparent.  Yet again, they have waited until "the very eve of the filing deadline" to add new Defendants so they could make this very

Gibson, Dunn &
Crutcher LLP

9

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE
MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC

1  argument for yet another extension.  *See* Zenewicz Decl., Ex. C.  Plaintiffs should not be rewarded

2  with indefinite delay for engaging in tactics that undermine the swift adjudication of class

3  certification.

4  **E.      In the Alternative, the Court Should Modify the Existing Scheduling Order.**

5          In the alternative, if the Court is inclined to grant Plaintiffs additional time to prepare their

6  class certification briefing, the Court should set the following schedule:

7                      Plaintiffs' deadline to file their motion: September 3, 2013;

8                      Taylor Farms Pacific's deadline to file its opposition: October 4, 2013;

9                      Plaintiffs' deadline to file their reply: October 11, 2013; and,

10                     Hearing: October 25, 2013.

11         This schedule would maintain the spirit of Plaintiffs' agreement for their class certification

12  motion to be heard by October 2013 while giving them sufficient time in which to finish their class

13  certification briefing, and allowing Taylor Farms Pacific the 31 previously-agreed days to prepare

14  and file its opposition brief.

15                                     **CONCLUSION**

16         For all of the foregoing reasons, Taylor Farms Pacific respectfully requests that the Court

17  deny Plaintiffs' ex parte application to vacate class certification deadlines.

18

19  DATED:  August 5, 2013                    GIBSON, DUNN & CRUTCHER LLP

20

21                                    By:     /s/ *Jesse A. Cripps*_____
                                              Jesse A. Cripps

22                                            Attorney for Defendant
                                              TAYLOR FARMS PACIFIC, INC.

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

10
Defendant Taylor Farms Pacific's Opposition to Plaintiffs' Ex Parte Motion to Dissolve or Modify the
March 13, 2013 Scheduling Order; Case No. 2:13-cv-01282-KJM-AC

## DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On the date indicated below, I served the:

**DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER**

in the manner described below:

**VIA CM/ECF SYSTEM:**

Stuart Chandler
Stuart Chandler, a Professional Corporation
761 E. Locust Ave., Suite 101
Fresno, CA  93720
Telephone: (559) 431-7770
Facsimile: (559) 431-7778
E-Mail:  stuart@chandlerlaw.com

*Attorney for Plaintiffs and the Proposed Class*

☑   **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format of the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on August 5, 2013 at San Francisco, California.

_____

Joseph Hansen

Gibson, Dunn & Crutcher LLP

DEFENDANT TAYLOR FARMS PACIFIC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER; CASE NO. 2:13-CV-01282-KJM-AC