R. Rex Parris, Esq. (SBN 96567)
rrparris@rrexparris.com
Alexander R. Wheeler, Esq. (SBN 239541)
awheeler@rrexparris.com
Kitty Szeto, Esq. (SBN 258136)
kszeto@rrexparris.com
R. REX PARRIS LAW FIRM
43364 10th Street West
Lancaster, California 93534
Telephone: (661) 949-2595
Facsimile: (661) 949-7524

Stuart R. Chandler (SBN 088969)
Stuart R. Chandler, a Professional Corporation
761 E. Locust, Suite 101
Fresno, California 93720
Phone: (559) 431-7770
Fax: (559) 431-7778
stuart@chandlerlaw.com

Attorneys for Plaintiffs and the proposed Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, WENDELL T. MORRIS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, ABEL MENDOZA, INC., MANPOWER, INC., QUALITY FARM LABOR, INC., SLINGSHOT CONNECTIONS, LLC and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: NO. 2:13-cv-01282-KJM-AC<br>*Assigned to Judge Kimberly J. Mueller*<br>[San Joaquin Superior Court, Case No. 39-2012-00276847-CU-OE-STK]<br><br>**PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER**<br><br>Date: _____, 2013<br>Time: _____.<br>Courtroom: ____<br>Judge: Judge Kimberly J. Mueller |

– 1 –

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

# I. INTRODUCTION

On August 2, 2013, Plaintiffs MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, and WENDELL T. MORRIS filed an *Ex Parte* Motion to Dissolve or Modify the March 13, 2013 Order of the San Joaquin County Superior Court regarding class certification deadlines. Defendant Taylor Farms Pacific, Inc. (hereinafter "Taylor") filed opposition to that motion on August 5, 2013. Plaintiffs hereby reply to Defendant Taylor's opposition.

# II. ARGUMENT

### A. The March 13 Order should be dissolved.

The papers filed by Taylor in opposition to this ex parte application provide a correct, but misleading summary of the events in this litigation. Taylor points this Court to the number of depositions conducted thus far, the written discovery exchanged and the orders from the San Joaquin County Superior Court regarding class certification deadlines. However, the opposition fails to address 1) Taylor's lead counsel taking the position that the class certification deadlines imposed by the state court no longer applied; 2) the facts underlying the long and difficult process of obtaining the discovery that has thus far been completed; and 3) the fact that plaintiffs legitimately relied on their right to complete other critical depositions and obtain documents before filing their motion for class certification. Briefly, this reply will discuss these issues below.

First, the opposition does not even address the June 27, 2013 email from Jesse Cripps (Taylor's lead attorney) to Philip Downey (plaintiffs' lead attorney):

> "Also, I thought you would appreciate that, by virtue of the removal, the class certification deadline set by the Superior Court **no longer requires you to file your class certification motion within the next few weeks.**" [emphasis added] [See Exhibit "A" at page 1 to the Declaration of Stuart R. Chandler filed with this Court on August 2, 2013 in support of this ex parte application].

– 2 –

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

This email was sent the day after removal. Plaintiffs concurred with that position and, until receiving Magistrate Claire's order from last week, proceeded on that premise as well. Taylor should be held to the position previously taken. This is not to say that a lawyer's position on the law trumps that of Magistrate Claire. The point is that Taylor took the position that the prior deadlines no longer applied. This Court can and should adopt that position by dissolving the state court order. Moreover, since plaintiffs concurred with Taylor and reasonably relied on that premise, now that the deadline is days away, the plaintiffs should not be damaged by their reasonable reliance.

Second, as this Court is likely aware, scheduling depositions in complex cases with lawyers from around the country is not usually as easy as picking a date within 30 days and taking a deposition. As set forth in summary fashion in paragraph 5 of the Declaration of Stuart R. Chandler in support of the ex parte application, there were significant problems taking depositions. To go date by date, email by email through those challenges, obstacles and delays over many months would likely inundate this Court with much more discussion and documentation that it would care to indulge in. The bottom line is that plaintiffs have been diligent and thorough in their discovery plan, yet their efforts were stymied through no fault of their own. Plaintiffs simply ask that this Court take control of the matter of setting class certification deadlines in light of the recent and unexpected developments.

Third, plaintiffs planned and relied on obtaining further discovery as of the time the case was removed. The deposition testimony from a key Taylor employee and a key ZAG employee were anticipated– both of which were on the books but cancelled by counsel for Taylor and ZAG when the case was removed. Also, two of the labor contractors (Quality and Manpower – both added as named defendants in late June, 2013) had their PMK depositions duly noticed and

— 3 —

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE
OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

subject to subpoena, yet failed to appear for deposition. Plaintiffs cannot be blamed for this, and indeed had a hearing set for an order compelling Manpower to appear for deposition. This effort could not be completed by virtue of the removal – yet Taylor fails to address this in its opposition.

Further reason for this Court to dissolve the state court order is found in Defendant Taylor's position regarding further discovery. On the one hand Taylor decries the fact that there have not been further depositions set now that the case has been removed, yet on the other hand Taylor argues at page 8, beginning at line 7 of its opposition, that there can be no more depositions without leave of court. Taylor points to discovery limitations in the federal court, and asserts that plaintiffs would need to first file a motion and make a "particularized showing" in order to obtain an order allowing plaintiffs to take the depositions that were already set (or to be set by way of court order) in the state court action. AFTER that hearing, and with that order in hand, the depositions would need to be scheduled. AFTER that, the transcripts would be obtained and utilized in support of plaintiffs' motion for class certification. In essence, Taylor is now asserting that it will, indeed, take several months for the plaintiffs to get back to the position they were in when Taylor removed this case from state to federal court. This is all the more reason that the most practical remedy from this Court, and the one most equitable to all parties (including the other 4 defendants that have not yet participated in discovery as parties to the action), is for this court to dissolve the state court order of March 13 and subsequently take up the matter of setting class certification deadlines when all parties are before this Court.

**B. In the alternative, the March 13 Order should be modified to extend time**

Defendant Taylor is correct in its assertion that Federal Rule 6(b) permits the Court, "for good cause," to extend the time for an act to be completed. (Fed. R. Civ. P. 6(b)(1).) Defendant Taylor is also correct in its assertion that Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. (*Johnson v. Mammoth Recreations, Inc.* 975 F.2d

– 4 –

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

604, 609 (9th Cir. 1992).) To that end, the district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking extension. (*Ibid.*) Despite Defendant Taylor's contention, however, good cause does exist to extend the class certification deadlines.

### C. Plaintiffs' Request is Permissible Because Good Cause Exists.

As set forth in Plaintiffs' memorandum in support of their *ex parte* application, sufficient good cause exists to extend the class certification deadlines. Once Defendant Taylor removed this action from state court, Plaintiffs' outstanding discovery became ineffectual. (*See, e.g. Visicorp v. Software Arts, Inc.*, 575 F.Supp. 1528 (N.D. Cal. 1983), abrogated on other grounds by *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988).) The result of the removal was catastrophic to Plaintiffs' efforts to meet the deadline to file for class certification. Had the action remained in state court, the majority of Plaintiff's pending discovery would have been completed before the end of July, making it possible for Plaintiffs to adequately complete discovery and timely file its motion for class certification. However, as Federal Rule of Civil Procedure Rule 26(d)(1), precludes discovery until after a Rule 26 conference, Plaintiffs were not free to immediately reserve and re-notice discovery. Prior to removal, Plaintiffs' were acting with diligence and in the process of finalizing discovery. Defendant Taylor's assertion that Plaintiffs' were not diligent is disingenuous in light of the fact that its removal was the direct cause of the Plaintiffs' inability to complete timely discovery, and lack of diligence alleged by Defendant Taylor. In fact, the cases cited by Defendant Taylor to support its contention of lack of diligence on Plaintiffs' part are distinguishable from the case at bar, where Plaintiffs were close to finalizing discovery efforts in state court that were extinguished upon removal to federal court. For example, the court in *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667 (C.D. Cal. 2003) found lack of diligence on the plaintiff's part where the plaintiff had failed to prosecute the action by failing to propound discovery, designate experts, and respond to discovery requests. (*Matrix, supra*, at pp. 671-672.) Similarly, in *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 2080 (9th Cir. 2002), the plaintiff had displayed lack of diligence by failing to meet due dates set by a scheduling order that it had failed to seek an order to modify until four months after the order was issued. (*Zivkovic*,

— 5 —

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

*supra*, at pp. 1087-1088.) Here, no such facts are present as Plaintiffs have been nothing but diligent in the prosecution of this complex class action.

### D. Until Removal, Plaintiffs Had Adequate Time to Complete Discovery.

Due to Defendant Taylor's removal, Plaintiffs were forced into the situation requiring them to seek the relief requested. Although Defendant Taylor claims that diversity gave it a basis to remove the case from state court to federal court, the removal substantially interfered with Plaintiffs' ability to complete discovery prior to the deadline to file a motion for class certification. As explained in Plaintiffs' *ex parte* application, Local rule 205 provides that in ruling on a motion for class certification, the court may "order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary." Here, Defendant Taylor's removal and effective delay of discovery is grounds for postponement due to the state of discovery, i.e., Plaintiffs' inability to complete discovery due to removal.

### E. Lack of Service on New Defendants Does Not Evidence Lack of Diligence.

The fact that Plaintiffs have not served the new defendants with the complaint is irrelevant and does not evidence lack of diligence. Federal Rule of Civil Procedure 4(m) provides that plaintiffs have 120 days within which to serve the new defendants with the complaint. (Fed. R. Civ. P. 4(m).) To date, this period has not expired. Plaintiffs cannot fairly be charged with lack of diligence where they have not failed to meet a deadline imposed by the Federal Rules. Such lack of diligence could only exist if they failed to serve the new defendants within the applicable time period. Here, Plaintiffs have approximately until the end of October to timely serve the additional defendants with the summons and complaint.

Moreover, plaintiffs had until July 26 to file a motion for remand. Indeed, that was being researched and seriously considered. If the case had been remanded, then proceeding with service on other parties with a federal summons and proceeding with discovery in the context of the federal action would be a mistaken effort. It is only reasonable that service of summons and proceeding with federal discovery would get underway after giving full consideration to the possibility of the case being remanded to the state court.

-6-

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*

### F. In the Alternative, the Court Should Modify the Existing Scheduling Order.

Should the Court be inclined to deny Plaintiff's *ex parte* application for an order dissolving the state court order of March 13, 2013, Plaintiffs submit that the order should be modified. Specifically, the modification should set a new deadline for filing the motion for class certification to a date no sooner than early December, 2013. This was proposed to defense counsel as part of a stipulation but was rejected. It is now apparent from Taylor's opposition to this ex parte application that Taylor objects to further discovery that was already on the books in the state court action. Thus, there needs to be time to allow the process of meet and confer, then noticed motion regarding discovery, then noticing and completing discovery, then incorporating that discovery into the motion for class certification. To suggest that this process will take at least 120 days is likely being optimistic.

### III. CONCLUSION

Plaintiffs were proceeding with due diligence in completing discovery relative to class certification. At a critical moment close to the previously imposed deadline, Taylor elected to remove the case to federal court. Taylor's election precluded plaintiffs from obtaining necessary discovery and thereby prejudiced plaintiffs' ability to file their motion for class certification within the time frame previously set. Plaintiffs respectfully request that the Court issue an order dissolving, or in the alternative modifying, the state court order of March 13, 2013.

Dated: August 7, 2013

STUART R. CHANDLER, Co-Counsel for Plaintiffs

– 7 –

PLAINTIFFS' REPLY TO DEFENDANT TAYLOR FARMS PACIFIC, INC.'S OPPOSITION TO EX PARTE MOTION TO DISSOLVE OR MODIFY THE MARCH 13, 2013 SCHEDULING ORDER

*Pena vs. Taylor Farms Pacific, Inc.*