IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

MARIA DEL CARMEN PENA, et al.,

                Plaintiffs,                No. 2:13-cv-01282-KJM-AC

    vs.

TAYLOR FARMS PACIFIC, INC., et al.,

                Defendants.              <u>ORDER</u>

_____/

        Plaintiffs' ex parte motion for an order dissolving, or in the alternative modifying, the March 13, 2013 order of the San Joaquin County Superior Court ("Order") regarding class certification deadlines is before the court. (ECF 18.) For the reasons below, the court DENIES plaintiffs' motion but extends the class certification deadlines contained in the Order.

I.    BACKGROUND

        This is a wage-and-hour class action originally filed in state court on February 17, 2012. (Notice of Removal, Ex. A, ECF 2-2, 2-3.) On June 26, 2013, the same day plaintiffs filed their sixth amended complaint adding for the first time a defendant diverse from at least one named plaintiff, defendant Taylor Farms Pacific, Inc. ("Taylor Farms") removed

1

1  this case to federal court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).
2  (ECF 2.) At the time of removal, the state court had ordered plaintiffs' motion for class
3  certification due on August 13, 2013, and the hearing on that motion set for October 16, 2013.
4  (ECF 18 at 2.)

After removal of this action, this District's Clerk of Court issued to the parties this court's standard new case documents, which include an order setting a status conference within 120 days to discuss a Federal Rule of Civil Procedure 26(f) discovery plan. (ECF 4.) Defendant Taylor Farms filed an ex parte application for an order authorizing discovery on July 16, 2013, asserting that plaintiffs had insisted that discovery was subject to a stay pending completion of a Rule 26(f) conference. (ECF 10 at 1.) On July 29, 2013, the assigned magistrate judge granted defendant Taylor Farms' ex parte application, finding that good cause existed to grant defendant's application to shorten the deadline for a meet and confer pursuant to Rule 26(f). (ECF 16 at 8.) The magistrate judge reached this conclusion guided in part by Federal Rule of Civil Procedure 1, which instructs that the Federal Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." (*Id.* at 7–8.) The magistrate judge also noted that the parties had already met and conferred regarding discovery on various occasions while this action was pending in state court and that they had already conducted extensive discovery in the approximate eighteen months this case has been litigated. (*Id.* at 8.) The parties were ordered to meet and confer within twenty-one days of the date of that order. (*Id.*)

II.     ANALYSIS AND LAW

In the instant motion, plaintiffs assert that their discovery efforts were halted after removal. (ECF 18 at 3.) Plaintiffs argue that because the parties assumed the state court's class certification deadlines were mooted, plaintiffs have not had the opportunity to conduct important discovery in preparation for the class certification motion, such as a deposition of the "person most knowledgeable from Defendant Taylor's accounts payable department . . . ." (ECF 18 at 2–3.) In addition, several of the newly-added defendants have yet to answer plaintiffs' complaint. (*Id.*) Defendant Taylor Farms argues that plaintiffs have already

received in state court two extensions of the class certification deadline, and that plaintiffs have had ample time to conduct discovery and thus cannot demonstrate good cause to amend the state court's scheduling order.  (ECF 21 at 1.)

Title 28 U.S.C. § 1450 states that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  Discovery orders are not exempt from this rule.  *See* July 29, 2013 Order, ECF 16 at 5–6 (citing *Kogok v. T-Mobile USA, Inc.*, No. 13cv838–BEN (BLM), 2013 WL 1942211, at *1 (S.D. Cal. May 9, 2013) (in an action pending ten months before removal, the court declined to stay the state court's discovery order)).  All parties in this case should have known that the state court's deadlines would remain in place and acted accordingly.

Whether outstanding discovery requests remain viable after removal is an open question.  Some district courts have held that discovery requests served in state court are moribund upon removal because the parties have not yet participated in a Rule 26(f) conference.  *See* July 29, 2013 Order, ECF 16 at 6 (citing *Sterling Savings Bank v. Federal Ins. Co.*, No. CV–12–0368–LRS, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012)).  Given the facts of this case — in particular, the large amount of discovery already accomplished and the nearly eighteen-months this case was pending until removal — this court declines to adopt such a categorical rule.  The plain language of Rule 26(f) does not require it, nor does any other precedent cited by the parties or located by the court.  *See* July 29, 2013 Order, ECF 16 at 6 (CITING SCHWARZER, WALLACE, TASHIMA & WAGSTAFFE, CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL, Chap. 2D-9) ("Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 U.S.C. § 1450 unless modified or terminated by the federal court.  Discovery requests appear to be 'proceedings had in such action prior to removal' within the meaning of § 1450.").

However, Rule 1 requires not only the speedy and inexpensive resolution of controversies, but also the just.  Defendants who remove cases to federal court should expect, if for no other reason than the uncertainty about the viability of outstanding discovery requests

3

1  after removal, that discovery may be delayed.  Depending upon the facts of a given case, these
2  delays may result in the modification of the state court's scheduling deadlines.  In this case, the
3  state court's class certification deadline was set before plaintiffs added additional defendants in
4  their sixth amended complaint.  Moreover, there is evidence before the court that defendant
5  Taylor Farms believed, or led plaintiffs to believe, that removal mooted the state court's class
6  certification deadlines.  (Decl. of Stuart R. Chandler, Ex. A, ECF 19-1 (containing an email
7  from defendant's counsel to plaintiffs' counsel stating "I thought you would appreciate that, by
8  virtue of the removal, the class certification deadline set by the Superior Court no longer
9  requires you to file your class certification motion within the next few weeks.").)  This belief,
10 actual or apparent, no doubt contributed to defendant's alleged nonresponsiveness to plaintiffs'
11 discovery requests outstanding at the time of removal.  (Chandler Decl. ¶ 7, ECF 19 ("On the
12 same day the case was removed, Taylor's counsel wrote to advise that in light of the removal
13 Taylor would not be producing any witnesses for depositions as scheduled.").)  Whatever
14 plaintiffs' position may have been, defendant may not remove, refuse to comply with discovery
15 requests by invoking the fact of removal, and later argue that the fact of removal did not and
16 should not change the parties' obligations.  Accordingly, the court finds good cause exists to
17 modify the state court's class certification schedule.  FED. R. CIV. P. 16(b)(4) (a "schedule may
18 be modified only for good cause and with the judge's consent").

III.  CONCLUSION

The court reaffirms the magistrate judge's July 29, 2013 order directing the parties to meet and confer under Rule 26(f) within twenty-one days of the date of that order. The court additionally orders:

1. The October 31, 2013 status conference is advanced to September 5, 2013, for which the parties should submit a joint status report no later than August 29, 2013; and
2. The deadline for plaintiffs to file their motion for class certification is provisionally extended to October 4, 2013.  Defendant's opposition is due November 4, 2013, and plaintiffs' reply is due November 11, 2013.  The

4

|   |   |
|---|---|
| 1 | hearing on the motion shall be held on November 22, 2013.  The parties may |
| 2 | address the viability of this schedule at the September 5, 2013 status |
| 3 | conference. |
| 4 | IT IS SO ORDERED. |
| 5 | DATED: August 15, 2013. |

_____
UNITED STATES DISTRICT JUDGE