UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, AND WENDELL T. MORRIS, on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR FARMS PACIFIC, INC. d/b/a TAYLOR FARMS; ABEL MENDOZA, INC.; MANPOWER, INC.; QUALITY FARM LABOR, INC.; SLINGSHOT CONNECTIONS, LLC AND DOES 5-50, inclusive,<br><br>Defendants. | No.: 2:13-cv-01282-KJM-AC<br><br>ORDER |

This matter is before the court on plaintiffs' request to seal documents that they wish the court to consider in support of their motion for class certification. (Pls.' Notice of Req. Seal, ECF 65.) Specifically, plaintiffs seek to seal two pages of emails that defendant Taylor Farms Pacific, Inc. ("Taylor Farms") disclosed during discovery and designated as "confidential" according to a stipulated protective order signed off on by the San Joaquin County Superior Court ("Superior Court"). (*Id.* at 1; ECF 2-10, Ex. F.) As explained below, the court DENIES plaintiffs' request to seal.

1

Local Rule 141(a) provides that "[d]ocuments may be sealed only upon written order of the Court." It is an established principle that there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id.* at 1180.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* That is, the party requesting to seal "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id.* at 1178-79 (internal citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id.* at 1180. This is because the public's interest in non-dispositive materials is weaker than its interest in dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result . . ." if the request to seal is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

/////

/////

1   Here, as noted, plaintiffs ask the court to seal two pages of emails that defendant
2   Taylor Farms disclosed during discovery and designated as "confidential" according to a
3   stipulated protective order issued by the Superior Court.  (ECF 2-10.)  Plaintiffs reason they have
4   satisfied the "good cause" requirement because they will be unduly prejudiced if they are not able
5   to introduce these emails in light of protections purportedly afforded to the defendant by the
6   Superior Court order.  (Pls.' Req. Seal at 2.)  They will be prejudiced, plaintiffs reason, because
7   they will not be able to introduce highly relevant information to support their motion for class
8   certification.  (*Id.*)  The emails are relevant, plaintiffs argue, because they establish defendants'
9   knowledge of alleged wage-and-hour violations.  (*Id*).

10   Here, the court finds plaintiffs cannot meet even the lower "good cause"
11   requirement applicable to non-dispositive motions, and so does not analyze whether the higher
12   compelling reasons standard applies.[1]  Plaintiffs, as required by the court's scheduling order (*id.*),
13   have provided defendants with notice of the fact that plaintiffs' motion for class certification
14   references the subject emails that Taylor Farms has designated as confidential.  (Szeto Decl.
15   ¶ 30.)  The request to seal relies solely on Taylor Farms' designation.  Taylor Farms has not filed
16   anything with respect to plaintiffs' request.  As explained in the court's scheduling order, this
17   court only considers requests to seal made by the party designating a document as confidential:

> [P]rotective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

23   (ECF 46 at 4.)  The court construes Taylor Farms' silence as a concession that it, and therefore
24   plaintiffs, cannot meet the "good cause" requirement.

---

[1] This court previously has applied the higher standard in a class certification context, but recognizes that the Ninth Circuit has not resolved the question specifically.  *See Davis v. Devanlay Retail Group, Inc.*, 2012 U.S. Dist. LEXIS 109798, *4 (E.D. Cal. 2012); *cf. In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-1967, 2012 U.S. Dist. LEXIS 131658, at *9 n.1 (N.D. Cal. Sep. 14, 2012).

1   Moreover, there is no indication the parties either showed the Superior Court specific discovery documents to satisfy Rule 26(c)'s good cause standard, or that prior to issuing the parties' protective order the state court "'identif[ied] and discuss[ed] the factors it considered in its good cause examination to allow appellate review of the exercise of its discretion,'" *Foltz*, 331 F.3d at 1130-31 (quoting *Phillips*, 307 F.3d at 1212). Rather, it appears the parties stipulated to the protective order, which the Superior Court judge simply adopted in full. *See Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[B]ecause the protective order was a stipulated blanket order, [the movant] never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection [for specific documents at issue]."). Under these circumstances, this court owes no deference to the state court's ministerial act of approving without comment the stipulated order. *Cf. Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 191 F.R.D. 495, 500-01 (D. Md. 2000). Accordingly, the protective order issued by the Superior Court does not govern the instant request to seal, or any other request to seal or redact documents to be filed on this court's docket.

The court DENIES plaintiffs' request to seal. Because defendant has waived any argument that the documents should not be filed, the Clerk of the Court is directed to file on the public docket Plaintiff's Request to Seal Documents, the Declaration of Kitty Szeto in Support Thereof, and the documents attached to the Szeto declaration.

IT IS SO ORDERED.

Dated: October 23, 2013.

_____
UNITED STATES DISTRICT JUDGE