R. REX PARRIS, SBN 96567
  rrparris@rrexparris.com
ALEXANDER R. WHEELER, SBN 239541
  awheeler@rrexparris.com
PATRICIA OLIVER, SBN 193423
  poliver@rrexparris.com
KITTY SZETO, (SBN 258136)
  kszeto@rrexparris.com
R. Rex Parris Law Firm
43364 10th Street West
Lancaster, CA 93534
Phone: (661) 949-2595
Fax: (661) 949-7524

PHILIP A. DOWNEY, *Pro Hac Vice*
Pennsylvania SBN 81603
  downeyjustice@gmail.com
ERIC D. ROUEN, SBN 242341
  erdowneyjustice@gmail.com
The Downey Law Firm
P.O. Box 1021
Unionville, PA 19375
Phone: (610) 324-2848
Fax: (610) 643-4532

*(Additional counsel listed on the following page)*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ, LETICIA SUAREZ, ROSEMARY DAIL, WENDELL T. MORRIS on behalf of themselves and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, ABEL MENDOZA, INC, MANPOWER, INC., QUALITY FARM LABOR, INC., SLINGSHOT CONNECTIONS, LLC and DOES 5-50, inclusive, <br><br> Defendants. | Case No. 2:13-CV-01282-KJM-AC <br> *Assigned to the Hon. Kimberly J. Mueller* <br><br> **CLASS ACTION** <br><br> **SEVENTH AMENDED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE AND WAGE ORDERS, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, *et seq.*** |

STUART CHANDLER 088969
Stuart R. Chandler, a Professional Corporation
761 E. Locust, Suite 101
Fresno, California 93720
Phone: (559) 431-7770
Fax: (559) 431-7778
stuart@chandlerlaw.com

Attorneys for Plaintiffs and the proposed class

Plaintiffs, Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and Wendell T. Morris (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, complain and allege as follows:

**INTRODUCTION**

1.      This is a class action against Taylor Farms Pacific, Inc., d/b/a Taylor Farms (hereinafter "Taylor"), Abel Mendoza Inc.. (hereinafter "AMI"), Manpower Inc. (hereinafter "MP"), Slingshot Connections, LLC hereinafter "SS"), and Quality Farm Labor Inc. (hereinafter "QFL") (collectively referred to as "Co Defendants") to challenge Defendant's illegal work, break, pay policies and practices.

2.      Plaintiffs and the members of the putative Classes are current and former non-exempt hourly workers, working at facilities owned and/or operated by Taylor and performed work exclusively on behalf of Taylor and Co Defendants pursuant to Taylor's regulations, work schedules, disciplinary rules, meal break and rest break schedules, could be prevented from working at Taylor's facilities by Taylor, worked at work stations assigned to them by Taylor, were subject to discharge by Taylor and/or as a result of Taylor's specific instructions to Co Defendants to "end assignments", worked under the direction and control of Taylor and its supervisory personnel, and, Plaintiffs and Class Members used tools and protective equipment supplied and/or sold to them by Taylor.  Thus Taylor, along with Co Defendants, were the employers and/or joint/dual employer of the Plaintiffs and members of the putative Class and sub classes (Collectively "Class") set forth below.

3.      Though controlled in all phases of their work activities and discipline by Taylor, Plaintiffs and Class Members were paid either directly by Taylor, or Co Defendants.

4.      Plaintiffs and members of the putative classes were illegally deprived of legally compliant meal and rest periods, were not paid for all hours worked, were not paid all hours due and owing in their final pay checks, regardless of whether they resigned or were terminated, and final wage statements, whether issued by Taylor or Co Defendants, uniformly, did not accurately reflect hours worked, nor monies owed to each Plaintiff and to Class members.

5.      Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  Plaintiffs seek to represent Classes (collectively "Class") composed of and defined as follows:

**A.**     **Class:** All former and current non-exempt hourly employees of Taylor, and joint/dual employees of Taylor and Co Defendants, who worked at facilities owned and/or operated by Taylor during the four-year period preceding the filing of this action through the date notice is mailed to the class.

**B.**     **DONNING AND DOFFING SUB CLASS**

"All individuals employed directly by Taylor, or who worked as joint/dual employees of Taylor and Co Defendants, who currently, or formerly worked, within the applicable statute of limitations, as nonexempt hourly workers at Taylor's Tracy, California production facilities who are/were required pursuant to Taylor's rules and regulations to wear personal protective equipment ("PPE") to protect against the cross contamination of food, food-contact surfaces, or food-packaging materials, and who are/were required to don and those items, of equipment, without compensation, before the start of their paid shifts, doff those items of equipment, without compensation after the end of their paid shifts, and/or don, doff those items of equipment during their meal breaks, without compensation, and were illegally required to do so during 10 minute rest periods, and thus were never, in fact, offered the opportunity to take duty free, legally compliant 30 minute meal breaks and 10 minute rest breaks."

**C.**     **MIXED HOURLY WORKER SUB CLASS**

"All individuals who currently, or formerly worked either as direct employees of Taylor, or joint/dual employees of Taylor and Co Defendants, within the applicable statute of limitations, as nonexempt hourly workers, in any capacity, at Taylor's Tracy, California facilities and who were not offered meal breaks within 5 hours of having started work and/or were not offered a second thirty minute meal break on work days of 10 hours or longer and/or were not offered at least two rest breaks during work days of 8 – 10 hours, and/or were required to be back at their work stations ready to work within 30 minutes during meal breaks and within 10 minutes during rest breaks."

**D.    WAITING TIME PENALTIES SUB CLASS**

"All former nonexempt hourly workers, who, irrespective of whether they resigned or were fired, and irrespective of whether paid by Taylor or by Co Defendants, did not either receive their final pay checks on a timely basis and/or did not receive all monies due and owing to them in their final pay checks, regardless of whether the checks were payable by Taylor or a third party.

**E.    WAGE STATEMENT SUB CLASS**

"All current and former non-exempt hourly workers, irrespective of job duty, whether paid by Taylor or by Co Defendants, whose wage statements did not accurately set forth all required information as required by California Labor Code section 226(a)."

6.    Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

## PARTIES

7.    Plaintiffs, Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and Wendell T. Morris are residents of San Joaquin County and were formerly directly employed by Taylor, and/or were employed as joint/dual employees of Taylor, and AMI, and/or MP, and/or QFL within the applicable statutory period.  Plaintiffs and members of the Class all worked as non-exempt hourly workers at facilities owned and/or controlled by Taylor.

8.    Defendant, Taylor is a California Corporation and, at all times relevant to this complaint, has been a processor and packager/packer of various food products at its Tracy, San Joaquin County California food production facilities.  At all times relevant hereto, Taylor was either a direct employer of Plaintiffs and Class members or was a dual/joint employer of Plaintiffs and Class members to this action, with co defendants, AMI, MP and QFL.

9.    Defendant, MP, is a Wisconsin corporation with a local office located at 3133 W. March Ln #2030 Stockton, San Joaquin County, CA 95219.  MP is engaged, *inter alia*, in providing workers to third parties for use in agriculture and/or manufacturing of finished food products in and about San Joaquin County.  At all times material hereto MP acted as a

1  joint/dual employer of workers paid by MP, but who worked under the control of Taylor.  MP

2  maintained an office at Taylor's facilities which was staffed by, amongst others, Dianna

3  Carmona.

4      10.      Defendant, AMI, is a California corporation and is engaged in providing

5  workers to third parties for use in agriculture and/or manufacturing of finished food products.

6  AMI has its principal place of business in Tracy, San Joaquin County, California.  At all times

7  material hereto AMI acted a joint/dual employer of workers paid by AMI, but who worked

8  under the control of Taylor.

9      11.      Defendant QFL, is a California corporation and is engaged in providing workers

10  to third parties for use in agriculture and/or manufacturing of finished food products.  AMI has

11  its principal place of business in Gonzalez, Monterey County, California.  At all times material

12  hereto QFL acted as a joint/dual employer of workers paid by QFL, but who worked under the

13  control of Taylor.

14      12.      Defendant, Slingshot Connections, is, on information and belief, a limited

15  liability company organized under the laws of the state of California in January, 2012, with its

16  principal place of business located at 4320 Stevens Creek Blvd, Suite 191, San Jose, Ca 95129.

17  Slingshot Connection is in the business of, *inter alia*, recruiting, interviewing and hiring

18  workers on behalf of Quality Farm Labor to work for Taylor at production facilities owned or

19  controlled by Taylor in Tracy, California.  Further, Slingshot Connections maintains an office

20  at Taylor's MacArthur and Valpico production facilities.   Slingshot connections also is

21  involved in the issuing of pay checks to employees of Quality Farm Labor and joint/dual

22  employees of Slingshot Connections, Quality Farm Labor and Taylor.

23      13.      The true names and capacities, whether individual, corporate, associate, or

24  otherwise of Does 5-50, inclusive, are unknown to Plaintiffs, who, therefore, sue the Doe

25  Defendants by fictitious names. Plaintiffs are informed, believe, and thereon allege that each of

26  these fictitiously-named Defendants is responsible in some manner for the occurrences and

27  Plaintiffs' and the Class' damages as herein alleged. Plaintiffs will amend this Complaint to

28  show their true names and capacities when they have been ascertained.

## FACTUAL/CLASS ACTION ALLEGATIONS

14.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

15.     Plaintiffs and the Class Members are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the California Labor Code § 500, et seq., and the rules and regulations of the IWC California Wage Orders.

16.     **Numerosity and Ascertainability (C.C.P. §382):** The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown to Plaintiffs at this time, however, it is estimated that the Class will number greater than 1000 individuals. The identity of such membership can readily be ascertained from the employment records of Taylor and Co Defendants.

17.     **Superiority (C.C.P. §382):** The nature of this action and the nature of laws available to Plaintiffs make use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class members were to litigate separately.

18.    **Well-defined Community of Interest:** Plaintiffs also meet the established standard for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

a. **Typicality:** The claims of Plaintiffs are typical of the claims of all members of all putative classes set forth in this complaint because all members of the Class sustained injuries and damages arising out of Defendants' policy, practice and common course of conduct in violation of law and the injuries and damages of all members of the Class were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

b. **Adequacy:** Plaintiffs, MARIA DEL CARMEN PENA, CONSUELO HERNANDEZ,LETICIA SUAREZ, ROSEMARY DAIL, WENDELL T. MORRIS:

i. are adequate representatives of the Classes they seek to represent;

ii. will fairly protect the interests of the members of the Classes;

iii. have no interests antagonistic to the members of the Classes; and

iv. will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. **Predominant Common Questions of Law or Fact:** There are common questions of law and/or fact as to the members of each of the proposed Classes which predominate over questions affecting only individual members of the Class, and the proposed classes are easily ascertainable from Taylor's own records, including, without limitation:

i. Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, violated Labor Code Sections 1194 and 510 by not paying all overtime wages to Donning and Doffing Class members for all hours worked in excess of eight in one day or in excess of forty hours a week;

ii. Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, failed to include waiting time or hours worked off the clock in calculating the strait time and overtime wages owed to Donning and Doffing and Mixed Hourly Workers Class members;

iii. Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, failed to offer 30 minute meal breaks free of work duties to Donning and Doffing and Mixed Hourly Workers Class members;

iv.  Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, failed to offer meal breaks to Donning and Doffing and Mixed Hourly Workers Class members within 5 hours of the start of any given shift;

v.  Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, failed to offer second 30 minute meal breaks to Donning and Doffing and Mixed Hourly Workers Class members on shifts of ten hours or longer;

vi.  Whether Taylor as an employer and/or joint/dual employer with all Co Defendants, failed to timely issue final pay checks to departing employees and/or failed pay all monies due and owing to Waiting Time Penalty Class members in their final pay checks;

vii.  Whether Taylor caused final pay checks to be issued late and/or not contain all monies due and owing to departing employees and/or joint/dual employees;

viii. Whether Taylor failed to provide legally compliant accurate wage statements to its employees and/or caused Co Defendants to issue wage statements that were legally non-compliant to joint/dual employees of Taylor;

ix. Whether the practices of Taylor and Co Defendants employers and/or joint/dual employers, as alleged in this complaint, constituted unfair competition or unlawful business practice under the California Business and Professions Code, sec. 17200, *et seq.*

x. Whether Taylor and Co Defendants as joint/dual employers of many of the Class members, is liable for the aforementioned labor law violations;

xi. Whether Class members are entitled to attorneys' fees;

xii. Whether Class members are entitled to prejudgment interest;

xiii. Whether Class members are entitled to restitution;

xiv. Whether each Class member might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha* (1972) 7 Cal.2d 232.

19.    Plaintiffs and all members of the putative Class are unskilled, non-exempt production and support workers, who were engaged in the usual business activities of Taylor and Co Defendants, had no control over operational details of Taylor's facilities, were

furnished tools and equipment by Taylor, were subject to Taylor's rules and regulations, were subject to discipline and/or discharge/termination of assignment by Taylor, or by Co Defendants at Taylor's insistence, worked for Taylor and Co Defendants, for indefinite, often lengthy, periods of time, and work/worked pursuant to Taylor's rules and regulations, including production schedules set by Taylor and meal/rest break schedules set by Taylor.

20.     The illegal policies and practices of Taylor and Co Defendants, include, without limitation, failure to record all time spent working by Plaintiffs and Class members, failure to offer meal breaks within 5 hours of commencement of work activities, failing to pay wage premiums to workers not provided meal breaks within 5 hours of the start of work activities, failure to offer meal breaks on work days of between 5 and 6 hours, failure to pay wage premiums owed to workers not offered meal breaks on work days of between 5 and 6 hours, failure to offer workers the opportunity to take 30 minute meal breaks free of work activities, failure to pay wage premiums to workers not offered the opportunity to take full thirty minute meal breaks free of work activities, denial of two full duty free rest breaks on work days of between 8 and 10 hours, failure to pay wage premiums to workers denied rest breaks, failure to offer workers the opportunity to take full ten minute rest breaks free of work activities, failure to pay wage premiums to workers not offered the opportunity to take ten minute rest breaks free of work activities, uniformly failing to offer second thirty minute meal breaks on work shifts of 10 hours or longer, uniformly failing to pay wage premiums to workers not offered second thirty minute rest breaks on shifts of ten hours or longer, failing to properly document and report noncompliant meal and rest breaks, failing to properly document and record wages and wage premiums owed to employees and dual/joint employees, failing to properly document hours worked by employees and dual/joint employees

21.     As a result of all of these acts and omissions, Taylor is liable to Plaintiffs and Class members for violations of the California Labor Code, California Industrial Welfare Commission ("IWC") wage orders, and the California Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et. Seq.*

/ / /

22.     For a period of time during the class period, prior to Taylor's switch to disposable plastic personal protective equipment, workers were also required to wash their aprons at home in Clorox and hot water, on a nightly basis, but were not compensated for this required, integral and indispensable, work activity.

23.     For a period of time during the class period, workers were also required, periodically, to attend mandatory meetings prior to the start of paid time and during their meal breaks.

24.     Plaintiff, Maria del Carmen Pena was hired by AMI and was sent to work under the supervision and control of Taylor as a dual/joint employee of Taylor.  At all times material hereto, her pay checks were issued by AMI and were distributed during break hours at Taylor's facilities.  She was terminated by AMI, upon information and belief, at the behest of Taylor, but did not receive her final pay check on the same day that she was terminated, but rather was forced to wait until pay check distribution day at Taylor's facilities.  Furthermore, all wages due and owing from all pay periods, but not paid as a result of Taylor's illegal pay policies and meal and rest break policies, along with unpaid overtime and strait time wages were not included in her final pay check.

25.     Plaintiff Consuelo Hernandez worked as a direct employee for Taylor and as joint/dual employee of Taylor, AMI, and MP.  After having been hired by AMI, Taylor, having viewed Mrs. Hernandez as an exemplary employee directly hired Mrs. Hernandez.  Mrs. Hernandez had two different final pay days.  The first time Mrs. Hernandez was terminated was while she was away tending for her dying father in Mexico.  She had notified Taylor of this family crisis, but nevertheless Taylor saw fit to terminate her in her hour of need and terminated her while she was tending to her father in Mexico.  Though Taylor knew of her home address, the check was not waiting for her when she arrived home and she thus had to go to Taylor's plant to pick up her final pay check, many days after all ready having been formerly fired by Taylor.  To add insult to injury, Mrs. Hernandez did not contain all monies due and owing Mrs. Hernandez for orientation, un paid strait time wages, unpaid overtime wages, and unpaid meal break and rest break premiums.  With regard to her second final pay

1    check, Mrs. Hernandez had resigned and her final pay check was mailed to her home address

2    by MP; however, it did not contain all monies due and owing her for unpaid overtime, unpaid

3    strait time and meal break and rest break premiums owed for violations committed by Taylor.

4          26.     Plaintiff, Leticia Suarez was fired and was issued her final pay check on the

5    same day she was fired; however, this final pay check did not contain payment for all hours

6    owed to her by Taylor for unpaid strait time, over time, meal break premiums and rest break

7    premiums.

8          27.     Plaintiff, Rosemary Dail was fired; however, her final pay check was not

9    tendered until the following pay period.   Moreover, her final pay check did not contain

10   payment for all hours owed to her by Taylor for unpaid strait time, over time, meal break

11   premiums and rest break premiums.

12   28.     Wendell Morris was hired by MP and for a time worked for MP as joint/dual employee

13   of Taylor and MP.   Mr. Morris believes and therefore avers, upon information and belief, that

14   MP was terminated as a labor supplier to Taylor as a result of supplying undocumented aliens.

15   MP was replaced as Mr. Morris' joint/dual employer by SS and QFL and for a time, Mr.

16   Morris worked for QFL, SS and Taylor as dual/joint employee.   Subsequently Mr. Morris,

17   because of his exemplary work ethic and commitment to quality, was hired on as a direct

18   employee by Taylor.   At the time of his resignation, Mr. Taylor was employed by Taylor and

19   paid directly by Taylor.   Neither his final paycheck nor any of the pay checks issued to Mr.

20   Morris throughout his employment with MP, QFL, SS or Taylor included all monies due and

21   owing for unpaid strait time, over time, meal break premiums and rest break premiums.

22

23

### FIRST CAUSE OF ACTION
**Failure to Compensate for All Hours Worked**
**(Against All Defendants)**

24          29.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully

25   set forth herein.

26          30.     California Labor Code §204 provides that wages for all work performed must

27   be paid "twice during each calendar month, on days designated in advance by the employer

28   as the regular paydays."

31.     Plaintiffs and the Donning and Doffing Class were/are required by Taylor and Co Defendants, pre shift, post shift and during uncompensated meal breaks to perform integral and indispensable work duties of donning, doffing and sanitizing PPE and their persons without compensation for their work performed. Thus, Plaintiffs and the Donning and Doffing Class members were forced to perform work for the benefit of Taylor and Co Defendants without compensation.

32.     In violation of State law, Taylor and Co Defendants knowingly, willfully refused to perform their obligations to record time for all work performed by Plaintiffs and the Donning and Doffing Class as required by California law such that Plaintiffs and the Class were not compensated for all time worked. Taylor and Co Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the Class, with improper motives amounting to malice, and in conscious disregard for the rights of Plaintiffs and the Class. Plaintiffs and the Class are thus entitled to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

33.     IWC Wage Order 4-2001, § 11(A); Cal. Code Regs. tit. 8, § 11040(11)(A); *see also* 2002 DLSE Manual § 46.5, mandate that meal periods in which workers are relieved of all work duties count as hours worked in calculating time worked in a work day. Taylor and Co Defendants knowingly required workers who donn and doff as part of their work duties to engage in work activities involving donning, doffing and sanitizing of PPE and washing hands during meal periods.  Thus, Taylor and Co Defendants have knowingly shorted all employees who must donn, doff, sanitize and wash during their meal periods of paid time as Taylor and Co Defendants have failed to count these 30 minute periods toward their hours worked in any given work day.  Likewise, Taylor has required members of the Mixed Hourly Workers Class and Donning and Doffing Class members to attend meetings during meal breaks, to be back at work stations within 30 minutes during meal breaks and wait under the supervision and control of Taylor for production to begin.

34.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged by Taylor as employees of Taylor, and/or by Taylor and Co Defendants as joint/dual employers in an amount according to proof at time of trial.

35.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Regular Overtime Wages**
**(Against All defendants)**

36.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37.     California Labor Code §510(a) provides as follows:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a work week shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

38.     The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to Class members 18 years of age or over and to Class members 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such Class members shall    not   be    employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

39.     California Labor Code §1194(a) provides as follows:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.     California Labor Code §200 defines wages as "all amounts for labor performed by Class members of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

41.     IWC Wage Order 4-2001, § 11(A); Cal. Code Regs. tit. 8, § 11040(11)(A); *see also* 2002 DLSE Manual § 46.5, mandate that meal periods in which workers are relieved of all work duties count as hours worked in calculating overtime. Taylor has knowingly required workers who donn and doff as part of the work duties to engage in work activities involving donning, doffing and sanitizing of PPE and washing hands during meal periods. Thus, Taylor has knowingly shorted all employees who must donn, doff, sanitize and wash during their meal periods of overtime as Taylor has failed to count these 30 minute periods toward their hours worked in any given work day.

42.     Taylor's and Co Defendant's across-the-board policy of requiring Plaintiffs and members of the Donning and Doffing Class to perform substantial work, in the form of donning, doffing and sanitizing integral indispensable PPE and washing their hands "off the clock", pre shift, post shift and during unpaid meal breaks has been unlawful. As a result of this unlawful policy, Plaintiffs and Donning and Doffing Class Members have worked overtime hours for Taylor and Co Defendants without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law. Likewise, the requirement that Mixed Hourly Workers class members be back at their work stations under the supervision and control of Taylor within 30 minutes of meal break having begun results in members of the mixed Hourly Workers Class having not been paid for work performed in excess of 8 hours and thus having been denied overtime wages to

1  which they were legally entitled by law.

2      43.    Taylor and Co Defendants have knowingly and willfully refused to perform

3  their obligations to credit Plaintiffs and the Class for all time worked such that they have

4  not been paid all premium wages for overtime work.  As a proximate result of the

5  aforementioned violations, Taylor and Co Defendants have damaged Plaintiffs and the

6  Class in amounts to be determined according to proof at time of trial, but in an amount in

7  excess of the jurisdictional requirements of this Court.

8      44.    Taylor is directly liable to its own employees and is liable along with Co

9  Defendants to it joint/dual employees who are members of the Donning and Doffing Class

10  as well as the Mixed Hourly Workers Class, for the unpaid overtime and civil penalties,

11  with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of

12  attorneys' fees and costs as set forth below.

13      45.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

14   
15  **THIRD CAUSE OF ACTION**
**Failure to Offer All Class Members With Legally Compliant Meal and Rest Periods.**
**(Against All Defendants)**

16      46.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

17  forth herein.

18      47.    California Labor Code §§226.7 and 512 and the applicable IWC wage orders

19  require Taylor to provide meal and rest periods to its non-exempt hourly Class members.

20  Labor Code §§226.7.  Under California law unless the employee is relieved of all duty during

21  the 30-minute meal period and ten-minute rest period, the employee is considered "on duty"

22  and the meal or rest period is counted as time worked under the applicable wage orders.

23  Taylor's and Co Defendants requirement that workers donn, doff and sanitize during meal and

24  rest breaks and/or be back at work stations within 30 minutes of their meal breaks having

25  begun and 10 minutes of their rest breaks having begun, results in Plaintiffs and Class

26  members never having been offered the opportunity to take duty free meal and rest breaks.

27      48.    Furthermore, workers were prohibited from leaving company grounds during

28  their meal breaks and thus all were always, during all meal breaks, under the supervision and

1   control of Taylor and thus, the Class, as a whole, was uniformly denied during all days of the

2   relevant time period the opportunity to take legally compliant duty meal breaks.

3       49.   Under §226.7(b) and the applicable wage orders, an employer who fails to

4   provide required meal periods must, as compensation, pay the employee one hour of pay at the

5   employee's regular rate of compensation for each workday that the meal periods were not

6   provided. Similarly, an employer must pay an employee denied a required rest period one hour

7   of pay at the employee's regular rate of compensation for each workday that the rest period

8   was not provided.

9       50.   Despite these requirements, Taylor and Co Defendants have knowingly and

10  willfully refused to perform their obligations to provide Plaintiffs and the Donning and

11  Doffing Class with the off-duty meal and rest periods to which they are entitled.   Taylor's

12  conduct described herein violates California Labor Code §§226.7 and 512, and the applicable

13  wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled

14  to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees,

15  expenses and costs of suit.

16      51.   Wherefore, Plaintiffs and the Donning and Doffing Class request relief as

17  hereinafter provided.

18  **FOURTH CAUSE OF ACTION**
    **Failure To Offer Meal Breaks Within 5 Hours of The Commencement of Work**
19  **Activities, Failure To Offer Second Thirty Minute Meal Breaks On Shifts of Duration of**
    **Ten Hours Or More, Failure To Offer Meal Breaks On Shifts of Between 5 and 6 Hours**
20  **Duration, Failure to Offer Second Rest Periods, Routinely Failing to Offer Two 10**
    **Minute Rest Breaks on Work days of Between 8 and 10 hours.**
21  **(Against All Defendants)**

22      52.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

23  forth herein.

24      53.   "No employer shall employ any person for a work period of more than five (5)

25  hours without a meal period of not less than 30 minutes, except that when a work period of not

26  more than six (6) hours will complete the day's work the meal period may be waived by mutual

27  consent of the employer and the employee." Cal. Code Regs. tit. 8, § 11080. *See also, Labor*

28  *Code 512(a) and Wage Order No. 5.*

54.    "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Cal. Code Regs. tit. 8, § 11080.

55.    Taylor and Co Defendants never obtained legally valid written consents to deny its employees and/or joint/dual employees meal periods on days of between 5 and 6 hours, nor on work days of 10 hours or longer prior to the filing of the instant class action.

56.    "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Cal. Code Regs. tit. 8, § 11080.

57.    "In addition, any work in excess of eight hours on any seventh day of a work week shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work." *Id.*

58.    The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to Class members 18 years of age or over and to Class members 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such Class members shall   not   be   employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all

hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

59.     Taylor and Co Defendants have knowingly required all nonexempt hourly workers to forego meal breaks on work days of between 5 and 6 hours; to forego second 30 minute meal breaks on work shifts of ten hours or longer; to skip 2nd rest breaks on days of 8 - 10 hours, to work seven consecutive days or more without proper compensation. Further Taylor and Co Defendants have also deliberately failed to offer meal breaks within 5 hours of the start of work activities.  Prior to the filing of the instant Class action, Taylor and Co Defendants never obtained releases from employees and/or joint/dual employees authorizing Taylor and/or Co Defendants to deny meal breaks on days of 10 hours or longer or to deny meal breaks on days of between 5 and 6 hours.

60.     Taylor's and Co Defendants' own time and pay records, DLSE records and testimony of Taylor managers document that Plaintiffs and Class members were on many occasions not offered meal breaks within 5 hours of having commenced work activities, were never offered second thirty minute meal breaks on shifts of ten hours or longer, were not offered meal breaks on work days of between 5 and 6 hours and were routinely denied second 10 minute rest breaks on work days of between 8 and 10 hours in duration.

61.     Wherefore, Plaintiffs and the Mixed Non Exempt Hourly Worker sub Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
**(Against All Defendants)**

62.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

63.     Numerous Members of the Class are no longer employed by Defendants. They were either fired or quit.

64.     Taylor and Co Defendants' failure to pay wages as alleged above was willful in that Taylor and Co Defendants knew wages to be due, but failed to pay them, thus entitling Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and similarly situated Class Members to penalties under Labor Code sec. 203, which provides that

1  an employee's wages shall continue as a penalty until paid for a period of up to 30 days from

2  the time they were due.

3      65.    Taylor and Co Defendants have routinely and deliberately failed to pay

4  Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and

5  similarly situated Class Members a sum certain at the time of termination, or within 72 hours

6  of their resignation and have failed to pay those sums for thirty days thereafter.  Pursuant to the

7  provisions of Labor Code sec. 203, Plaintiffs Maria del Carmen Pena, Consuelo Hernandez,

8  Leticia Suarez, Rosemary Dail, and similarly situated Class Members are entitled to a penalty

9  in the amount of Plaintiffs' daily wage multiplied by 30 days for each time they were

10 terminated and/or quit but were not paid all wages and wage premiums due and owing.

11     66.    At all relevant times, Plaintiffs Maria del Carmen Pena, Consuelo Hernandez,

12 Leticia Suarez, Rosemary Dail, and other members of the Former Workers Sub Class who

13 were discharged or terminated from employment are covered by Labor Code Section 201 or

14 202.

15     67.    Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez,

16 Rosemary Dail, and members of the Waiting Time Penalties Sub Class were paid according to

17 schedules and at locations set by Taylor and/or Co Defendants.

18     68.    Pursuant to Labor Code §§ 201 and 202, and 203, Plaintiffs Maria del Carmen

19 Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and other members of the Former

20 Workers Sub Class were entitled to receive their final pay checks on a timely basis and were

21 entitled to receive all wages due and owing in their final pay checks.   Under California law if

22 an employee is discharged, all wages earned and unpaid are due and payable immediately upon

23 discharge. If an employee quits his or her employment, his or her wages shall become due and

24 payable not later than 72 hours thereafter, unless the employee has given 72 hours previous

25 notice of his or her intention to quit, in which case the employee is entitled to his or her wages

26 at the time of quitting.

27     69.    Taylor and Co Defendants routinely failed to issue pay checks to Plaintiffs

28 Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and class

members on a timely basis and uniformly failed to include all wages due and owing in final pay checks issued to Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and Class Members.

70.     Taylor either had a deliberate policy of not reporting to Co Defendants all time worked and all wages, including premium wages, due and owing joint/dual employees and thus causing Co Defendants all wages due and owing in their final pay checks, or Taylor reported all wages and wage premiums owed to joint/dual employees, but the Co Defendants uniformly failed to pay these monies to joint/dual employees. Likewise, either Taylor failed to timely notify Co Defendants of the departure of dual/joint employees, or Co Defendants, uniformly failed to timely issue pay checks to departing joint/dual employees.

71.     Pursuant to Labor Code Sections 201, 202, 203, as a result of Taylor's and Co Defendants' illegal pay and break policies Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and other members of the Former Worker Sub Class are entitled to recover the maximum allowable waiting time penalties, and prejudgment interest. Pursuant to Labor Code Sections 1194, Plaintiffs and other members of the Former Workers Sub Class are also entitled to recover reasonable attorney fees, costs of suit, and prejudgment interest.

72.     Wherefore, Plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail, and the Former Worker Sub Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Wage Statement Class for Failure to Properly Itemize Pay Stubs
in Violation of California Labor Code §§226(a) and 226(e)
(All Defendants)**

73.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

74.     At all relevant times, Plaintiffs and other Wage Statement Sub Class members were non exempt hourly employees or joint/dual employees of Defendant covered by Labor Code Section 226.

75.     California Labor Code § 226(a) provides that:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one items (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

76.     At all material times set forth herein, Taylor and Co Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, all hours worked off the clock, wages owed for untimely meal breaks, wages owed for denied rest breaks, wages owed for failure to offer legally compliant meal and rest breaks free of work duties, wages owed for failing to pay legally compliant wages and premiums, unpaid over time and strait time wages, failed to accurately track rest breaks.  Neither the pay checks issued by Taylor nor those issued by Co Defendants accurately reflected the total time worked by workers, nor wage premiums owed as a result of Taylor's and Co Defendants' failing to offer legally compliant meal and rest breaks.

77.     As a result of Taylor's and Co Defendants' conduct, Plaintiffs and other members of the Wage Statement Sub Class are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

78.     Wherefore, Plaintiffs and the Former Worker Sub Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§17200, et seq.
### (Against All Defendants)

79.     Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

80.     California Business and Professions Code §§17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

81.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

82.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure Class members are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their Class members by failing to comply with minimum labor standards.

83.     Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Taylor and Co Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

      a.     violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

      b.     violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

      c.     violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

      d.     violations of Labor Code §§221-223 and 401-410, and IWC wage orders pertaining to wage deductions; and

e.    violations of Labor Code §201 and §202.

84.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting straight time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 et seq.

85.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, et seq.  Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Taylor to gain an unfair competitive advantage over law-abiding employers and competitors.

86.    Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

87.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

88.    Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from Class members during the four-year period prior to the filing of this Complaint.

89.    Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Class members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

90.    Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others

1  similarly situated and, accordingly, pursuant to the Business and Professions Code, this Court

2  should make such orders or judgments as may be necessary to prevent the use or employment,

3  by Taylor, Co Defendants and/or their agents, or employees, of any unlawful or deceptive

4  practices prohibited by the Business and Professions Code, including, but not limited to

5  disgorgement of ill-gotten gains, which may be necessary to restore Plaintiffs and Class

6  Members to the Money Taylor and Co Defendants have unlawfully failed to pay.

7       91.   Plaintiffs herein take upon themselves enforcement of these laws and lawful

8  claims. There is a financial burden involved in pursuing this action, the action is seeking to

9  vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by

10  forcing them and/or the class to pay attorneys' fees from the recovery in this action. Attorneys'

11  fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

12       92.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Enforcement of the Labor Code Private Attorneys General Act of 2004**
**Labor Code § 2698, et seq.**
**(Against All Defendants)**

16       93.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

17  forth herein.

18       94.   Taylor and Co Defendants' policies and practices have resulted in failure to pay

19  minimum wages, failure to compensate for all hours worked, failure to pay overtime wages,

20  failure to provide meal and rest periods, improper wage deductions, and failing to properly

21  itemize pay stubs, all of which subjects Defendants to civil penalties as described in various

22  sections of the Labor Code, including sections 210, 225.5, 226.3, 558, 1197.1, and 2699.

23       95.   Plaintiffs have exhausted their administrative remedies as specified in Labor

24  Code section 2699.3 as to Defendants' violations of the Labor Code, as described above.  On

25  April 9, 2013, Plaintiff, Wendelll Morris, through his attorneys, served by certified mail a

26  notice of the violations alleged in this complaint, in the manner required by Labor Code

27  §2699.3, on the California Labor & Workforce Development Agency, 800 Capitol Mall, MIC-

28  55, Sacramento, CA 95814 (hereinafter the "LWDA").  Said notice was also served by mail

1  and facsimile on Defendants, through Defendants' attorneys. A true and correct copy of the

2  written notice to the LWDA and to Defendants is attached hereto as Exhibit 1. Neither the

3  Plaintiff, nor Plaintiff's counsel, received notice from the LWDA, upon the expiration of

4  thirty–three days or more following the sending of the notice, that said agency was accepting

5  Plaintiff's claim for investigation or prosecution. Accordingly, Plaintiff alleges the right to

6  proceed with all remedies provided by law, including any and all civil penalties which are

7  collectible by Plaintiff under the provisions of Labor Code sections 2698 through 2699.5, the

8  Labor Code Private Attorneys General Act of 2004 ("PAGA").

9        96.    As a result of the violations alleged herein, Plaintiffs, aggrieved employees on

10  behalf of themselves and other current and former hourly non-exempt employees of

11  Defendants, seeks all civil penalties available pursuant to Labor Code section 2699. Therefore,

12  pursuant to Labor Code section 2699, Plaintiffs , as aggrieved employees on behalf of

13  themselves and other current and former hourly non-exempt employees of Defendants, is

14  entitled to collect all civil penalties owed, attorneys' fees, expenses, and costs of suit.

15

16  **PRAYER FOR RELIEF**

17  **WHEREFORE**, Plaintiffs pray for relief as follows:

18      A. For Compensatory damages in the amount of Plaintiffs' and each Class

19          Members' unpaid wages, including premium wages, and unpaid over time,

20          from at least 4 years prior to the filing of this action to the present as may

21          be proven.

22      B. For liquidated damages pursuant to Labor Code sec 1194.2(a) in an amount

23          equal to the  minimum wage compensation unlawfully paid from four (4)

24          years prior to the filing of this action to the present, as may be proven;

25      C. For penalties pursuant to Labor Code sec. 203 for  Plaintiffs Maria del

26          Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail and

27          Class members who were terminated or resigned, equal to their daily wage

28          times 30 days for each time they left the employ of Taylor and/or Co

        Defendants.

D. An award of prejudgment and post judgment interest;

E. For restitution for unfair competition pursuant to Business & Professions Code, sec. 17200, including disgorgement of profits, in an amount as may be proven;

F. An award of liquidated damages under Labor Code § 11 942(a);

G. An award providing for payment of costs of suit;

H. For an order awarding Plaintiffs and the Class Members compensatory damages, including lost wages, premium pay, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

I. An award of attorneys' fees; and

J. For all costs of suit; and

K. For such other and further relief as this Court deems just and proper.


Dated: November 4, 2013

_____

Stuart R. Chandler
Co-Counsel for Plaintiffs and the proposed Class