UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA DEL CARMEN PENA, et al.,

Plaintiffs,

v.

TAYLOR FARMS PACIFIC, INC.,

Defendant.

No. 2:13-CV-1282 KJM AC

ORDER

Plaintiffs' motion to compel discovery responses (ECF No. 82) and defendant's motion to compel discovery responses (ECF No. 66) came on for hearing before the undersigned on November 13, 2013. Phillip A. Downey and Stuart R. Chandler appeared for plaintiffs. Sarah Zenewicz appeared for defendant. On review of the motions, the documents filed in support, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Defendant, a California corporation, owns and operates food processing facilities in Tracy, California. Plaintiffs are former and current non-exempt hourly employees who worked or continue to work at these facilities. Plaintiffs allege that defendant violated state wage and hour laws by failing to provide legally compliant meal and rest period, failing to pay for all time plaintiffs actually worked, failing to pay all wages due at time of termination, and failing to

provide proper pay stubs. Plaintiffs seek unpaid wages, expenses and penalties on behalf of their class. Their motion for class certification is set for hearing before the Honorable Kimberly J. Mueller on November 22, 2013.

This case was filed in San Joaquin County Superior Court on February 17, 2012 and removed to this court on June 26, 2013. At a status conference on September 5, 2013, Judge Mueller addressed the scheduling of plaintiff's motion for class certification[1] and asked why no motions to compel had been filed in federal court if there were outstanding discovery disputes:

> THE COURT: One of my questions is why haven't the motions to compel been brought here if there are disputes that need resolving?
>
> [PLAINTIFF'S COUNSEL] MS. OLIVER: Well, I anticipate that that would be exactly what happens. . . . [¶]
>
> THE COURT: There's been a little bit of time to have jumped on this; right? [¶]
>
> MS. OLIVER: Yes, your Honor. . . .
>
> THE COURT: That's what I'm looking at, is a class certification hearing that the plaintiffs have previously proposed. And at this point, the Court is not inclined to change that. The Court's impression has been that that's a deadline that should be kept to focus the minds and to try to bring some focus to this case. And it has not been clear to me that motions to compel couldn't have been brought earlier, even if it's on a fairly tight time frame, to resolve issues in time for briefing on that motion for class certification. . . . [¶]
>
> MS. OLIVER: And certainly we've served as much discovery as we think we need to conclude before the class certification briefing is due. If they comply and we don't have any discovery disputes about those pending questions, then we're going to be pushing full speed ahead, your Honor. The only concern I would have is if they don't comply or we can't get a certified copy of a deposition transcript, that might make the clerks a little grumbly with me. But we'll do the best we can, your Honor.
>
> THE COURT: You might need to get motions to compel on file now.
>
> MS. OLIVER: Okay.
>
> THE COURT: If appears you might need to be filing those now given a schedule that I had approved, an extended schedule, that

---

[1] Prior to removal, the deadline for plaintiff's class certification motion had been extended three times.

2

both parties had requested.

MS. OLIVER: Okay.

ECF No. 48 at 8-11.

Pursuant to the scheduling order that issued following the status conference, plaintiff's motion for class certification was filed on October 4, 2013, and defendant filed its opposition on November 4, 2013. Plaintiff's reply is due on November 18 and the matter is set for hearing on November 22, 2013. See ECF No. 46 (scheduling order).

## STANDARDS GOVERNING DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Rule 34, a party may request the production of documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W. D. Pa. 1983). The request is sufficient if the documents or things to be produced are described by item or category with "reasonable particularity" in the request. Fed. R. Civ. P. 34(b)(1)(A). Written responses and/or specific objections are due 30 days after service of the requests. Fed. R. Civ. P. 34(b)(2). The propounding party may seek an order compelling production or inspection if a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

1  Under Rule 30(b)(6), a party may take the deposition of an entity.  The entity must
2  produce for deposition the person most knowledgeable about the matters designated in the notice
3  of deposition.  Fed. R. Civ. P. 30(b)(6).
4  A party who resists discovery "has the burden to show that discovery should not be
5  allowed, and has the burden of clarifying, explaining, and supporting its objections."  <u>Oakes v.</u>
6  <u>Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.Cal.1998); <u>Nestle Foods Corp. v. Aetna</u>
7  <u>Casualty & Surety Co.</u>, 135 F.R.D. 101, 104 (D.N.J.1990).

## PLAINTIFFS' MOTION TO COMPEL

9  On August 27, 2013, plaintiff served Taylor Farms with requests for production of
10 documents and two deposition subpoenas.  On September 27, 2013, plaintiffs deposed Alan
11 Applonie, defendant Taylor Farms' Rule 30(b)(6) deponent.  Dissatisfied with the document
12 production and the testimony of Mr. Applonie, plaintiffs filed the instant motion on October 23,
13 2013, seeking an order compelling defendant to produce: (1) discovery regarding scheduling,
14 timekeeping and payroll data; (2) discovery regarding joint employer correspondence and
15 contractual relationships; (3) additional documents responsive to requests for production, and (4)
16 a privilege log.  Plaintiffs represent *inter alia* that the discovery at issue is necessary to litigation
17 of the pending motion for class certification.  Plaintiffs did not seek to have their discovery
18 motion heard on shortened time, nor have they sought amendment of the scheduling order from
19 Judge Mueller.
20 The undersigned does not reach the merits of plaintiffs' motion because the timing of the
21 motion undermines its legitimacy.  The motion was filed three weeks after the class certification
22 motion; 26 days after Mr. Applonie's deposition; 28 days after receipt of documents responsive to
23 plaintiffs' production request; and 49 days after Judge Mueller expressly stated that any motions
24 to compel should be filed "now."  The discovery motion was set for hearing less than a week
25 prior to the deadline for plaintiff's reply on the class certification motion, and nine days prior to
26 hearing on that motion.  Accordingly, the motion to compel could not possibly result in the
27 production of documents material to the class certification motion in time for them to be provided
28 to the court in support of that motion.  Because plaintiff's motion is inconsistent with the schedule

4

set by the district judge, it will be denied as dilatory.

To the extent that plaintiffs seek discovery related to the merits of claims and defenses, rather than facts related to class certification, the court's ruling will be without prejudice to renewal of the motion following disposition of the motion for class certification. Because a ruling on class certification will affect the appropriate scope of discovery, plaintiff's motion is premature as to matters other than the propriety of certification.

## DEFENDANT'S MOTION TO COMPEL

Defendants seek compelled production of declarations by plaintiffs and witnesses, the existence of which came to light at the September 23, 2013 deposition of Yvette Music. Defendants argue that the declarations are responsive to requests for production of documents which plaintiffs have a continuing duty to supplement. Plaintiffs contend that witness declarations are protected as attorney work-product. The parties' arguments regarding the application and possible waiver of work-product protection are largely moot, as is the motion, because plaintiffs have voluntarily provided several declarations and represented to defendant and to the court that no further responsive declarations exist. Defendants stated on the record that they merely seek verification that no further declarations exist. That will be the order.

For the reasons stated above and explained more fully on the record at hearing, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiffs' motion to compel, ECF No. 82, is DENIED without prejudice to renewal following disposition of the pending motion for class certification;
2. Defendant's motion to compel, ECF No. 66, is GRANTED to the extent that plaintiffs' counsel shall verify in writing within five days that no further responsive declarations exist, and shall provide written verification from plaintiffs within five days thereafter; in all other respects, the motion is DENIED; and
3. Both parties' requests for sanctions are DENIED.

DATED: November 13, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE