UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al., | No. 2:13-cv-01282-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, et al., | |
| Defendants. | |

  During the January 17, 2014 hearing on defendant Manpower, Inc.'s motion to dismiss or strike, ECF No. 131, plaintiffs raised questions regarding the status of discovery. Mot. to Dismiss Hr'g Tr. Draft at 8:20–9:7.  Mindful of the previous orders affecting discovery—the court's scheduling order, ECF No. 46, and the magistrate judge's order denying plaintiffs' motion to compel, ECF No. 111—but endeavoring to dispel any uncertainty, the court issues the following order.

  Prior to voicing its concerns at the January 17, 2014 hearing, plaintiffs filed a motion to compel discovery relating, *inter alia*, to class certification on October 23, 2013.  Pls.' Mot. to Compel ("Mot."), ECF No. 82.  The magistrate judge heard argument on November 13, 2013, ECF No. 109, denying the motion the same day, Order at 4:20–5:6, ECF No. 111.

1    Without reaching the merits, the magistrate judge denied the motion as dilatory
2  "because the timing of the motion undermine[d] its legitimacy." *Id.* at 4:20–21. Plaintiffs'
3  motion for class certification had been filed on October 4, 2013, the opposition on November 4,
4  2013 and the reply was due on November 18, 2013. Argument was calendared for November
5  22, 2013. Additionally, plaintiffs had been warned during the September 5, 2013 status
6  conference that class certification deadlines would not be delayed a fourth time and that any
7  motions to compel should be brought immediately. Class Certification Hr'g Tr. at 8–11, ECF
8  No. 48. Nonetheless, as noted above, the motion to compel was not filed until October 23,
9  2013, nearly seven weeks after the status conference. Mot. at 1.

10    In light of the class certification deadlines, the magistrate judge reasonably
11 concluded, "the motion to compel could not possibly result in the production of documents
12 material to the class certification motion in time for them to be provided to the court in support
13 of that motion" and summarily denied it. Order at 4:26–28. Insofar as the motion sought to
14 compel discovery relating to the merits rather than certification, the magistrate judge found the
15 motion "premature," reasoning that certification would "affect the appropriate scope of
16 discovery . . . ." *Id.* at 5:5–6. Thus, aside from certification, the "ruling [was] without
17 prejudice to renewal of the motion following disposition of the motion for class certification."
18 *Id.* at 5:3–4.

19    Although this court issued a pretrial scheduling order, it set deadlines relating
20 only to class certification. *See generally* Pretrial (Scheduling) Order. Other deadlines are to be
21 set following resolution of class certification. *See generally id.* A status conference is
22 scheduled for March 20, 2014. ECF No. 130.

23    In light of the above, all parties are directed to meet and confer as to whether
24 merits discovery, perhaps with a limited scope, should proceed before resolution of class
25 certification. Following their meet and confer, the parties are directed to file a joint statement
26 /////
27 /////
28

1 | apprising the court of their joint and/or respective positions.  The statement is to be filed within
2 | seven days of the date of this order.
3 |       IT IS SO ORDERED.
4 | Dated:  January 23, 2014.

                                              UNITED STATES DISTRICT JUDGE