1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MARIA DEL CARMEN PENA, et al.,              No.  2:13-CV-01282-KJM-AC
12                  Plaintiffs,
13                                               ORDER
14          v.
15   TAYLOR FARMS PACIFIC, INC., d/b/a
     TAYLOR FARMS, et al.,
16
17                  Defendants.
18
19
20          Defendant Taylor Farms Pacific, Inc. ("defendant") moves for partial summary
21   judgment on plaintiff Leticia Suarez's ("plaintiff") first, second and seventh claims.  Def.'s
22   Mot. for Partial Summ. J. ("MSJ"), ECF No. 52.  The court heard argument on October 25,
23   2013.  ECF No. 88.  Stuart Chandler appeared for plaintiff, and Sarah Zenewicz appeared for
24   defendant.
25          For the reasons below, the court GRANTS IN PART and DENIES IN PART
26   defendant's motion.
27   /////
28   /////

                                              1

1    I.       <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

2           Plaintiff and coplaintiffs, former employees of defendant and codefendants,

3 bring several employment claims on behalf of a putative class.  *See generally* Seventh Am.

4 Compl., ECF No. 101.  Because briefing on the pending motion was completed before

5 plaintiffs filed the Seventh Amended Complaint, the Sixth Amended Complaint ("6AC"), ECF

6 No. 33, is operative here.

7           Plaintiffs filed the original complaint in state court on February 17, 2012.  *See*

8 Notice of Removal Ex. F, ECF No. 2-10.  Thereafter, the parties began exchanging discovery,

9 with plaintiffs filing three motions to compel before defendant removed on June 26, 2013.  *See*

10 *id.*; *see also* Notice of Removal, ECF No. 2.  At argument on the instant motion, plaintiffs'

11 counsel conceded "significant" discovery has been completed.  Mot. to Dismiss Hr'g Tr. at

12 5:3–9, ECF No. 110.  Such discovery includes on plaintiffs' part: 156 requests for production,

13 with 14,452 pages produced in response; 50 special interrogatories; 41 requests for admission;

14 14 depositions; 2 sets of form interrogatories; and 17 third-party subpoenas.  *See* Zenewicz

15 Decl. ¶¶ 3–5, ECF No. 23.  This court, however, has not yet set a discovery deadline.

16           Defendant filed the instant motion on September 27, 2013, seeking partial

17 summary judgment of plaintiff's claims for failure to compensate for all hours worked, failure

18 to pay regular overtime wages and violation of California's unfair competition law ("UCL").

19 Plaintiff opposed on October 11, 2013 and requested the opportunity to conduct further

20 discovery under Federal Rule of Civil Procedure 56(e).  Defendant replied on October 18,

21 2013.

22           Defendant's motion is premised on the following undisputed facts.  Plaintiff

23 Suarez was an employee in defendant's prepared salads room from October 26, 2009 to July

24 20, 2012.  Def.'s Undisputed Material Fact ("UMF") 1, ECF No. 52-1.  In deposition, she

25 testified as follows:

26                 Q. Okay. So the first thing you would do when you arrived at the

27                 facility in the morning would [sic] go to put your lunch in the
                trailer, right?

28

1   A. Correct.

2   Q. And then you would walk through the cafeteria door, right?

3   A. Correct.

4   Q. And what is the very next thing that you would do?

5   A. Punch in.

6   Q. Okay.  And where were the punch clocks located?

7   A. Right after the plant door.

8   *Id.* at 2.

9   Q. And then what is the very next thing that you will do [sic]
10   after punching in?

11   A. In my case, in documentation, I had to go and look for my
     things.  The things that I had in the locker? [sic]

12   ***

13   Q.  And you would go, once you go [sic] the papers,
     thermometers or other equipment, as a documentation tech, what
14   would be the very next thing you would do after that?

15   A. Go to the sanitation room.

16   Q. Okay. And as a documentation tech in the sanitation room,
     what gear would you wear?

17   A. A white frock, gloves, apron, a hair net, but the hair net, you
18   had to put on before going there.

19   Q. What else?

20   A. Sanitize your hands.

21   Q. What else?

22   A. That's all.

23   *Id.* at 3.

24   Q. And once you would go on break or lunch, as a documentation
25   tech, you would go back into the hygiene room to take off your
     gear, right?

26   A. Correct.

27   Q. And for a break, not a lunch, where would you go to take your
28   break?

3

A. The same place, the cafeteria.

Q. And when you were in the cafeteria, you knew you had ten minutes for your break, right?

A. Correct.

Q. And then once the ten minutes ended, you were supposed to walk back in, put your gear back on to get back in line, right?

A. Correct.  Right.

Q. And for lunch, you would come out of the salad room into the hygiene room, right?

A. Correct.

Q. To take off your gear, right?

A. Correct.  Right.

Q. Then you would walk over to the punch clock, right?

A. Correct.

Q. And would you punch out for lunch?

A. That's right.

Q. And you would punch back in for lunch, right, when you were done?

A. Correct.

Q. And you knew you had between 30 and 35 minutes to be punched out, correct?

A. Correct.

*Id.* at 4.

II.    STANDARD

    The standard governing partial summary judgment is the same as that governing full summary judgment.  *See* FED. R. CIV. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").  A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*  The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

/////

4

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . ; or show . . . that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts . . . ."). Moreover, "the requirement is that there be no *genuine* issue of *material* fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

III.   ANALYSIS

    A.   Motion for Summary Judgment

        1.   First and Second Claims

Because defendant advances a single argument in its motion, plaintiff's first two claims may be addressed together. The first claim alleges defendant failed to furnish full compensation in violation of section 204 of the California Labor Code and Title 8, section

/////

5

11040(11)(A) of the California Code of Regulations.[1]  6AC ¶¶ 20, 29–35, ECF No. 33.  The second claim alleges defendant failed to pay overtime in violation of sections 510(a) and 1194 of the Labor Code and Title 8, section 11040 of the Code of Regulations.  *Id.* ¶¶ 20, 29–45.

Defendant argues both claims must fail as a matter of law.  MSJ at 3–4.  These claims, according to defendant, are premised only on plaintiff's purported off-the-clock donning and doffing of personal protective equipment ("PPE").  *Id.*  Because the allegations are refuted by plaintiff's own testimony, defendant argues summary judgment is proper.  *Id.* (citing UMFs 2–4).  Plaintiff responds by pointing out that being on the clock is not dispositive of whether plaintiff was compensated.  Pl.'s Opp'n at 6–8, ECF No. 68.  Rather, plaintiff claims, because defendant rounded down employee time totals, there remains a genuinely disputed material fact as to compensation.  *Id.*  Additionally, plaintiff argues defendant has failed to meet its burden on summary judgment because the claims are not premised on solely the donning and doffing of PPE.  *Id.* at 8–12.  In reply, defendant counters that plaintiff has improperly raised a new theory of liability in opposition to summary judgment.  Def.'s Reply at 5–7, ECF No. 78.

### a.  Plaintiff's Rounding-Down Argument

As a threshold matter, the court must determine the propriety of considering the rounding-down argument.  Plaintiff argues that rounding is encompassed within the complaint's general allegations of failure to fully compensate and failure to pay overtime wages and thus is properly before the court.  6AC ¶¶ 20, 29–45.  In characterizing rounding as a new argument, defendant relies on *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291–94 (9th Cir. 2000) and its progeny *Patel v. City of Long Beach*, No. 09-56699, 2014 WL 1047560, at *1 (9th Cir. Mar. 19, 2014), to contend the argument must be rejected.  Def.'s Reply at 5–7.

In *Coleman*, the court addressed dueling motions for summary judgment, made after the close of discovery, on plaintiffs' employment discrimination claim.  232 F.3d at 1291.  Such a claim "may proceed under two theories: disparate treatment or disparate impact," *id.*,

---

[1] Unless otherwise noted, all statutory and regulatory citations are to those of the state of California.

each of which has "different burdens and defenses," *id.* at 1292.  In their complaint, the

plaintiffs had alleged only disparate treatment, but on summary judgment, they attempted to

raise disparate impact. *Id.* at 1291.  The court rejected the latter attempt. *Id.* at 1292.

In doing so, the court focused on prejudice to the defendant.  It reasoned:

> Allowing [the plaintiffs] to proceed with their disparate impact
> theory after the close of discovery would prejudice [the
> defendant].  A complaint guides the parties' discovery, putting
> the defendant on notice of the evidence it needs to adduce in
> order to defend against the plaintiff's allegations.  A disparate
> impact theory, lacking the requirement that the plaintiff prove
> intent and focusing on statistical analyses, requires that the
> defendant develop entirely different defenses, including the job
> relatedness of the challenged business practice or its business
> necessity.  Neither of these [is] necessary to defend against a
> disparate treatment theory. . . . The district court judge's opinion
> indicates that after . . . two years of discovery, he had no idea
> until the [plaintiffs'] motions for summary judgment were filed
> that they intended to pursue this legal theory.  The lack of notice
> on this issue central to the cause of action makes it difficult, if not
> impossible, for [the defendant] to know how to defend itself.
> After having focused on intentional discrimination in their
> complaint and during discovery, the [plaintiffs] cannot turn
> around and surprise the [defendant] at the summary judgment
> stage on the [new] theory . . . .

*Id.* at 1292–93.  The court concluded by holding that "the plaintiffs, who clearly stated . . .

claims of disparate treatment but sought also to pursue claims of disparate impact, were

required either (1) to plead the additional disparate impact theory in their complaints, or (2) to

make known during discovery their intention to pursue recovery on the disparate impact theory

omitted from their complaints." *Id.* at 1294.

In *Patel*, the plaintiffs pled a First Amendment claim on the basis of "violation

of their right to access the courts" but "raised for the first time a theory of retaliation" in their

opposition to summary judgment.  2014 WL 1047560 at *1.  Citing *Coleman,* and without

discussing the status of discovery, the Ninth Circuit upheld the district court's decision barring

the plaintiffs from raising the new theory.  *Id.*

*Coleman* and *Patel*, however, are distinguishable from this case.  Here, plaintiff

does not assert a new theory of liability.  As distinguished from a discrimination or First

Amendment claim, a claim for failure to fully compensate admits of only one theory: plaintiff

performed labor for which defendant failed to compensate her.  Thus, rather than arguing a different theory with "different burdens and defenses," *Coleman*, 232 F.3d at 1292, plaintiff argues the same theory on the basis of different facts.

Nonetheless, the court finds an argument based on new factual bases, akin to one based on new legal theories, to be improperly raised on summary judgment.  *Pickern v. Pier 1 Imports (U.S.), Inc.*, a case involving violations of the Americans with Disabilities Act ("ADA"), controls.  457 F.3d 963, 968 (9th Cir. 2006).  There, after the close of discovery, the plaintiff asserted new facts in opposition to summary judgment and "attempt[ed] to justify these new factual allegations as falling within the original complaint under Rule 8's liberal notice pleading standard."  *Id.*  The complaint stated an ADA violation for failure to provide a ramp but also alleged other violations that "may [have] include[d], but [were] not limited to" a list of illustrative barriers.  *Id.* at 969 (internal quotation marks omitted).  On summary judgment, the plaintiff then attempted to argue violations aside from the failure to provide a ramp.  *Id.* at 968–69.

Echoing *Coleman*, the Ninth Circuit held the district court properly rejected these new factual bases.  *Id.* at 969.  Rather than being permissible under notice pleading, these bases violated Federal Rule of Civil Procedure 8 because the plaintiff had failed to "'give the defendant fair notice of what the plaintiff's claim [was] and the grounds upon which it rest[ed].'"  *Id.* at 968 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).  "Providing a list of hypothetical possible [violations was] not a substitute for investigating and alleging the grounds for a claim."  *Id.* at 969.  "A plaintiff may not make vague and generic allegations in [the] complaint and simply add facts as discovery goes along without amending the complaint because to do so 'would read the "fair notice" requirement out of Rule 8(a) and . . . undermine the rule's goal of encouraging expeditious resolution of disputes.'"  *Adobe Lumber Inc. v. Hellman*, No. CIV 2:05-1510 WBS EFB, 2010 WL 760826, at *5 (E.D. Cal. Mar. 4, 2010) (quoting *Pickern v. Pier 1 Imports*, 339 F. Supp. 2d 1081, 1088 (E.D. Cal. 2004)).

/////

8

1    In contrast to *Coleman*, which asks whether a party suffers prejudice, however,

2    *Pickern*'s focus is on whether the complaint provides the requisite notice under Rule 8.  *See*

3    *Pickern*, 457 F.3d at 968–69; *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908–09 (9th

4    Cir. 2011) ("The issue underlying *Pickern* . . . is whether the defendant had fair notice as

5    required by Rule 8.").[2]  Further, in most instances, notice may not be effected through

6    discovery alone because such notice will usually fail to satisfy Rule 8.  *Pickern*, 457 F.3d at

7    968–69.  Instead, particularly in light of the Supreme Court's subsequent decisions in *Bell*

8    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678

9    (2009), a plaintiff must amend the complaint or otherwise incorporate new allegations, *Pickern*,

10   457 F.3d at 968–69.  Thus, "where . . . the complaint does not include the necessary factual

11   allegations . . . , raising such a claim in a summary judgment motion is insufficient to present

12   the claim to the district court."  *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th

13   Cir. 2008); *see also Wasco Prods., Inc., v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir.

14   2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate

15   pleadings." (citation and internal quotation marks omitted)).  This principle applies equally

16   outside the ADA context.  *See, e.g.*, *Adobe Lumber Inc.*, 2010 WL 760826, at *5; *Burrell v.*

17   *Cnty. of Santa Clara*, No. 11-CV-04569-LHK, 2013 WL 2156374, at *11 (N.D. Cal. May 17,

18   2013).

19   Here, plaintiff has not previously put defendant on notice as to the rounding

20   claim in the complaint.  Through seven iterations, the complaint has never alleged the practice

21   or included the word "rounding," and plaintiff's blanket allegations of "failure to record all

22   time spent working," 6AC ¶ 20, or "compensat[e] for . . . work performed," *id.* ¶ 31, are too

23   "vague and generic" to provide the required notice.  *Adobe*, 2010 WL 760826, at *5.  Rather,

---

24   [2] *Oliver* itself holds that "for purposes of Rule 8, a plaintiff must identify the barriers
that constitute the grounds for a claim of discrimination under the ADA in the complaint itself;
25   a defendant is not deemed to have fair notice of barriers identified elsewhere."  654 F.3d at 909.
However, district courts appear to have cabined application of *Oliver* to ADA cases only.  *See,*
26   *e.g.*, *Hernandez v. Polanco Enters.*, ___ F. Supp. 2d ___, No. 11-CV-02274 YGR, 2013 WL
4520253, at *4 (C.D. Cal. Aug. 23, 2013); *Moeller v. Taco Bell Corp.*, ___ F. Supp. 2d ___,
27   No. C 02-5849 PJH, 2013 WL 4014728, at *4 (N.D. Cal. Aug. 5, 2013).

28

1  plaintiff asserted the facts supporting this claim for the first time in her opposition to the instant

2  motion for summary judgment.  Prior to filing of the motion, plaintiff failed to provide

3  sufficient notice under Rule 8.  *See Pickern*, 457 F.3d at 969.  The court thus declines to

4  consider the argument in resolving the instant motion.

5                          b.  Off-the-Clock Donning and Doffing of PPE

6                 On the record before the court, defendant has established there is no genuine

7  dispute of material fact as to whether plaintiff engaged in off-the-clock donning and doffing of

8  PPE.  Insofar as plaintiff's first and second claims rely on off-the-clock donning and doffing of

9  PPE, partial summary judgment is granted in favor of defendant.

10                               c.  Other Factual Bases

11                At the same time, the court finds that claims one, two and seven do not derive

12  from off-the-clock donning and doffing only.  In the first claim, in addition to donning and

13  doffing, plaintiff claims she was required to "attend meetings during meal breaks, . . . be back

14  at work stations within 30 minutes during meal breaks and wait under the supervision and

15  control of [defendant] for production to begin."  6AC ¶ 33.  Plaintiff also "re-allege[s] and

16  incorporate[s] . . . as though fully set forth herein," *id.* ¶ 29, the complaint's general allegations,

17  which assert, *inter alia*, "failure to pay wage premiums" for non-compliant meal and rest

18  breaks, *id.* ¶ 20.  The second claim then "re-allege[s] and incorporate[s] . . . as though fully set

19  forth herein," *id.* ¶ 36, all of the above.  Defendant omits any discussion of the record regarding

20  whether plaintiff was compensated in these other respects.   Accordingly, partial summary

21  judgment of these aspects of plaintiff's claims is not warranted.

22                Defendant's motion for partial summary judgment is granted insofar as

23  plaintiff's first and second claims rely on off-the-clock donning and doffing of PPE and

24  otherwise denied.

25                          2.  Seventh Claim

26                With respect to plaintiff's claim under California's unfair competition law,

27  which prohibits "any unlawful, unfair or fraudulent business act or practice," CAL. BUS. &

28  PROF. CODE §§ 17200–17210, defendant argues partial summary judgment is proper as to the

portion of that claim predicated on plaintiff's second claim.  MSJ at 5.  For the reasons explained above, defendant's motion for partial summary judgment of the UCL claim is granted insofar as it relies on the second claim for off-the-clock donning and doffing of PPE.  It is otherwise denied.

   B. <u>Leave to Take Additional Discovery</u>

    In opposing the motion for summary judgment, plaintiff asks alternatively that the court grant leave to take additional discovery before ruling.  Federal Rule of Civil Procedure 56(d) permits the court to "(1) defer . . . or deny" a motion for summary judgment or "(2) allow time to . . . take [additional] discovery" where "a nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."

    Here, plaintiff's failing is not in her lack of "facts essential to justify its opposition."  FED R. CIV. P. 56(d).  Instead, to the extent the court grants summary judgment, it is persuaded on the basis of the allegations included—or not included—in the complaint and plaintiff's subsequent testimony.  Additional discovery cannot cure deficiencies in plaintiff's pleading or change plaintiff's sworn testimony.

    Leave to take additional discovery is denied.

IV. <u>CONCLUSION</u>

    For the above reasons, the court GRANTS IN PART and DENIES IN PART defendant's motion for partial summary judgment.

    IT IS SO ORDERED.

DATED:  March 27, 2014.

_____
UNITED STATES DISTRICT JUDGE