UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>TAYLOR FARMS PACIFIC, INC., d/b/a<br>TAYLOR FARMS, et al.,<br><br>           Defendants. | No.  2:13-CV-01282-KJM-AC<br><br><br>ORDER |

Defendant Manpower, Inc. ("Manpower") moves to dismiss or strike the entirety of plaintiffs' complaint.  Def. Manpower's Mot. to Dismiss ("MTD") at 1, ECF No. 121.  The court heard argument on January 17, 2014.  Patricia Oliver and Stuart Chandler appeared for plaintiffs; Sabrina Beldner appeared for defendant Manpower; and Sarah Zenewicz appeared telephonically for defendant Taylor Farms Pacific, Inc. ("TFP").

For the reasons below, the motion is GRANTED IN PART and DENIED IN PART, in that the fourth and eighth claims are dismissed entirely, the fifth claim is dismissed as to plaintiff Wendell Morris ("Morris") and the sixth claim is dismissed insofar as it relies on failure to itemize payments for missed meal or rest breaks.  The remainder may proceed.

/////

/////

1

1    I.       BACKGROUND

2            Five named plaintiffs, composed of quitting and discharged former employees

3    of TFP, Manpower and other codefendants, bring a putative class action.  Seventh Am. Compl.

4    ("7AC") ¶¶ 1–2, ECF No. 101.  Manpower is a staffing agency that provided employees to TFP

5    until April 2012.  MTD at 1–2.  The only named plaintiffs who allege an employment

6    relationship with Manpower are Consuelo Hernandez ("Hernandez") and Morris.  7AC ¶¶ 25,

7    28.

8            The operative complaint alleges eight employment claims: (1) failure to

9    compensate all hours worked; (2) failure to pay regular overtime wages; (3) failure to offer

10   legally compliant meal and rest breaks; (4) failure to offer meal breaks within five hours of the

11   commencement of work activities, second thirty-minute meal breaks on shifts of ten hours or

12   more, meal breaks on shifts of between five and six hours, second rest breaks, or two ten-

13   minute rest breaks on shifts between eight and ten hours; (5) unpaid wages and waiting time

14   penalties under California Labor Code sections 201 to 203; (6) failure to properly itemize pay

15   statements in violation of Labor Code section 226; (7) violation of California Business and

16   Professions Code section 17200, the unfair competition law ("UCL"); and (8) civil penalties

17   under Labor Code section 2698, the Private Attorneys General Act ("PAGA").  *Id.* ¶¶ 21–96.

18   II.      MOTION TO DISMISS

19           A.  STANDARD

20           Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move

21   to dismiss a complaint for "failure to state a claim upon which relief can be granted."

22   Dismissal is proper where "based on the lack of cognizable legal theory or the absence of

23   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*,

24   901 F.2d 696, 699 (9th Cir. 1990).

25           Although a complaint need contain only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), it "must contain

27   sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

28   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' [and] 'formulaic recitation[s] of the elements of a cause of action'" are insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party," *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not, however, apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, or to "allegations that contradict matters properly subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

B.  ANALYSIS

As a threshold matter, Manpower argues it was not properly substituted for a Doe defendant and plaintiffs' sixth and eighth claims are, therefore, time barred.  MTD at 1.  Alternatively, it contends the eighth claim should be dismissed for failure to exhaust administrative remedies.  *Id.*  It also argues generally that all claims must be dismissed because each is "legally deficient and/or devoid of any *facts* setting forth a cognizable legal theory," *id.* (emphasis in original), and concludes by insisting plaintiffs' request for attorneys' fees is improper, *id.* at 19.

1.  Substitution for Doe Defendant

Manpower argues it was improperly substituted for a Doe defendant because plaintiffs, possessed of all relevant knowledge concerning both identity and facts, made the calculated decision not to name Manpower when filing suit.  *Id.* at 7.  Following a subsequent change of heart, Manpower continues, plaintiffs filed a "sham" Doe amendment, falsely stating they had only recently learned of Manpower's identity and potential liability, to ensure their

3

1    claims related back to the initial filing date.  *Id.* at 6–7.  As it was improperly substituted,

2    Manpower concludes plaintiffs' claims do not relate back to the original filing date and the

3    sixth and eighth claims are time barred.  *Id.*

4              Plaintiffs respond they were not aware of Manpower's potential liability at the

5    time of initial filing.  Pls.' Opp'n to Def.'s MSJ ("Opp'n") at 9, ECF No. 125.  Instead, because

6    staffing agencies are not automatically liable for Labor Code violations occurring at a job

7    placement, plaintiffs became aware of Manpower's potential liability only during discovery.

8    *Id.* at 8–9.  As such, Manpower was properly substituted, and all claims against it relate back to

9    the original filing date.  *Id.* at 7–9.

10             In essence, Manpower seeks review of a prior state court decision permitting

11   substitution of a Doe defendant prior to removal of the case to this court.  Before substitution,

12   defendant TFP was the only named defendant in the action.  However, TFP and plaintiffs

13   stipulated, pending court approval, to the filing of an amended complaint in which plaintiffs

14   substituted four Doe defendants with named defendants, including Manpower.  *See* MTD, Ex.

15   J, ECF No. 121-1.  The state court approved the stipulation, deemed the Sixth Amended

16   Complaint filed and substituted the four newly named defendants "with all rights and

17   objections to such substitutions reserved."  *Id.*  TFP removed the same day.  Notice of Removal

18   at 5, ECF No. 2.  Indeed, Manpower's presence created the minimal diversity sufficient for

19   removal under the Class Action Fairness Act.  *See* 28 U.S.C. § 1332(d)(2).

20             As the substitution necessarily occurred before removal, any "rights or

21   objections" Manpower reserves are governed by state law.  *See Fat T, Inc. v. Aloha Tower*

22   *Assocs. Piers 7, 8, and 9*, 172 F.R.D. 411, 414 (D. Haw. 1996) (citation omitted) ("[A] federal

23   court sitting in diversity must apply the state's Doe Defendant statute."); *see also Lindley v.*

24   *Gen. Elec. Co.*, 780 F.2d 797, 802 (9th Cir. 1986) ("[T]he absence of a federal pleading

25   mechanism comparable to section 474 [of the California Code of Civil Procedure] should not

26   deprive a plaintiff of the extension of the limitations period provided under California Doe

27   practice.  A contrary rule would be a departure from *Erie Railroad Co. v. Tompkins* and its

28   /////

                                                    4

progeny . . . because it would result in the abridgement of substantive rights under state statutes of limitations." (citations omitted)).

California Code of Civil Procedure section 474 outlines the state requirements for designation of Doe defendants and substitution thereof.  Under section 474, where a plaintiff complies with specified procedures and "is ignorant of the name of a defendant, . . . such defendant may be designated . . . by any name, and when [the] true name is discovered, the pleading or proceeding must be amended accordingly . . . ."  CAL. CIV. PROC. CODE § 474.  The same is true where "though the identity of a defendant be known, . . . the plaintiff is ignorant of the basis of liability against such a defendant . . . ."  *Oakes v. McCarthy Co.*, 267 Cal. App. 2d 231, 253 (1968).  In both cases, the plaintiff must be "genuinely ignorant" at the time of initial filing.  *Woo v. Superior Court*, 75 Cal. App. 4th 169, 177 (1999) ("[O]mission of the defendant's identity in the original complaint must be real and not merely a subterfuge . . . .").

In evaluating ignorance, the court must "distin[guish] between 'actual facts' and 'mere suspicion' . . . ."  *Gen. Motors Corp. v. Superior Court*, 48 Cal. App. 4th 580, 595 (1996).  "Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants *until he has knowledge of sufficient facts to cause a reasonable person to believe liability is probable*.  The distinction between a suspicion that some cause *could exist* and a factual basis to believe a cause *exists* is critical . . . ."  *Id.* (emphasis in original) (citation and internal quotation marks omitted).

"[I]f the . . . ignorance requirement . . . is not met, a new defendant may not be added after the statute of limitations has expired . . . ."  *Woo*, 75 Cal. App. 4th at 177.  This may be dispositive, as "[t]he general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed."  *Id.* at 176 (citations omitted).  However, "[a] recognized exception to the general rule is the substitution . . . of a new defendant for a fictitious Doe defendant named in the original

/////

5

1   complaint as to whom a cause of action was stated in the original complaint."  *Id.* (citations

2   omitted).

3         Manpower argues on three grounds that plaintiffs were not "genuinely

4   ignorant": (1) plaintiff Hernandez was an original plaintiff and knew she had been placed at

5   TFP through Manpower; (2) the original complaint included allegations of inaccuracy in final

6   wages and wage statements issued by Manpower; and (3) plaintiffs knew "for many months"

7   before naming Manpower as a defendant that it had supplied labor to TFP.  MTD at 7.

8         The court finds Manpower's arguments unavailing.  Plaintiff Hernandez's

9   knowledge that Manpower had placed her at TFP is insufficient for her to fail the ignorance

10  test.  Although it establishes that Hernandez knew the identity of the company that had placed

11  her with TFP, without more it does not establish that Hernandez, or any of the plaintiffs, knew

12  of a basis for liability.  Lacking knowledge of either identity or basis of liability, a plaintiff is

13  permitted to designate defendants as Does.  *See Oakes*, 267 Cal. App. 2d at 253.  That plaintiffs

14  knew of Manpower's role as a labor supplier or possible joint employer "for many months"

15  before Manpower was named as a defendant is insufficient for the same reason.  *See id.*; *see

16  also Woo*, 75 Cal. App. 4th at 177 (holding ignorance need only exist at time of initial filing).

17        Manpower correctly notes that the original complaint included allegations of

18  inaccuracy in wages and wage statements issued by Manpower.  MTD, Ex. B at 12–14.

19  Nonetheless, in light of the procedural posture and Manpower's failure to show otherwise, the

20  court declines to assume that, at the time of initial filing, plaintiffs were aware that Manpower,

21  and not TFP, was the cause of any inaccuracies in wages or wage statements.  As an employer

22  is liable for only a "knowing and intentional failure . . . to comply" with wage statement

23  requirements, CAL. LAB. CODE § 226(e)(1), Manpower's liability was not "probable" at the

24  time of filing.  Liability on a claim for unpaid wages or waiting time penalties, which requires

25  such delinquent or nonpayment to be "willful," CAL. LAB. CODE § 203, was similarly not

26  "probable."  Because the underlying claims were not "probable," neither was the PAGA claim

27  premised thereon.

28  */////*

Manpower was properly substituted as a Doe defendant, and plaintiffs' claims relate back to the original filing date of February 17, 2012. The motion to dismiss the sixth and eighth claims as time barred is DENIED.

2. Failure to Exhaust Administrative Remedies

Regarding the PAGA claim, the eighth claim, Manpower argues alternatively that plaintiffs failed to exhaust administrative remedies as required under California Labor Code section 2699.3. MTD at 9. The statute provides that "[a] civil action . . . shall commence only after[, *inter alia*,] . . . [t]he aggrieved employee . . . give[s] written notice by certified mail to the Labor and Workforce Development Agency [("LWDA")] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a). At issue is whether plaintiffs provided the requisite notice to "the employer," where such notice was provided to TFP but not Manpower.

"The employer" is not defined in section 2699.3's chapter or division of the Labor Code, and the parties have not identified authority relevant to construing the term.[1] Thus, the court turns to the statute's purpose. *See Smith v. Superior Court*, 39 Cal. 4th 77, 83 (2006) ("In construing a statute, [the court's] fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute."). The PAGA "was adopted to augment the enforcement abilities of the Labor Commissioner with a private attorney general system for labor law enforcement." *Turner v. City & Cnty. of S.F.*, 892 F. Supp. 2d 1188, 1202 (N.D. Cal.

/////
/////
/////

---

[1] Elsewhere in the Labor Code, "employer" is defined as an "entity, which employs any person or persons to perform services for a wage or salary, and includes any . . . entity acting as an agent of an employer, directly or indirectly." Cal. Lab. Code § 1132.2. This definition "govern[s] the construction of" chapter 8 of the Labor Code, *id.* § 1132, but courts have not applied it to section 2699.3. Further, the construction at issue here centers more on "the" than "employer."

2012) (citations and internal quotation marks omitted).  In passing the law,

> the Legislature declared its intent as follows: . . . Staffing levels for state labor law enforcement agencies have . . . declined . . . and are likely to fail to keep up with the growth of the labor market . . . .  It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general, while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act.

*Id.* (citations and internal quotation marks omitted).  Further, "[t]he Act was amended . . . to . . . require exhaustion of administrative procedures . . . .  [T]he amendment . . . improve[d] the Act by allowing the LWDA to act first on more 'serious' violations . . . and give employers an opportunity to cure less serious violations."  *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 375 (2005) (brackets omitted) (describing legislative history of PAGA).

Mindful of these goals, the court finds "the employer" to refer to any and all employers against whom violations are alleged.  Although the court is cognizant that at the time notice was provided the only alleged employer was TFP, plaintiffs should have provided notice to both the LWDA and the substituted employers prior to naming them as defendants.  Only then could plaintiffs properly comply with the statute, promoting enforcement of the Labor Code while also providing employers "an opportunity to cure less serious violations."  *Id.* Having failed to provide the required notice, plaintiffs' PAGA claim is improper as against Manpower.

The motion to dismiss is GRANTED as to the eighth claim.

### 3.  Failure to State a Claim

Manpower also argues dismissal of all claims is proper because, in each instance, plaintiffs fail to plead sufficient facts or a cognizable legal theory.  MTD at 9. Manpower repeatedly references plaintiffs' pending motion for class certification and supporting documentation.

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002),

8

and may not "consider[] evidence outside the pleadings," *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, exceptions exist for "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," which a court may properly consider "without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," and "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute" or "some public records." *Id.* (citations and internal quotation marks omitted).

The complaint does not refer to the subsequent motion for class certification or its supporting documentation; thus, it has not been incorporated by reference. As Manpower correctly notes, however, plaintiffs admit, in their class certification briefing, both that "there is no evidence" Manpower was aware of the alleged meal and rest break violations, Pls.' Mot. for Class Certification at 10 n.63, ECF No. 56, and that plaintiffs worked "pursuant to [TFP]'s regulations, work schedules, disciplinary rules, [and] meal and rest break schedules[, as well as] under the direction and control of [TFP] and its supervisory personnel . . . ." 7AC ¶ 2. Because these statements have been made to the court, they are judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." (emphasis omitted)).

       a.   First and Second Claims: Failure to Compensate All Hours Worked and Failure to Pay Overtime Wages in Violation of California Labor Code Sections 204, 510 & 1194

Manpower argues the first two claims must be dismissed because plaintiffs fail to allege necessary facts to support the claims, including "when [p]laintiffs performed the[ir] duties, how they were not paid by Manpower, the number of hours . . . worked and if/when they qualified for over time"; instead, they say, plaintiffs rely on only conclusory allegations. Def. Manpower's Reply to Opp'n ("Reply") at 9, ECF No. 126 (emphasis omitted). Plaintiffs

respond there is no requirement that the claims be pleaded with such specificity.  Opp'n at 11–12.

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.*  In alleging failure to compensate all hours worked and pay overtime wages then, "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.  This is particularly true . . . where Plaintiff alleges that Defendant failed to provide accurate wage statements . . . ."  *Ambriz v. Coca-Cola Co.*, No. 13-cv-03539-JST, 2013 WL 5947010, at *6 (N.D. Cal. Nov. 5, 2013) (alteration in original) (citation and internal quotation marks omitted).

The court finds plaintiffs' pleadings sufficient to withstand dismissal.  Contrary to Manpower's assertions, plaintiffs do not proffer mere conclusory allegations of an across-the-board policy of nonpayment.  Rather, plaintiffs specifically allege they were not compensated or paid overtime  "pre shift, post shift and during . . . meal breaks . . . [for] perform[ance of] integral and indispensable work duties of donning [and] doffing" personal protective equipment ("PPE").  7AC ¶¶ 31, 42.  Such factual allegations distinguish the instant claims from those insufficiently pleaded because plaintiffs describe a specific policy and manner in which they were not compensated.  *See, e.g.*, *Yuckming Chiu v. Citriz Sys., Inc.*, No. SA CV 11-1121 DOC (RNBx), 2011 WL 6018278, at *3 (C.D. Cal. Nov. 23, 2011) ("Plaintiff need not state where and when he worked to sufficiently allege a claim for unpaid overtime. . . . Such a requirement appears nowhere in *Twombly* or *Iqbal*, let alone the Federal Rules of Civil Procedure.").

The motion to dismiss is DENIED as to the first and second claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

b.  <u>Third Claim: Meal & Rest Periods in Violation of California
Labor Code Sections 226.7 & 512</u>

Manpower argues the third claim also must be dismissed because plaintiffs
make only conclusory allegations devoid of facts.  MTD at 11.  As above, the court finds such a
characterization to be inaccurate.  Plaintiffs specifically allege they were "required by . . .
[Manpower] during uncompensated meal breaks to perform integral and indispensable work
duties of donning[ and] doffing . . . PPE."  7AC ¶ 31.  As distinguished from the bare allegation
that an employer "fail[ed] to . . . provide uninterrupted Meal Periods," plaintiffs' third claim
includes sufficient factual matter to survive a motion to dismiss.  *See Harding v. Time Warner,
Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009) (record
citation and internal quotation marks omitted).

Manpower also argues that the claim is "inherently inconsistent," MTD at 12,
when considered in conjunction with plaintiffs' admissions that "there is no evidence"
Manpower was aware of the alleged meal and rest break violations, Pls.' Mot. for Class
Certification at 10 n.63, and that plaintiffs worked "pursuant to [TFP]'s regulations, work
schedules, disciplinary rules, [and] meal break and rest break schedules[, as well as] under the
direction and control of [TFP] and its supervisory personnel," 7AC ¶ 2.  These statements are
judicial admissions, but they do not warrant dismissal of the claim.

Plaintiffs' first admission, that "there is no evidence" Manpower was aware of
any meal and rest break violations, must be distinguished from an admission that Manpower
did not know of the alleged violations.  This distinction is dispositive where, as here,
Manpower moves for dismissal under Rule 12(b)(6).  The court thus tests only the sufficiency
of the factual allegations.  *See* Fed. R. Civ. P. 8; *see also Twombly*, 550 U.S. at 570; *Iqbal*, 556
U.S. at 678.  Additionally, there is no requirement under the relevant statutes that a violation be
knowing.  Cal. Lab. Code §§ 226.7, 512.

Plaintiffs' admission that they worked "pursuant to [TFP]'s regulations, work
schedules, disciplinary rules, [and] meal break and rest break schedules[, as well as] under the
direction and control of [TFP] and its supervisory personnel," 7AC ¶ 2, does not preclude their

11

also having been "required by . . . [Manpower] during uncompensated meal breaks" to don and doff PPE, *id.* ¶ 31.  This is especially true where, as here, plaintiffs allege defendants were joint employers, an "'essentially . . . factual issue,'" *Tanforan Park Food Purveyors Council v. NLRB*, 656 F.2d 1358, 1360 (9th Cir. 1981) (quoting *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)), improperly decided on a motion to dismiss.

The motion to dismiss is DENIED as to the third claim.

c.   <u>Fourth Claim: Meal & Rest Periods in Violation of California Code of Regulations Title 8, Section 11080 & Industrial Wage Commission Wage Order 4-2001</u>

Manpower argues the fourth claim must be dismissed, again because plaintiffs fail to allege sufficient facts.  MTD at 13.  Under the same analysis as that set forth in the discussion of the first, second and third claims above, the court rejects this argument.

Manpower also argues the fourth claim should be stricken as duplicative of the third.  Plaintiffs respond that the claims are distinct because the third is based on the Labor Code, while the fourth is based on Industrial Wage Commission ("IWC") Wage Orders.  Opp'n at 13–14.  Manpower replies that claims based on Wage Orders do not give rise to a private cause of action.  Reply at 7.

Because "IWC Wage Orders . . . do not contain a private right of action," *Villa v. United Site Servs. of Cal., Inc.*, No. 5:12-CV-00318-LHK, 2012 WL 5503550, at *5 (N.D. Cal. Nov. 13, 2012) (citing *Thurman v. Bayshore Transit Mgt.*, 203 Cal. App. 4th 1112, 1131-32 (2012)), Manpower's motion to strike is more properly considered a motion to dismiss, *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010).  "The IWC has not created, and has no power to create, a private right of action for a violation of a wage order . . . ."  *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012).

The motion to dismiss is GRANTED as to the fourth claim.

/////

/////

/////

12

1

2

      d.  Fifth Claim: Waiting Time Penalties Under California Labor
Code Sections 201 to 203

3

           Manpower argues the fifth claim must be dismissed because it is not supported

4 by sufficient factual allegations.  MTD at 14.  As this argument is substantially similar, if less

5 nuanced, than that raised by TFP in its motion to dismiss, Def. TFP's Mot. to Dismiss at 5–7,

6 ECF No. 13, so too are the court's conclusions: plaintiff Hernandez has stated a claim, but

7 plaintiff Morris has not, Order at 18, ECF No. 76.  For the same reasons as those outlined with

8 reference to plaintiffs' third claim, *supra*, Manpower's assertion that plaintiffs "have explicitly

9 conceded in this action that any purported violation by Manpower was not willful . . . [because

10 it] did not have any knowledge" is unavailing.  MTD at 14.

11

           Manpower also argues this claim must fail to the extent it is based on Labor

12 Code section 226.7, which requires employers to "pay the employee one additional hour of pay

13 at the employee's regular rate of compensation for each workday that the [legally compliant]

14 meal or rest or recovery period is not provided."  MTD at 15.  On the basis of the California

15 Supreme Court's holdings in *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1102–14

16 (2007), and *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1255–59 (2012), Manpower

17 asserts such payments "do not constitute 'wages.'"  MTD at 15.  Instead, because Labor Code

18 sections 202 and 203 punish only nonpayment of wages, "non-payment [of section 226.7

19 monies] does not give rise to liability for waiting time penalties."  *Id.*

20

           In *Murphy*, the California Supreme Court states unambiguously: "Section

21 226.7's '[a]dditional [h]our of [p]ay' [c]onstitutes [w]ages."  40 Cal. 4th at 1102.  It then

22 summarizes a twelve-page discussion as to why the payment is a wage, concluding: "[Section

23 226.7]'s plain language, the administrative and legislative history, and the compensatory

24 purpose of the remedy compel the conclusion that the 'additional hour of pay' is a premium

25 wage . . . ."  *Id.* at 1114 (citation omitted).  *Kirby* is equally unequivocal.  There, the court

26 states: "[W]e held in *Murphy* that this remedy [an additional hour of pay] is a 'wage'. . . ."

27 *Kirby*, 53 Cal. 4th at 1256.  It continues:  "[T]he additional hour of pay remedy in section 226.7

28 is a liability created by statute and that . . . liability is properly characterized as a wage . . . ."

1   *Id.* at 1257 (citation and internal quotation marks omitted).  While Manpower relies on *Murphy*

2   to distinguish between "premium wages" and "wages earned," that distinction is not applicable

3   here as sections 202 and 203 refer only to "wages" and "any wages," respectively.  CAL. LAB.

4   CODE §§ 202–203.  Manpower's reference to the statutory definition of "wages" is also

5   ineffectual, as the nonexclusive construction states simply that "'wages' includes . . . amounts

6   for labor performed . . . ."  CAL. LAB. CODE § 200(a).

7           Except as concerns plaintiff Morris, the motion to dismiss is DENIED as to the

8   fifth claim.

9                   e.   Sixth Claim: Wage Statements in Violation of California Labor
                         Code Section 226

10          Manpower argues on several bases that the sixth claim must be dismissed.  MTD

11  at 16–18.  First, it asserts that because this claim "is wholly predicated on" the preceding five

12  claims, it should be dismissed.  *Id.* at 16.  But four of the five preceding claims survive.

13          Manpower next argues the claim lacks sufficient facts, again asserting the

14  operative complaint contains only "factually devoid and conclusory allegations . . . ."  *Id.*  To

15  state a claim under Labor Code section 226, a plaintiff need only "allege [(1)] that [an

16  employer] knowingly and intelligently fail[ed] to furnish itemized statements showing" all

17  statutorily prescribed information and (2) that the plaintiff thereby suffered injury.  *Willner v.*

18  *Manpower, Inc.*, No. C 11-02846 JSW, 2012 WL 1570789, at *3 (N.D. Cal. May 3, 2012)

19  (record citation and internal quotation marks omitted).

20          In this respect, plaintiffs' pleading is sufficient to survive dismissal.  It alleges

21  Manpower "intentionally failed to make, keep and preserve true, accurate, and complete

22  records of . . . all hours worked . . . [and] wages owed for failure to offer legally compliant

23  meal and rest breaks . . . ."  7AC ¶ 76.  As a result, plaintiffs were injured because "pay checks

24  issued by . . . [Manpower did not] accurately reflect[] the total time worked . . . []or wage

25  premiums owed . . . ."  *Id.*  No more factual detail is required.  *See Yuckming Chiu*, 2011 WL

26  6018278, at *3; *see also Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1142 (E.D.

27  Cal. 2012).

28

14

Manpower further argues that section 226 requires only that "an employer accurately report wages that the employee is actually being paid."  MTD at 18.  However, the plain language of the statute belies this erroneous reading: "Every employer shall . . . furnish . . . an accurate itemized statement . . . showing . . . wages earned[ and] total hours worked by the employee . . . ."  CAL. LAB. CODE § 226(a).  If the statement must be accurate as to both wages earned and total hours worked, then accurate payment of inaccurately recorded hours would violate the statute.

Finally, Manpower argues section 226 does not require itemization of section 226.7 payments for noncompliant meal or rest breaks.  MTD at 18.  Here, section 226's plain language, quoted above, supports Manpower's reading: "Every employer shall . . . furnish . . . an accurate itemized statement in writing showing[, *inter alia*,] . . . wages earned . . . ."  CAL. LAB. CODE § 226(a).  Payments made pursuant to section 226.7, however, are "premium wages," compensating employees "for events other than time spent working," not "wages earned."  *See Murphy*, 40 Cal. 4th at 1113–14.  Thus, they need not be itemized.  *Nguyen v. Baxter Healthcare Corp.*, No. 8:10-cv-01436-CJC(SSx), 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011) ("[T]he plain language of Section 226(a) does not require that wage statement[s] include an itemized listing of any premium payments owed . . . for missed meal periods.").

Insofar as the sixth claim is premised on failure to itemize premium wage payments for noncompliant meal or rest breaks, the motion to dismiss is GRANTED.  In all other respects, the motion is DENIED.

    f.  Seventh Claim: Violation of the Unfair Competition Law, California Business & Professions Code Section 17200

Manpower argues the seventh claim must be dismissed because it is derivative of the other claims, which must fail.  MTD at 18–19.  However, as five of the six preceding claims survive, in whole or in part, this is not valid grounds for dismissal.

Manpower also argues specifically that insofar as it is premised on nonpayment of section 226.7 premiums, the seventh claim must be dismissed because "such payments are

15

liquidated damages and not wages."  Reply at 9.  Under the UCL, prevailing plaintiffs are limited to only injunctive relief and restitution.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (citing Cal. Bus. & Prof. Code § 17203).  "Plaintiffs may not receive damages . . . ."  *Id.*  Penalties, intended to "punish employers," not "compensate employees for work," are considered nonrestitutionary damages.  *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1401–02 (2010).

"[T]he 'additional hour of pay' remedy in section 226.7 is a 'liability created by statute' and . . . the liability is properly characterized as a wage, not a penalty."  *Kirby*, 53 Cal. 4th at 1257 (quoting *Murphy*, 40 Cal. 4th at 1102).  Although "the section 226.7 payment . . . compensates the employee for events other than time spent working,"—missed rest or meal breaks—the payments remain compensatory, not punitive.  *Murphy*, 40 Cal. 4th at 1113.  As such, they are properly characterized as restitution, not damages.

Except to the extent the seventh is premised on claims already dismissed above, the motion to dismiss is DENIED as to the seventh claim.

g.  Attorneys' Fees

Manpower argues plaintiffs' request for attorneys' fees, insofar as sought under California Code of Civil Procedure section 1021.5, should be dismissed.  It insists "'an award of attorney fees is not justified under section 1021.5 [where, as here,] . . . the public benefit gained from the law suit . . . and the important public right enforced by the suit . . . are coincidental' to the monetary or other personal gain realized by the party seeking fees."  *DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 199 (2007) (quoting *Pac. Mut. Life Ins. Co. v. State Bd. of Equalization*, 41 Cal. App. 4th 1153, 1165 (1996)).

/////
/////
/////
/////
/////
/////

16

Section 1021.5 states in pertinent part:

> [A] court may award attorneys' fees . . . in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

CAL. CIV. PROC. CODE § 1021.5.  In other words, "'[t]hree basic criteria are required to support an award of attorneys' fees under [this section]: (1) the action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement were such as to make the award appropriate.'"  *DiPirro*, 153 Cal. App. 4th at 197 (quoting *Abouab v. City & Cnty. of S.F.*, 141 Cal. App. 4th 643, 663 (2006)).  Further, it must be noted that "'privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and . . . , without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible.'"  *Id.* (quoting *Abouab*, 141 Cal. App. 4th at 663).

With reference to state court decisions holding that "wage and hour class actions result in 'significant public benefit,' entitling successful plaintiffs to attorneys' fees under [section] 1201.5," *Sliger v. Prospect Mortg., L.L.C.*, 789 F. Supp. 2d 1212, 1220 (E.D. Cal. 2011) (citing *Grodensky v. Artichoke Joe's Casino*, 171 Cal. App. 4th 1399, 1438 (2009)), the court finds that "[i]t remains to be seen whether [section] 1021.5 attorneys['] fees can be proved," *Allen v. Woodford*, Nos. 1:05-CV-01104-OWW-LJO, 1:05-CV-01282-OWW-WMW, 2006 WL 3762053, at *18 (E.D. Cal. Dec. 20, 2006).  "The claim cannot be eliminated as a matter of law."  *Id.*

The motion to dismiss is DENIED as to the request for attorneys' fees under section 1021.5.

/////

III.        MOTION TO STRIKE

      A. STANDARD

            Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  However, "Rule 12(f) does not authorize district courts to strike claims . . . precluded as a matter of law" because such claims do not fall within one "of the five categories cover[ed]" by Rule 12(f).  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).  Similarly, "Rule 12(f) . . . does not authorize a district court to dismiss a claim . . . precluded as a matter of law."  *Id.* at 976.  To "read Rule 12(f) in a manner that allow[s] litigants to use it as a means to dismiss some or all of a pleading . . . would . . . creat[e] redundancies within the Federal Rules of Civil Procedure[] because a Rule 12(b)(6) motion . . . already serves such a purpose."  *Id.* at 974.  Further, to do so would result in "[a]pplying different standards of review[] when the . . . underlying action is the same" because Rule 12(f) motions are reviewed for abuse of discretion, while Rule 12(b)(6) motions are reviewed *de novo*.  *Id.*

            However, "'[w]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion.'"  *Kelley*, 750 F. Supp. 2d at 1146 (quoting *Consumer Solutions R.E.O., LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009)).  This allows the court to avoid different standards of review but remains consistent with "'[t]he function of a 12(f) motion . . . to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'"  *Consumer Solutions*, 658 F. Supp 2d at 1020 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

      B. ANALYSIS

            Manpower moves to strike plaintiffs' fourth and seventh claims, as well as its request for attorneys' fees.

18

1

        1. <u>Fourth Claim: Meal & Rest Periods in Violation of California Code of Regulations Title 8, Section 11080 & Industrial Wage Commission Wage Order 4-2001</u>

Having granted dismissal, the court DENIES as moot the motion to strike the fourth claim.

        2. <u>Seventh Claim: Violation of the Unfair Competition Law, California Business & Professions Code Section 17200</u>

Because Manpower argues the seventh claim is precluded as a matter of law, *see* MTD at 18–19, the motion to strike is more properly construed as a motion to dismiss. *Kelley*, 750 F. Supp. 2d at 1146; *see also Whittlestone, Inc.*, 618 F.3d at 974–75. Having denied the motion to dismiss the seventh claim in section II.B.3.f, *supra*, the court declines to consider the challenge further. *Kelley*, 750 F. Supp. 2d at 1146.

        3. <u>Attorneys' Fees</u>

As with the seventh claim, Manpower argues that attorneys' fees are precluded as a matter of law. MTD at 19–20. The motion to strike is, therefore, properly construed as a motion to dismiss. *Kelley*, 750 F. Supp. 2d at 1146; *see also Whittlestone, Inc.*, 618 F.3d at 974–75. Having denied the motion to dismiss the prayer for attorneys' fees in section II.B.3.g, *supra*, the court declines to consider the challenge further. *Kelley*, 750 F. Supp. 2d at 1146.

IV.    <u>LEAVE TO AMEND</u>

    A. <u>STANDARD</u>

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted). "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *D.C.D. Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

19

1    "[T]he liberality in granting leave to amend[, however,] is subject to several

2    limitations.  Leave need not be granted where the amendment of the complaint would cause the

3    opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or

4    creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (citations omitted).  In addition, a court

5    should look to whether the plaintiff has previously amended the complaint, as "the district

6    court's discretion is especially broad 'where the court has already given a plaintiff one or more

7    opportunities to amend [the] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

8    B.   ANALYSIS

9    Plaintiffs seek leave to amend the complaint to add two claims against

10   Manpower and the other staffing agency defendants: (1) aiding and abetting; and (2) breach of

11   fiduciary duty.

12   Plaintiffs first filed suit on February 17, 2012, Zenewicz Decl., Ex. A at 2, ECF

13   No. 2-2, with defendant TFP removing to this court on June 26, 2013, Notice of Removal at 5.

14   Since the initial filing, plaintiffs have amended the complaint numerous times, with the seventh

15   amended complaint being the most recent.  Permitting additional amendment, particularly to

16   add new claims, would entail additional delay and likely prejudice Manpower and the other

17   defendants in forcing them to defend against new allegations.  These factors support denial.

18   *See Ascon Props.*, 866 F.2d at 1161 ("At some point . . . a party may not respond to an adverse

19   ruling by claiming that another theory not previously advanced provides a possible grounds for

20   relief and should be considered." (alteration, citation and internal quotation marks omitted));

21   *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (affirming

22   denial of leave to amend where "[t]he factual bases [of the proposed amendment] were known

23   . . . long before [the plaintiff requested leave to amend]").  Further, plaintiffs' proposed new

24   claims rest on tenuous legal grounds; neither plaintiffs nor the court has identified any case

25   establishing liability on these theories.  Amendment would thus "constitute[] an exercise in

26   futility." *Ascon Props.*, 866 F.2d at 1160 (citations omitted); *see, e.g.*, *Deutsch v. Turner*, 324

27   F.3d 692, 717–718 (9th Cir. 2003) (affirming denial of leave to amend on futility grounds).  *See*

28

1   *also* Status (Pretrial Scheduling) Order at 2, ECF No. 46 (barring further amendment in the

2   absence of good cause).

3               The court DENIES leave to amend.

4   V.       <u>CONCLUSION</u>

5              As set forth above, the motion is GRANTED IN PART and DENIED IN PART

6   as follows:

7         1. The fourth claim is dismissed entirely;

8         2. The fifth claim is dismissed as to plaintiff Wendell Morris;

9         3. The sixth claim is dismissed insofar as it relies on failure to itemize payments for

10           missed meal or rest breaks;

11         4. The eighth claim is dismissed entirely; and

12         5. The remaining claims may proceed.

13              IT IS SO ORDERED.

14   DATED: April 22, 2014.

15

16

17                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28