UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al.,<br><br>        Plaintiffs,<br>   v.<br>TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, et al.,<br><br>        Defendants. | No.  2:13-CV-01282-KJM-AC<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

        Filing six separate motions, defendant Taylor Farms, Inc. moves for partial summary judgment on various claims by plaintiffs Wendell T. Morris, Maria Del Carmen Pena, Rosemary Dail, Consuelo Hernandez and Leticia Suarez individually, as well as summary judgment on plaintiffs' PAGA (eighth) claim collectively.  Def.'s Mots. for Partial Summ. J. ("MSJs"), ECF Nos. 154–155, 157–160.  For the reasons stated below, the court STRIKES the motions.

I.      BACKGROUND

        As discussed at hearing, the court ordered all remaining dispositive motions against individual plaintiffs to be filed by June 18, 2014.  *See* Minute Order, ECF No. 143.  In accordance with this order, defendant filed six separate motions for partial summary judgment on June 18, 2014.  In total, the motions comprise sixty-eight substantive pages.

/////

## II. STANDARD

This court's standing order "places a page limit for dispositive motions of twenty (20) pages on all initial moving papers," and specifies that "[t]he parties are not to file multiple or supplemental briefs to circumvent this rule." In its pretrial scheduling order, the court reiterated the "page limit of twenty (20) pages on all moving papers" and further directed that "requests for page limit increases . . . be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion." Status (Pretrial Scheduling) Order at 3, ECF No. 46; *see also* L.R. 110.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal [or default], in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992); *see also Thompson v. Hous. Auth. Of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (noting the Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal [or default] for failure to comply with pretrial procedures mandated by local rules and court orders"). However, a finding of bad faith must precede any sanction under the court's inherent powers. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). "A party . . . demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)).

Where dismissal is too severe a sanction, courts may instead strike an offending motion. *See, e.g.*, *United States v. Sierra Pac. Indus.*, No. CIV S–09–2445 KJM–EFB, 2012 WL 175071 (E.D. Cal. Jan. 20, 2012); *Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.*, C 06–07824 SBA, 2008 WL 728639 (N.D. Cal. Mar. 17, 2008). The court may strike a claim or motion *sua sponte*. *See Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011); *see also Franklin v. United States*, No. 1:10–cv–00142–LJO–MJS, 2012 WL 5954016, at *1 (E.D. Cal. Nov. 28, 2012) (citation omitted) ("[T]rial courts make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents [other than pleadings].").

/////

III. <u>ANALYSIS</u>

This court has previously considered the permissibility of multiple motions for partial summary judgment in excess of the court's established page limits. *Sierra Pac. Indus.*, 2012 WL 175071, at *1. In *United States v. Sierra Pacific Industries*, two defendants jointly filed multiple motions for partial summary judgment. *Id.* The court pointed to the language regarding page limits in its standing and scheduling orders and noted:

> As is well known, "[t]he court's caseload is substantial and judicial resources are limited;" the court should not be tasked with resolving a dispute "in which [a party] intentionally and casually breaches court rules." *Whitsitt v. Vinotheque Wine Cellars*, 2007 U.S. Dist. LEXIS 59997, at *4, 2007 WL 2288128 (E.D. Cal. Aug. 7, 2007). "Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). It is within the court's discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

*Id.* The court concluded the defendants' "filing of multiple briefs circumvent[ed] the court's orders. Even if there were a plausible case for different readings of the court's orders, the failure to seek clarification from the court in advance [was] inexplicable." *Id.* at *2.

Here, as in *Sierra Pacific Industries*, defendant has circumvented the page limit established in the court's standing and scheduling orders by filing multiple motions without leave of court. In so doing, it has unnecessarily diverted the court's limited resources, hampering enforcement of court orders and delaying litigation. The court thus finds the motions to be brought in bad faith. *Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 649. In an exercise of its inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process," the court strikes the motions. *Chambers*, 501 U.S. at 44–45.

IV. <u>CONCLUSION</u>

As set forth above, the court STRIKES defendant's motions for partial summary judgment. If defendant wishes to be heard on August 8, 2014 as currently scheduled, it is directed to file a consolidated compliant motion by July 11, 2014.

1  Defense counsel is further ORDERED to show cause, concurrent with refiling,
2 why sanctions should not be imposed in the amount of $500.
3  IT IS SO ORDERED.
4 DATED: June 30, 2014.

_____
UNITED STATES DISTRICT JUDGE