UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, et al.,<br><br>Defendants. | No. 2:13-cv-01282-KJM-AC<br><br><br><br>ORDER |

        Manpower Inc. requests the court reconsider its order, issued October 7, 2014, ECF No. 191, denying Manpower leave to conduct discovery. Def. Manpower's Mot. Recons. (Mot.), ECF No. 192. The matter was submitted without argument. The court DENIES the motion but GRANTS Manpower leave to join one or both of the pending motions for summary judgment.

I.    BACKGROUND

        The plaintiffs initiated this case in February 2012 in California Superior Court, alleging several related wage and hour claims under California law. Not. Removal Ex. A, ECF Nos. 2-2, 2-3. On June 26, 2014, after the California court granted the plaintiffs leave to file a sixth amended complaint to add Manpower, Abel Mendoza Inc. (AMI), and others as defendants, the case was removed to this court. Not. Removal 1, ECF No. 2. Before Manpower filed a

1    responsive pleading, Taylor Farms Pacific, Inc. (TFP) filed a motion to dismiss, ECF No. 13,
2    which the court granted in part and denied in part, ordering the plaintiffs to file a seventh
3    amended complaint, Order, ECF No. 76.  Manpower requested and received leave to file a
4    responsive pleading 21 days after the plaintiffs filed their seventh amended complaint.  Stip. &
5    Prop. Order, ECF No. 90; Minute Order, ECF No. 91.  Manpower filed a motion to dismiss on
6    November 25, 2013, which was set for hearing on January 17, 2014.  ECF No. 121.  In the
7    meantime, the plaintiffs had filed a motion for class certification on October 4, 2013.  ECF No.
8    56.

9    After the plaintiffs raised questions about discovery at the hearing on Manpower's
10   motion to dismiss, the court issued an order on January 23, 2014, "endeavoring to dispel any
11   uncertainty" on discovery before class certification.  Order 1:22, ECF No. 132.  The court
12   observed it had "set deadlines relating only to class certification," and directed the parties "to
13   meet and confer as to whether merits discovery, perhaps with a limited scope, should proceed
14   before resolution of class certification."  *Id.* at 2:19-25.  It required they file a joint statement
15   apprising the court of their positions.  *Id.* at 2:25-3:2.  The parties, including Manpower, did so on
16   January 30, 2014.  Joint Statement, ECF No. 133.

17   On March 20, 2014, the court held a status conference.  Minutes, ECF No. 141.
18   On that day, TFP's motion for partial summary judgment, ECF No. 52, and Manpower's motion
19   to dismiss, ECF No. 121, remained pending.  At the status conference, the court informed the
20   parties it planned to require all dispositive motions be filed before resolving class certification.
21   Hr'g Tr. 4:20-22, ECF No. 145.  The court also asked the parties whether, after receiving the
22   court's ruling on the pending motions, "six weeks [would] be sufficient time to get any additional
23   dispositive motions on file."  *Id.* at 5:10-11.  TFP, AMI, Quality Farm Labor, and Slingshot
24   agreed six weeks would be sufficient time.  *Id.* at 5:12-13, 18-20 & 7:1-2, 4-9.  Manpower
25   reported it would need more time, at maximum "four to six months," including "at least 30 days
26   to take . . . depositions, 30 days to get the transcripts back, another . . . 30 days to file [the motion]
27   and then the time the Court needs to have it briefed and heard."  *Id.* at 5:23-24, 6:14-19.  The
28   plaintiffs agreed "living with any of the schedules proposed by the defendants works with us."

*Id.* at 7:18-19. The court clarified "merits discovery is not proceeding" and that discovery would only occur "motion by motion," in other words, "in the context of a motion that presents specific questions." *Id.* at 9:7-8, 10-11, 13-14.

On March 24, 2014, the court issued a minute order clarifying the discussion at the March 20 status conference. ECF No. 143. First, the court made clear discovery was stayed until resolution of the motion for class certification. *Id.* Second, the court granted the parties eight weeks after resolution of both the pending motions—for partial summary judgment and to dismiss—to file "any remaining dispositive motions against individual plaintiffs." *Id.* Third, the court ordered any party who "require[d] additional, focused discovery relating to these remaining dispositive motions . . . to meet and confer with the party or parties from whom it believe[d] it require[d] discovery and then file a joint status report with that party setting forth the parties' positions and seeking leave of court for such discovery." *Id.*

On March 28, 2014, the court granted in part and denied in part TFP's motion for partial summary judgment, Order, ECF No. 144, and on April 23, 2014, the court granted in part and denied in part Manpower's motion to dismiss. Order, ECF No. 146. The eight-week period defined in the March 24, 2014 minute order therefore began on April 23, 2014, and ended on June 18, 2014. TFP and AMI filed motions for summary judgment on June 18, 2014. ECF Nos. 153, 154, 155, 157, 158, 159, 160.[1] Manpower did not file a motion or join in the other motions for summary judgment, but filed a joint status report with the plaintiffs on June 12, 2014. ECF No. 150. In its report, Manpower (1) cited the text of the court's March 24, 2014 minute order, *id.* at 1:1-9; (2) informed the court it had not conducted any written discovery from the "Manpower Plaintiffs," *id.* at 1:22-23; (3) informed the court it had requested limited discovery from the plaintiffs, *id.* at 2:1-7; (4) described the parties' efforts to agree on additional limited discovery and their discovery disputes, *id.* at 2:19-4:2; (5) disagreed with the plaintiffs' characterization of their discovery dispute, *id.* at 4:4-5:6; (6) informed the court of Manpower's counsel's travel between April 25, 2014 and May 12, 2014, *id.* at 4:13-21; and (7) requested leave to conduct

---

[1] TFP's partial motions for summary judgment were stricken and replaced by its July 11, 2014 motion. *See* Order, ECF No. 162; Mot. Partial Summ. J., ECF No. 163.

limited discovery, including "abbreviated depositions" of the named plaintiffs who worked for Manpower, namely Consuelo Hernandez and Wendell Morris, *id.* at 1:13-15, 2:1-7, 5:3-6.

The court denied Manpower's request to conduct discovery on October 8, 2014. Order, ECF No. 191.  Manpower then filed this motion for reconsideration on October 22, 2014. ECF No. 192.  In its motion, Manpower reiterates that the plaintiffs did not name it as a defendant in the initial state court litigation, *id.* at 2: 2-15, and that it joined the action in 2013, *id.* at 2:16-27.  Manpower refers to the court's order of January 23, 2014, *id.* at 3:1-21, the status hearing held on March 20, 2014, *id.* at 3:22-5:13, the minute order of March 24, 2014, and Manpower's understanding that the minute order required only a joint report, and not a dispositive motion, before June 18, 2014, *id.* at 5:14-7:2.  Manpower emphasizes it has conducted no discovery. *Id.* at 9:3-26.  Manpower argues its understanding was not unreasonable and that it did not unreasonably or intentionally delay efforts to meet and confer. *Id.* at 9:25-12:3.  Manpower avers the plaintiffs also understood the minute order to require only a joint report, referring to the language of their June 12, 2014, report. *Id.* at 7:14-8:8.  The plaintiffs disagree. *See* Pls.' Opp'n Recons. (Opp'n), 4:8-12, ECF No. 193; Oliver Decl. ¶¶ 7-8, ECF No. 193-1 ("I did not believe that this order meant that if a Defendant requested discovery via a joint statement, this act alone would stay or nullify the Court's ordered deadline of June 18, 2014 to file any dispositive motions.").

Manpower requests the court reconsider its October 8 order, or in the alternative, "(1) permit[] Manpower to join one of Defendants' currently pending motions for summary judgment and (2) clarif[y] that Manpower will be allowed to conduct discovery and file dispositive motions following this Court's decision on class certification."  Mot. 13:20-23, ECF No. 192.  The plaintiffs opposed Manpower's motion to reconsider, ECF No. 193, and Manpower replied, ECF No. 194.

II.     DISCUSSION

A court may revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b).  Revision or reconsideration is a matter of the district court's discretion.

4

*See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). This authority allows a court to correct "simple mistakes" and efficiently alter "decisions based on shifting precedent." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Nevertheless, as a general rule, reconsideration is appropriate only if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This court's local rules require that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j). The rule derives from the "law of the case" doctrine, which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence[,] . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985).

Manpower argues reconsideration is appropriate "based on the fact that the Parties both understood the Court's March 24, 2014 Minute Order as requiring only submission of a Joint Status Report presenting a request for additional discovery by June 18, 2014 and reasonably believe[d] that they had complied with the express instructions in that Minute Order." Mot. 8:21-9:2. It claims "different circumstances now exist" because "it believed it was following the court's March 24, 2014, Minute Order and that [its] belief was reasonable based upon several factors . . . ." Reply 7:4-11. These factors are the same as those described in Manpower's June 2014 request. It does not present new facts, new evidence, new law, or describe clear error. The circumstances and transcript of the court's March 20, 2014, status conference and the March 24, 2014, minute order are not so ambiguous as Manpower suggests. The court originally expressed its intent that all dispositive motions be filed six weeks after deciding the pending motions for summary judgment and for dismissal. As noted, all parties but Manpower agreed six weeks would suffice; only Manpower requested four to six months. The court then allowed the parties

1  eight weeks "to file any remaining dispositive motions . . . ," without providing for any
2  exceptions with respect to the motion filing date. Minute Order, ECF No. 143. The court stayed
3  discovery, but did provide an exception for "additional, focused discovery" the parties agreed
4  upon and the court approved. *Id.* The eight weeks provided time for focused discovery as well as
5  filing of motions. Although the plaintiffs have expressed a willingness to stipulate to an
6  alternative schedule, parties may not by stipulation alone alter a scheduling order. Fed. R. Civ. P.
7  16(b)(4); E.D. Cal. L.R. 143; Standing Order ¶ 8, ECF No. 4-1. The court denies the motion to
8  reconsider.
9        Manpower requests, in the alternative, the court allow it to join the pending
10  motions for summary judgment or allow it to conduct discovery and submit a motion for
11  summary judgment after decision on the pending motion for class certification. No merits
12  discovery has yet occurred, and Manpower may, with the other parties, participate in any merits
13  discovery that takes place after a ruling on class certification. But the court denies Manpower's
14  request at this time to file additional dispositive motions after a ruling on the pending motion for
15  class certification. Granting this request would allow Manpower solicitude not afforded to other
16  parties, unnecessarily complicate and delay resolution of this case, and contradict the court's
17  clearly expressed intent to resolve dispositive motions before ruling on the parties' motion for
18  class certification. Nevertheless, the court will consider all parties' positions with respect to any
19  post-certification decision motions at the status to be set once class certification is determined.
20  The court finds allowing Manpower to join one or both of the pending motions for summary
21  judgment avoids any prejudice to Manpower.
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

1     In conclusion, the court ORDERS as follows:

2     (1) Manpower's motion for reconsideration is DENIED.

3     (2) Manpower's request to join one or both of the pending motions for summary judgment, ECF Nos. 153, 163, is GRANTED.  Manpower shall file any notice of joinder within seven days of the issuance of this order.

IT IS SO ORDERED.

DATED: November 20, 2014.

_____
UNITED STATES DISTRICT JUDGE