1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA DEL CARMEN PENA, et al.,          No. 2:13-CV-01282-KJM-AC

12
                         Plaintiffs,
13          v.                               ORDER

14   TAYLOR FARMS PACIFIC, INC., d/b/a
15   TAYLOR FARMS, et al.,

16
                         Defendants.
17

18          Defendant Abel Mendoza, Inc. ("AMI") moves for summary judgment on all

19   claims.  Def. AMI's Mot. Summ. J. ("MSJ") at 1, ECF No. 153-1.  The court heard argument

20   on August 22, 2014.  Patricia Oliver and Stuart Chandler appeared for plaintiffs, and Wade M.

21   Hansard appeared for defendant AMI.  Sabrina Beldner also was present, telephonically, for

22   defendant Manpower; and Jesse A. Cripps and Sarah Zenewicz were present for hearing on the

23   separate motion brought by defendant Taylor Farms Pacific, Inc. ("TFP").  For the reasons

24   below, AMI's motion is GRANTED IN PART and DENIED IN PART.

25   I.          BACKGROUND

26          Five named plaintiffs, composed of quitting and discharged former employees

27   of AMI, TFP and other codefendants, bring a putative class action.  Seventh Am. Compl.

28   ("7AC") ¶¶ 1–2, ECF No. 101.  The operative complaint alleges eight employment claims:

                                      1

1 (1) failure to compensate all hours worked; (2) failure to pay regular overtime wages;

2 (3) failure to offer legally compliant meal and rest breaks; (4) failure to offer meal breaks

3 within five hours of the commencement of work activities, second thirty-minute meal breaks on

4 shifts of ten hours or more, meal breaks on shifts of between five and six hours, second rest

5 breaks, or two ten-minute rest breaks on shifts between eight and ten hours; (5) unpaid wages

6 and waiting time penalties under California Labor Code sections 201 to 203; (6) failure to

7 properly itemize pay statements in violation of Labor Code section 226; (7) violation of

8 California Business and Professions Code section 17200, the unfair competition law ("UCL");

9 and (8) civil penalties under Labor Code section 2698, the Private Attorneys General Act

10 ("PAGA").  *Id.* ¶¶ 21–96.

11        The undisputed facts are as follows:

12    • Maria del Carmen Pena and Consuelo Hernandez are the only plaintiffs

13       alleged to have any relationship with AMI during the relevant time period. [1]

14       SUFs 1, 28, Pls.' Response to Def.'s SUF ("Pls.' SUF") 1, ECF No. 176-13.

15       Pena alleges in the 7AC she was hired by AMI and sent to work under the

16       supervision of TFP as a dual/joint employee.  *Id.* 2.  Hernandez alleges in the

17       operative complaint that she was hired by AMI, and then subsequently

18       directly hired by TFP. [2]  *Id.* 3, 26.

19    • AMI is a labor contractor, and as part of its business, supplies workers to

20       TFP.  *Id.* 4-5.  The times when an AMI worker started work and left for the

21       day were dictated by TFP.  *Id.* 13.

22    • Pena testified she believed she was compensated for all of her time, with the

23       exception of one or two times.  *Id.* 22.

24 ─────────────────────

25 [1] The Seventh Amended Complaint states plaintiff Consuelo Hernandez "worked as a direct employee for Taylor and as a joint/dual employee of Taylor, AMI, and MP" (7AC ¶ 25) but does not allege any contractual relationship with AMI.  Suarez, Dail, and Morris are silent as to any relationship with AMI.

26

27 [2] Plaintiff Hernandez agreed this is an undisputed fact at the hearing on August 22, 2014.  Tr. of Proceedings, ECF No. 189 at 22:13-17.

28

- The notice sent to the California Labor & Workforce Development Agency and TFP on April 9, 2013 does not mention AMI or copy a representative of AMI. *Id.* 30.

II.    STANDARD

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An "issue of fact [is] . . . 'genuine'" where established by the presence or absence of "specific facts," not mere "metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "material" facts are those that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A moving party is entitled to judgment as a matter of law "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)); *accord* Fed. R. Civ. P. 50(a) ("If a party has been fully heard on an issue . . . and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law . . . .").

The moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party successfully does so, the burden shifts to the nonmoving party, who "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). On summary judgment, the court views all evidence and draws all inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).

III.        ANALYSIS

     A.    Effect of Previous Order on Fourth Claim

        In a previous order on codefendant Manpower's motion to dismiss, the court dismissed the fourth claim as to all plaintiffs, in addition to dismissing other claims as well. *See* Apr. 23, 2014 Order, ECF No. 146.

        The law of the case doctrine applies to issues of law previously decided by the court. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) ("Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'").  No facts have or could emerge since the court's previous decision on Manpower's motion that would justify a different conclusion with respect to claim four as to codefendant AMI.  Plaintiffs cannot proceed on the claim.  *See U.S. ex rel. Eitel v. Reagan*, 35 F. Supp. 2d 1151, 1155 (D. Ariz. 1998), *aff'd sub nom. Eitel v. United States*, 242 F.3d 381 (9th Cir. 2000); *see also Hays v. Transp. Sec. Admin.*, No. CV 11-3198-DMG PJW, 2014 WL 1512252, at *2 (C.D. Cal. Mar. 11, 2014), *adopted by* No. CV 11-3198-DMG PJW, 2014 WL 1498157 (C.D. Cal. Apr. 15, 2014) ("finding is the law of the case and, in the absence of any exception, applies uniformly to all [d]efendants and all claims in this case").

     B.    Plaintiffs Hernandez, Suarez, Dail & Morris

        AMI argues that summary judgment is proper as to all other claims brought by plaintiffs Hernandez, Suarez, Dail and Morris because they each fail to allege an employment relationship with AMI.  MSJ at 4–5; *see also* Pls.' Response to Def.'s SUF ("Pls.' SUF") 1, ECF No. 176-13.  Plaintiffs respond that even without an employment relationship, AMI may still be liable because it "admits its . . . workers sometimes worked as [supervisory] line leads" for TFP and may thus have aided and abetted TFP's violations.  Pls.' Opp'n to MSJ ("Opp'n") at 18.  Plaintiffs continue, "[w]ithout [individual] merits discovery," they cannot  "determine[] what role AMI played in enforc[ing] [TFP's challenged] policies" or the resulting liability.  *Id.*

4

Plaintiffs argue they should be given the chance to seek further discovery, and summary

judgment is improper at this time.

      In deciding codefendant TFP's first motion for summary judgment, the court

determined that if a claim is not pled in the complaint, "an argument based on new factual

bases, akin to one based on new legal theories, [is] improperly raised on summary judgment."

Mar. 28, 2014 Order at 8 (citing *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th

Cir. 2006)), ECF No. 144.  To permit otherwise "would read the 'fair notice' requirement out

of Rule 8(a) . . . ."  *Id.* (internal quotation marks omitted).  Here as well, plaintiffs attempt to

raise a new legal theory, aiding and abetting, without having included such a claim in the

complaint.  *Compare* Opp'n at 18–19, *to* 7AC ¶¶ 10, 19–20, ECF No. 101.  Although plaintiffs

allege AMI is a "joint/dual" employer, that theory may not be stretched to encompass aiding

and abetting liability where no employment relationship is alleged.  *See Pickern*, 457 F.3d at

968.

      The court grants summary judgment in favor of AMI on all claims brought by

plaintiffs Hernandez, Suarez, Dail and Morris.

    C.  Plaintiff Pena

      1.  All Claims

      AMI argues summary judgment is proper on all of plaintiff Pena's claims, other

than claim four, because, "[a]ssuming *arguendo* that [she] was not compensated for all hours

worked, . . . any discrepancy is de minimis as a matter of law."  MSJ at 5-7.  In support, AMI

cites plaintiff Pena's sworn testimony that "it took less than ten . . . minutes to don and doff the

required [personal protective equipment or] PPE" in each of the three areas in which she

worked.  MSJ at 6–7 (citing Def.'s SUF 16–21).  Plaintiffs respond that it remains "an open

question whether the *de minimis* doctrine applies to wage and hour cases in California."  Opp'n

at 7.  They continue, "[e]ven assuming *arguendo* that [it does apply], AMI failed to satisfy the

required elements . . . ." and thus cannot prevail on summary judgment.  *Id.*

      The *de minimis* doctrine "is concerned with the practical administrative

difficulty of recording small amounts of time for payroll purposes."  *Lindow v. United States*,

5

738 F.2d 1057, 1062 (9th Cir. 1984).  It requires "[e]mployers . . . [to] compensate employees for even small amounts of daily time unless that time is so miniscule that it cannot, as an administrative matter, be recorded."  *Id.* at 1062–63.

Courts "must . . . apply[] the federal *de minimis* doctrine to . . . employees' [wage] claims" under the California Labor Code.  *Gillings v. Time Warner Cable L.L.C.*, ___ F. App'x ___, 2014 WL 3563193, at *2 (9th Cir. July 21, 2014).  Under the federal doctrine, "in determining whether otherwise compensable time is *de minimis*, [courts] consider (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work."  *Lindow*, 738 F.2d at 1062.  "[N]o precise amount of time . . . may be denied compensation as *de minimis*," and "[n]o rigid rule . . . applie[s] with mathematical certainty."  *Id.*  "Rather, common sense must be applied to the facts of each case."  *Id.*  Nonetheless, "[m]ost courts have found daily periods of approximately [ten] minutes *de minimis* . . . ."  *Id.*  Because the defendant "bear[s] the burden of proving the applicability of the *de minimis* doctrine at trial," to prevail on summary judgment, it "must come forward with evidence that would entitle it to a directed verdict . . . ."  *Id.* (internal quotation marks omitted).

AMI's showing here on the pending motion is insufficient.  Although AMI points to some evidence related to the amount of time it took plaintiff Pena to don and doff PPE, AMI fails to carry its evidentiary burden as to the other *Lindow* factors.  Even assuming the amounts of time Pena spent donning and doffing were "very short, that circumstance does not justify application of the *de minimis* doctrine without consideration of the two other factors articulated in *Lindow* . . . ."  *Gillings*, 2014 WL 3563193, at *2.  As to the other factors, AMI states in conclusory fashion that "the practical administrative difficulty of recording the additional time given the multitude of areas workers were assigned" is a "given" and fails completely to address the regularity of the additional work.  MSJ at 7.

The court denies summary judgment on these grounds.

/////

/////

6

1

2                    2. <u>Fifth Claim: Unpaid Wages & Waiting Time Penalties</u>

3            AMI next argues summary judgment is proper on plaintiff Pena's fifth claim

4    because it did not "willfully fail to pay." MSJ at 7–9. AMI contends it "had no way of

5    knowing that [plaintiff] Pena was not being fully compensated, . . . assuming she was not,"

6    because "the training, supervision and control of AMI workers assigned to TFP . . . was

7    handled solely by TFP . . . ." *Id.* at 9. Plaintiffs argue that whether AMI's actions were

8    "willful" is "a subjective claim . . . inappropriate for a Motion for Summary Judgment." Opp'n

9    at 10.

10           Under the California Labor Code, if an employer "willfully fails to pay" wages,

11   it is subject to statutory penalties known as "waiting time" penalties. Cal. Lab. Code § 203(a).

12   Payment must include, "without abatement or reduction, . . . any wages of an employee who is

13   discharged or who quits." *Id.* If an employer fails to make payment as required, "the wages of

14   the employee shall continue as a penalty from the due date . . . at the same rate until paid" for

15   up to thirty days. *Id.*

16           Willful failure "occurs when an employer intentionally fails to pay wages to an

17   employee when those wages are due," Cal. Code Regs. tit. 8, § 13520, or refuses to perform an

18   act, such as full payment, that is "required to be done," *Barnhill v. Robert Saunders & Co.*,

19   125 Cal. App. 3d 1, 7 (1981). Although the failure to pay "need not be based on a deliberate

20   evil purpose to defraud work[ers] of wages," section 203 does require that a penalized

21   employer be "at fault." *Id.* In other words, the employer must "owe[] the debt and refuse[] to

22   pay it." *Id.*

23           A good faith dispute that wages are due "preclude[s] imposition of waiting time

24   penalties . . . ." Cal. Code Regs. tit. 8, § 13520. Such a dispute "occurs when an employer

25   presents a defense, based in law or fact which, if successful, would preclude any recover[y] on

26   the part of the employee." *Id.* § 13520(a). The ultimate success of such a defense is immaterial

27   to the good faith analysis, but defenses that "under all the circumstances, are unsupported by

28

                                                    7

1    any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good

2    faith dispute.'"  *Id.*

3              Under the Federal Rules of Civil Procedure, "[i]f a nonmovant shows by . . .

4    declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

5    the court may . . . allow time . . . to take discovery," Fed. R. Civ. P. 56(d)(2), and "defer the

6    time to respond to the . . . motion," *id*. advisory committee notes (2010 amendment).  Here,

7    discovery has largely been stayed since AMI's appearance, and the parties have not engaged in

8    merits discovery in this court.  Further, plaintiffs have filed a declaration attesting that AMI has

9    not produced any "documents related to AMI's relationship with [TFP]," including "contracts,

10   invoices, or communications between [TFP] and AMI."  Oliver Decl. ¶ 15, ECF No. 176-2.

11   Without such discovery related to this well pled claim, plaintiffs cannot properly oppose the

12   motion because defendants possess all the evidence required to substantiate plaintiffs' theory of

13   liability.

14             Summary judgment on this claim is thus improper at this juncture and so is

15   denied.  The stay on discovery will be lifted following entry of the court's order on class

16   certification, which is forthcoming.

17                        3.  <u>Sixth Claim: Noncompliant Pay Statements</u>

18             Plaintiff  "concede[s] . . . the claim for wage statement penalties on behalf of

19   [plaintiff] Pena . . . is time barred . . . ."  Pls.' Opp'n to Def. TFP's Mot. Summ. J. at 18.

20             The court grants summary judgment in favor of AMI on plaintiff Pena's sixth

21   claim.

22                        4.  <u>Seventh Claim: UCL</u>

23             AMI argues summary judgment is proper on plaintiff Pena's seventh claim

24   because it is "wholly derivative" of the first six claims, none of which should survive.  MSJ at

25   10–11.  However, the court is denying summary judgment in several respects and multiple

26   claims survive on which the unfair competition claim may rest.

27             The court denies summary judgment as to plaintiff Pena's seventh claim.

28   /////

### 5. Eighth Claim: PAGA

Finally, AMI argues the eighth claim should be dismissed for failure to exhaust administrative remedies as to the labor contractor defendants.  Plaintiffs do not dispute that any notice of the PAGA claim to the LWDA did not mention AMI, and AMI was not notified of any correspondence with the LWDA.  SUF 30, Pls.' SUF.

An employee may bring a claim under PAGA only after the "aggrieved employee or representative give(s) written notice by certified mail to the LWDA and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."  Cal. Lab. Code § 2699.3(a)(1); *Thomas v. Home Depot USA Inc*., 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007) ("Individuals who bring claims under PAGA must comply with the administrative procedures set forth in Labor Code § 2699.3," including the "exhaustion requirements" set forth in that section); *Caliber Bodyworks, Inc. v. Superior Court,* 134 Cal.App.4th 365, 375 (2005) (PAGA, as amended in 2004, requires "exhaustion of administrative procedures before an action may be filed to allow the LWDA the initial opportunity to investigate and cite employers for Labor Code violations.").

As plaintiff Pena failed to provide notice to defendant AMI, she did not comply with PAGA's threshold requirement.  *Cf.* Apr. 23, 2014 Order, ECF No. 146.  This claim may not proceed.

### IV.   CONCLUSION

As set forth above, the court GRANTS IN PART and DENIES IN PART the motion.  Summary judgment is granted in favor of AMI as to:

1.   All claims brought by plaintiff Hernandez;

2.   All claims brought by plaintiff Suarez;

3.   All claims brought by plaintiff Dail;

4.   All claims brought by plaintiff Morris; and

5.   The fourth, sixth and eighth claims of plaintiff Pena.

/////

1        Summary judgment otherwise is denied.

2        IT IS SO ORDERED.

3    DATED:  February 3, 2014.

4

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28