UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al., | No. 2:13-CV-01282-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FARMS, et al., | |
| Defendants. | |

      Defendant Taylor Farms Pacific, Inc. ("TFP") moves for partial summary judgment on claims brought by plaintiffs Maria del Carmen Pena, Consuelo Hernandez, Leticia Suarez, Rosemary Dail and Wendell T. Morris. Def. TFP's Mot. Summ. J. ("Mot.") at 1, ECF No. 163. The court heard argument on August 22, 2014. Patricia Oliver and Stuart Chandler appeared for plaintiffs; Jesse A. Cripps and Sarah Zenewicz appeared for defendant TFP; Wade M. Hansard appeared for codefendant Abel Mendoza, Inc. ("AMI"); and Sabrina Beldner appeared telephonically for codefendant Manpower. Manpower joined in the motion on November 26, 2014. ECF No. 197. For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

/////

/////

1

I.  BACKGROUND

Five named plaintiffs, former employees of TFP and other codefendants, bring a putative class action. Seventh Am. Compl. ("7AC") ¶¶ 1–2, ECF No. 101. The operative complaint alleges eight employment claims: (1) failure to compensate all hours worked; (2) failure to pay regular overtime wages; (3) failure to offer legally compliant meal and rest breaks; (4) failure to offer meal breaks within five hours of the commencement of work activities, second thirty-minute meal breaks on shifts of ten hours or more, meal breaks on shifts of between five and six hours, second rest breaks, or two ten-minute rest breaks on shifts between eight and ten hours; (5) unpaid wages and waiting time penalties under California Labor Code sections 201 to 203; (6) failure to properly itemize pay statements in violation of Labor Code section 226; (7) violation of California Business and Professions Code section 17200, the unfair competition law ("UCL"); and (8) civil penalties under Labor Code section 2698, the Private Attorneys General Act ("PAGA"). *Id.* ¶¶ 21–96. Claims 1, 2, 3, 5, 6, 7 and 8, or portions thereof, are covered by TFP's pending motion.

The undisputed facts are as follows:

- Plaintiff Pena was hired, paid and discharged by codefendant AMI but worked at a TFP location from May 2006 to April 2010. Def.'s Statement of Undisputed Facts ("Def.'s SUF") 1, 10, 19, ECF No. 163-1. She testified generally at deposition to donning and doffing on the clock. *Id.* 7–9. She also testified that she received inaccurate wage statements but did not raise the issue with AMI or TFP. *Id.* 17. A TFP employee admitted she did not know how AMI paid its employees but testified that TFP had no involvement. *Id.* 13. Plaintiff Pena did not inform AMI or TFP where a final paycheck should be sent but picked it up from AMI subsequent to her discharge. *Id.* 19.
- Plaintiff Hernandez was employed by TFP from June 2008 to March 2009. *Id.* 28. She testified she does not know how long it took her to don and doff protective equipment. *Id.* 30. She also testified she abandoned her position in March 2009 without requesting payment, *see id.* 36, 38, and that she returned to

TFP later that month to retrieve her final paycheck, *id.* 40.  In October 2011, she worked an additional single shift at TFP through codefendant Manpower before resigning, *id.* 41, 46, but never returned to TFP to collect her paycheck or indicated where the check should be sent, *id.* 48.  She also testified that she reviewed her paychecks but did not recall being underpaid and that she understood her wage statements, *id.* 33–34.

- Plaintiff Dail was employed by TFP from June 2009 to September 2010.  *Id.* 64.  She testified to donning and doffing on the clock.  *Id.* 65, 67, 69.
- Plaintiff Morris was assigned to work at a TFP location but employed by codefendant Manpower from March 2012 to April 2012 and codefendant Quality Farm Labor, Inc. from April 2012 to July 2012.  *Id.* 80.  He was directly employed by TFP from July 2012 to November 2012.  *Id.* 80–81.  Plaintiff Morris testified to donning and doffing on the clock, *id.* 82–83, and to receiving full meal and rest breaks, *id.* 86–89.  He also testified that he reviewed his wage statements, which he understood, and did not identify any errors.  *Id.* 90.  Finally, plaintiff Morris sent a PAGA notice letter to the California Labor and Workforce Development Agency ("LWDA") in April 2013 but only faxed the same notice to TFP.  *Id.* 96.

II.     STANDARD

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An "issue of fact [is] . . . 'genuine'" where established by the presence or absence of "specific facts," not mere "metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "material" facts are those that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A moving party is entitled to judgment as a matter of law "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253,

3

1  289 (1968)); *accord* Fed. R. Civ. P. 50(a) ("If a party has been fully heard on an issue . . . and
2  the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to
3  find for the party on that issue, the court may . . . grant a motion for judgment as a matter of
4  law . . . .").

5  The moving party bears the initial burden of showing "that there is an absence of
6  evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
7  (1986). If the moving party successfully does so, the burden shifts to the nonmoving party,
8  who "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus.*
9  *Co.*, 475 U.S. at 585. In carrying their burdens, both parties must "cit[e] to particular parts of
10 materials in the record . . . or show[] that the materials cited do not establish the absence or
11 presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to
12 support the fact." Fed. R. Civ. P. 56(c)(1). On summary judgment, the court views all
13 evidence and draws all inferences therefrom in the light most favorable to the nonmoving party.
14 *Matsushita Elec. Indus. Co.*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th
15 Cir. 2008).

16 III.  ANALYSIS

17  A.  First & Second Claims

18 TFP moves for summary judgment on the failure-to-compensate and failure-to-
19 pay-overtime claims of plaintiffs Pena, Hernandez, Dail and Morris because each "admitted
20 unequivocally that they donned and doffed while on-the-clock." Mot. at 9. It also asserts
21 summary judgment is appropriate as against plaintiff Pena for the further reason that "any time
22 spent 'donning' equipment off-the-clock was de minimis" and as against plaintiff Hernandez
23 because "she did not claim that she was owed any unpaid wages for off-the-clock work in her
24 sworn discovery responses calculating the monies she is allegedly owed." *Id.* at 9–10.

25 Plaintiffs respond that summary judgment is inappropriate at this juncture
26 because they have not been afforded "a full opportunity to conduct discovery of information
27 essential to their opposition." Opp'n at 9, ECF No. 168 (citation and internal quotation marks
28 omitted). Because "[t]he essential facts and evidence are in [TFP]'s exclusive possession,"

1 they insist "the court should continue the hearing and ruling on this motion until merits
2 discovery is completed and [TFP] produces all information relevant to the claims . . . ." *Id.*
3 (citation and internal quotation marks omitted).

4    Alternately, plaintiffs argue that to the extent TFP has produced relevant
5 records, they "show [hundreds] of instances of hours worked without compensation
6 . . . [including] missed, late or shortened meal periods . . . ." *Id.*  Any inconsistencies in
7 plaintiffs' testimony as to when, where and donning and doffing was done, and whether it was
8 done off or on the clock, are "due to a misunderstanding of the question or a translation issue."
9 *Id.* at 10.  Regardless, plaintiffs insist any inconsistencies impact only their credibility and the
10 information is sufficient for them to survive summary judgment. *Id.*  They also say TFP has
11 failed to meet its burden to establish that any uncompensated time was de minimis and that
12 plaintiff Hernandez adequately stated her damages.  *Id.* at 10–13.

13    In support of their opposition, plaintiffs submit a number of exhibits relying on
14 Federal Rule of Evidence 1006.  Pls.' Appendix Exs. 1006-A to I, ECF No. 170.  Rule 1006
15 permits the proponent to "use a summary, chart, or calculation to prove the content of
16 voluminous writings . . . that cannot be conveniently examined in court.  The proponent must
17 make the originals or duplicates available for examination . . . [a]nd the court may order the
18 proponent to produce them in court." Fed. R. Evid. 1006.  Here, plaintiffs proffer summaries as
19 exhibits, averring that they have been "prepared . . . to collect and present pertinent evidence
20 that would otherwise appear only in voluminous spreadsheets."  Oliver Decl. ¶ 6, ECF No. 171.
21 TFP does not contest the validity of the underlying source data but argues plaintiffs, "have not
22 explained or identified their methodology" in preparing the exhibits, and "modified liberally
23 the actual data" without explanation of the methodology and analysis used to calculate the
24 "foundationless and incomplete excerpts of inadmissible data."  Def.'s Objections at 2-6, ECF
25 No. 180 (citing, among other rules, Fed. R. Evid. 602).  Plaintiffs respond that their explanation
26 was taken verbatim from the Rule 1006 exhibits TFP proffered in opposition to the pending
27 motion for class certification.  ECF No. 56.  The court overrules TFP's objection.
28

5

TFP has failed to carry its burden with respect to claims one and two. The data underlying the Rule 1006 exhibits, the validity of which TFP does not contest, show there were meal periods shorter than the durations specified by statute. *See* Pls.' Appendix Exs. 1006-B to F. Even if the punch data ultimately are not alone probative of violations, because an employer's obligation is only to make available and not to enforce meal periods of statutorily specified durations, they are nonetheless "evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. On the totality of the record before the court, summary judgment is improper on this ground.

To the extent TFP relies on the *de minimis* argument, the court also denies its motion. The *de minimis* doctrine "is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes." *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984). It requires "[e]mployers . . . [to] compensate employees for even small amounts of daily time unless that time is so miniscule that it cannot, as an administrative matter, be recorded." *Id.* at 1062–63.

Courts "must . . . apply[] the federal *de minimis* doctrine to . . . employees' [wage] claims" under the California Labor Code. *Gillings v. Time Warner Cable L.L.C.*, ___ F. App'x ___, 2014 WL 3563193, at *2 (9th Cir. July 21, 2014). Under the federal doctrine, "in determining whether otherwise compensable time is *de minimis*, [courts] consider (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Lindow*, 738 F.2d at 1062. "[N]o precise amount of time . . . may be denied compensation as *de minimis*," and "[n]o rigid rule . . . applie[s] with mathematical certainty." *Id.* "Rather, common sense must be applied to the facts of each case." *Id.* Nonetheless, "[m]ost courts have found daily periods of approximately [ten] minutes *de minimis* . . . ." *Id.* Because the defendant "bear[s] the burden of proving the applicability of the *de minimis* doctrine at trial," to prevail on summary judgment, it "must come forward with evidence that would entitle it to a directed verdict . . . ." *Id.* (internal quotation marks omitted).

TFP, however, has failed to provide sufficient evidence to meet this high burden. Although TFP presents evidence concerning the amount of time plaintiffs spent donning and doffing, the parties dispute the amount of time that may have gone uncompensated. *See, e.g.*, Mot. at 2-7; Opp'n at 10; Pl.'s Response to SUF 3, ECF No. 173. Even assuming those amounts of time were "very short, that circumstance does not justify application of the *de minimis* doctrine without consideration of the two other factors articulated in *Lindow* . . . ." *Gillings*, 2014 WL 3563193, at *2. As to the other factors, TFP does not present evidence eliminating a factual dispute as to why a practice of recording all donning and doffing time that occurred on the clock would not be feasible. Additionally, donning and doffing may have occurred with great regularity, before and after every shift. Pena responds affirmatively in her deposition that, in 2008, she would take her equipment off first and then punch out, and that "the one that was in charge of the fruit told us to do it . . . about four times" "between approximately 2008 and 2010." SUF 5. This testimony from Pena does not conclusively state whether she doffed on the clock with respect to all of her duties, such as cleanup or maintenance. The reference to doffing in the fruit room does not resolve any factual dispute as to whether donning and doffing off the clock was common, uncompensated time.

Finally, TFP's argument that plaintiff Hernandez did not adequately claim damages for off-the-clock work is belied by her interrogatory responses saying that defendant failed to offer legally compliant meal and rest breaks, and failed to pay for all hours worked. Mot. Ex. H at 2, ECF No. 163-10; *id.* Ex. V at 13, ECF No. 163-24.

The court denies summary judgment as to the first and second claims of plaintiffs Pena, Hernandez, Dail and Morris.

B. Third Claim

TFP argues it is entitled to summary judgment on the meal-and-rest-break claims of plaintiffs Pena, Suarez, Dail and Morris because each admitted to taking full break periods. Mot. at 11-12 (citing to SUFs 7, 56-57, 79, 86-88). As with the first and second claims, plaintiffs again counter that TFP's own records "demonstrate that [it] failed to provide the legally required" meal and rest breaks." Opp'n at 14. In doing so, plaintiffs continue to

7

rely on the Rule 1006 exhibits, and TFP again objects. As above, the court overrules the objection. The evidence supports plaintiffs' claims the meal breaks were shorter than what is statutorily required. With that evidence, a triable issue has been raised and summary judgment is improper.

The court denies summary judgment as to the third claim of plaintiffs Pena, Suarez, Dail and Morris.

C. Fifth Claim

TFP argues summary judgment is warranted on the claims for waiting time penalties brought by plaintiffs Pena and Hernandez. Mot. at 13. As to Pena, TFP argues summary judgment is warranted because:

> (1) she admitted that she was discharged by [codefendant AMI];
> (2) she admitted that all of her paychecks were issued by [AMI];
> (3) she admitted that, on a few occasions when she claims to have received inaccurate wage statements from [AMI], she did not raise any issues because she "didn't pay attention to it"; and (4) it is undisputed that [TFP] does not review [AMI]'s payments to [AMI] employees.

*Id.* As to Hernandez, TFP argues summary judgment should be granted because Hernandez "admitted that she did not demand tender of payment or request delivery of her final paycheck" as required for the imposition of penalties under the California Labor Code. *Id.* Plaintiffs oppose, arguing summary judgment is not warranted because TFP "never offers any evidence to support" a finding as a matter of law that "its failure to compensate employees was done in good faith." Opp'n at 16.

Under the Labor Code, if an employer "willfully fails to pay" wages, it is subject to "waiting time" penalties. Cal. Lab. Code § 203(a). Payment must include, "without abatement or reduction, . . . any wages of an employee who is discharged or who quits." *Id.* If an employer fails to make payment as required, "the wages of the employee shall continue as a penalty from the due date . . . at the same rate until paid" for up to thirty days. *Id.*

Willful failure "occurs when an employer intentionally fails to pay wages to an employee when those wages are due," Cal. Code Regs. tit. 8, § 13520, or refuses to perform an act, such as full payment, that is "required to be done," *Barnhill v. Robert Saunders & Co.*,

8

125 Cal. App. 3d 1, 7 (1981).  Although the failure to pay "need not be based on a deliberate evil purpose to defraud workmen of wages," section 203 does require that a penalized employer be "at fault."  *Id.*  In other words, the employer must "owe[] the debt and refuse[] to pay it."  *Id.*

A good faith dispute that wages are due "preclude[s] imposition of waiting time penalties . . . ."  Cal. Code Regs. tit. 8, § 13520.  Such a dispute "occurs when an employer presents a defense, based in law or fact, which, if successful, would preclude any recover[y] on the part of the employee."  *Id.* § 13520(a).  The ultimate success of the defense is immaterial to the good faith analysis, but defenses that "under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.'"  *Id.*

As to both plaintiffs Pena and Hernandez, summary judgment is improper at this juncture.  Under the Federal Rules of Civil Procedure, "[i]f a nonmovant shows by . . . declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time . . . to take discovery," Fed. R. Civ. P. 56(d)(2), and "defer the time to respond to the . . . motion," *id.* advisory committee notes (2010 amendment).  Plaintiffs attest that TFP has not produced:

- "emails regarding the relationship between [TFP] and [codefendants]";
- "documents and witnesses who handle the negotiation of the agreement between [TFP] and [codefendants]"; or
- "witnesses [for deposition] who can authenticate the documents actually provided by [TFP], and serve as persons most knowledgeable . . . ."

Oliver Decl. ¶ 29, ECF No. 171.  Discovery has been stayed until the court rules on plaintiffs' pending motion for class certification.  ECF No. 143.  Without such discovery, plaintiffs cannot properly oppose the motion because defendants possess all the evidence required to substantiate plaintiffs' theory of liability, which depends in part on the relationship between TFP and codefendants.  *See* Fed. R. Civ. P. 56(d)(2); *see also Burlington N. Santa Fe R.R. Co.*, 323 F. 3d at 774–75.

9

The court denies summary judgment as to the fifth claim. The stay on discovery will be lifted upon entry of the court's order on class certification, which is forthcoming.

D. Sixth Claim

Plaintiffs concede that the wage statement claims of plaintiffs Pena, Suarez and Dail are time-barred. Opp'n at 18. The court grants summary judgment as to these plaintiffs.

TFP moves for summary judgment on the wage statement claims of plaintiffs Hernandez and Morris. It argues these claims do not survive because these plaintiffs' "bare allegations that their wage statements were inaccurate is contradicted by unequivocal testimony they reviewed their wage statements and never identified anything inaccurate." Mot. at 15. TFP thus concludes "they cannot establish any injury." *Id.* Opposing, plaintiffs cite Labor Code section 226(e)(2)(B) for the objective proposition that "[a]n employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information" on the wage statement. Opp'n at 18 (internal quotation marks omitted).

The Labor Code requires that "employers . . . furnish . . . an accurate itemized statement" of wages to their employees, including certain statutorily specified information. Cal. Lab. Code § 226(a). Where "[a]n employee suffers injury as a result of a[n employer's] knowing and intentional failure" to provide such a statement, the employee is entitled to damages. *Id.* § 226(e)(1).

In arguing that plaintiffs Hernandez and Morris did not suffer injury because they testified that they believed their wage statements were accurate, TFP ignores the possibility plaintiffs could have been mistaken. Consequently, even if they believed they had been fully compensated, a reasonable factfinder could find plaintiffs suffered injury by being underpaid, a conclusion supported, at least in part, by the time records TFP has thus far produced.

The court denies summary judgment as to the sixth claim of plaintiffs Hernandez and Morris.

/////

/////

E. Seventh Claim

TFP argues it is entitled to summary judgment on the UCL claim because it derives from plaintiffs' failure-to-compensate and failure-to-pay-overtime claims, which TFP has argued should not survive. Mot. at 17. However, the court has denied summary judgment on the underlying claims. Thus, summary judgment is not proper here.

The court denies summary judgment on the seventh claim.

F. Eighth Claim

Finally, TFP argues summary judgment is appropriate on the PAGA claims of all plaintiffs because no plaintiff provided the requisite notice. Mot. at 18. It argues that plaintiffs "Pena, Hernandez, Suarez and Dail each admitted that they have not provided any notice to the [LWDA]," while plaintiff Morris "merely faxed [notice] to [TFP]'s counsel," instead of "comply[ing] with the basic procedural requirement that the PAGA letter be sent via certified mail . . . ." *Id.* TFP conceded at argument that it received timely notice by fax. Plaintiffs respond that TFP has waived any argument based on notice because the notice requirement exists "for the benefit of the LWDA, not the employer." Opp'n at 20 (citing *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365 (2005)).

The Labor Code section in question requires "[t]he aggrieved employee . . . [to] give written notice by certified mail to the [LWDA] and the employer of the specific provisions of [the Labor Code] that have been violated, including the facts and the theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1). To comply with the requirement, in addition to notifying LWDA, a complaining employee must inform all employers against whom violations are alleged, in order to promote enforcement of the Labor Code, while also providing employers an "opportunity to cure less serious violations." *Caliber Bodyworks,* 134 Cal. App. 4th at 375.

The statute's plain language, requiring written notice by certified mail to both the LWDA and the employer, governs. *Cf.* Apr. 23, 2014 Order at 7-8, ECF No. 146; *Bonnell v. Med. Bd. of Cal.*, 31 Cal.4th 1255, 1261 (2003) (stating general rule of statutory

11

construction). Because plaintiffs did not provide written notice by certified mail of the alleged violations as required by the statute, this claim may not proceed.

The court grants summary judgment on the eighth claim of all plaintiffs.

IV. CONCLUSION

As explained above, the court GRANTS IN PART and DENIES IN PART TFP's motion. (ECF 163.) Summary judgment is granted in favor of TFP as to:

1. The sixth claim of plaintiffs Pena, Suarez and Dail; and
2. The eighth claim of all plaintiffs.

Summary judgment is otherwise denied.

IT IS SO ORDERED.

DATED: February 3, 2015.

_____
UNITED STATES DISTRICT JUDGE