UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN PENA, et al., | No. 2:13-cv-01282-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| TAYLOR FARMS PACIFIC, INC., d/b/a TAYLOR FAMRS, et al., | |
| Defendants. | |

      Manpower Inc. requests the court clarify or reconsider its order granting the plaintiffs' motion for class certification. Mot. Recons., ECF No. 204. Manpower seeks assurances that order did not certify a class against it. Plaintiffs argue in opposition that Manpower's silence to date on class certification was strategic and should be construed as an admission that certification against it is proper. Opp'n 1–2, ECF No. 206. Manpower has replied. ECF No. 208. After considering the parties' briefing, the court took the matter under submission without holding a hearing and now grants the motion.

      This action was removed to this court in June 2014 after the California court granted the plaintiffs leave to join Manpower and other defendants. Not. Removal 1, ECF No. 2. The complaint was amended after removal. Sixth Am. Compl., ECF No. 33. Before Manpower filed a responsive pleading, defendant Taylor Farms Pacific, Inc. filed a motion to dismiss, ECF

1

1   No. 13, which the court granted in part and denied in part, ordering the plaintiffs to file a seventh
2   amended complaint, Order, ECF No. 76.  Manpower requested and received leave to file a
3   responsive pleading twenty-one days after filing of the seventh amended complaint. Stip. & Prop.
4   Order, ECF No. 90; Minute Order, ECF No. 91.  Manpower filed a motion to dismiss on
5   November 25, 2013.  ECF No. 121.

6   In the meantime, the plaintiffs had filed a motion for class certification on October
7   4, 2013. ECF No. 56.  The plaintiffs' motion for class certification did not specifically address the
8   certification of any class action against Manpower.  Manpower did not oppose that motion.  The
9   plaintiffs' reply brief does refer to Manpower, although not by name:

> Two of the [f]our labor agencies named as Co-Defendants decided not to file an opposition to Plaintiffs' motion for class certification, and there is good reason.  Frankly, Defendants Abel Mendoza Inc. and Slingshot Connections ignore their duty to obtain wages owed to the putative class members who worked for them by opposing this motion for class certification.  In addition, they ignore case law where the joint employer doctrine was certified with respect to the very types of claims in this action.  Thus, the claims should be certified against the Co-Defendants as well.

15  Reply Class Cert. 15:13–20, ECF No. 112 (citation omitted).  The motion for class certification
16  was granted in part on February 10, 2015.  Order, ECF No. 200.  The court's order does not
17  mention Manpower except to cite its April 2014 motion to dismiss and later joinder in TFP's
18  motion for summary judgment. *Id.* at 3 & n.3.

19  "Parties seeking class certification bear the burden of demonstrating that they have
20  met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the
21  requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir.
22  2011).  Until that showing, no departure is made from the rule "that litigation is conducted by and
23  on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541,
24  2550 (2011) (citations and internal quotation marks omitted).

25  Here, because the plaintiffs have not yet carried this burden as to Manpower, the
26  court clarifies its previous order does not certify any class against Manpower.  The plaintiffs
27  cannot have carried their burden by indirect reference in their reply brief only.  Neither does
28  Manpower impliedly consent to certification by remaining silent in the face of a motion

presenting no evidence or argument against it.  Nevertheless, to the extent the court's order denied certification for lack of sufficient evidence, it did so without prejudice.  Order Feb. 10, 2015, at 43:6–16.  A renewed motion may therefore present evidence in pursuit of class certification against Manpower.

        IT IS SO ORDERED.

DATED: March 30, 2015.

                                  UNITED STATES DISTRICT JUDGE