1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARIA DEL CARMEN PENA, et al.,              No.  2:13-cv-01282-KJM-AC

12                 Plaintiffs,

13          v.                                    ORDER

14    TAYLOR FARMS PACIFIC, INC., d/b/a
      TAYLOR FARMS, et al.,
15
                   Defendants.
16

17

18          Defendants Taylor Farms Pacific, Inc. (TFP), Abel Mendoza, Inc. (AMI),

19    Manpower, Inc./California Peninsula, Quality Farm Labor, Inc., and Slingshot Connections, LLC

20    jointly move to stay this case in its entirety.  The Ninth Circuit recently granted the defendants'

21    petition for an interlocutory appeal under Federal Rule of Civil Procedure 23(f).  Having found

22    the motion appropriate for resolution without oral argument, and for the reasons described below,

23    the motion is granted in part.

24    I.     BACKGROUND

25          The named plaintiffs are the defendants' former hourly employees.  They allege

26    several violations of California labor laws and represent two subclasses of similarly situated

27    employees.  Their case began in California state court in early 2012 and was removed to this

28    court in June 2013.  Since then the parties have filed several motions, including motions to

                                                 1

1    compel, to dismiss, for summary judgment, and for class certification. The most pertinent of

2    these motions here is the motion for class certification, which the court granted in part in early

3    2015. *See* Order Feb. 10, 2015, ECF No. 200. In particular, the court granted the motion with

4    respect to the plaintiffs' claims for improperly delayed or shortened meal breaks (and derivative

5    claims) and denied in all other respects. *See id.* at 42–43. To reach this conclusion, the court

6    relied on an exhibit summarizing timestamp entries for TFP employees, which the plaintiffs had

7    provided as evidence that class members regularly clocked in and clocked out of work without

8    having taken a meal break of the length and at the time guaranteed by California law. *See, e.g.*,

9    *id.* at 30–31. The court did not evaluate whether this document would have been admissible at

10    trial. *See id.* at 5–6.

11         TFP petitioned the Ninth Circuit Court of Appeals for permission to appeal the

12    order granting class certification in part, and on May 13, 2015, the Ninth Circuit granted TFP's

13    request under Federal Rule of Civil Procedure 23(f). TFP Notice of Appeal, Ex. A, ECF No. 217

14    (citing *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) (per curiam)). AMI filed a

15    similar petition, which the Ninth Circuit also granted and consolidated with TFP's petition. AMI

16    Notice of Appeal, Ex. A, ECF No. 228. TFP's petition requested review of two issues:

17    (1) whether this court applied an improper "level of evidentiary scrutiny" to evidence offered in

18    support of a motion for class certification, most importantly to the timekeeping exhibit; and

19    (2) whether those records could "provide a common answer to the question of whether

20    individuals were timely offered a meal break." TFP Mot. Stay P. & A. 1, ECF No. 232.

21         After the petition was granted, the defendants filed a joint ex parte application to

22    stay this case entirely pending resolution of their Rule 23(f) appeals. ECF No. 221. The

23    plaintiffs opposed the application, ECF No. 222, and the court temporarily stayed the entire case

24    to allow full briefing. ECF No. 223. The defendants filed a formal motion on June 26, 2015,

25    ECF No. 232, which the plaintiffs oppose, ECF No. 233. The defendants replied. ECF No. 239.

26    II.     <u>LEGAL STANDARD</u>

27         A district court has authority to stay a case pending interlocutory appeal. *See Nken*

28    *v. Holder*, 556 U.S. 418, 433 (2009). Federal Rule of Civil Procedure 23 expressly contemplates

1    a stay. *See* Fed. R. Civ. P. 23(f) ("An appeal [under Rule 23(f)] does not stay proceedings in the

2    district court unless the district judge or the court of appeals so orders."). A party must ordinarily

3    first request this relief from the district court. Fed. R. App. P. 8(a)(1)(A).

4              This court's decision whether to enter such a stay is "'an exercise of judicial

5    discretion,' and '[t]he propriety of [a stay's] issue is dependent upon the circumstances of the

6    particular case.'" *Nken*, 556 U.S. at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S.

7    658, 672–73 (1926)) (first alteration in original). The Supreme Court has identified four factors

8    that "regulate the issuance of a stay" pending interlocutory appeals, both at the district and

9    appellate level:

10              (1) whether the stay applicant has made a strong showing that he is
                likely to succeed on the merits; (2) whether the applicant will be
11              irreparably injured absent a stay; (3) whether issuance of the stay
                will substantially injure the other parties interested in the
12              proceeding; and (4) where the public interest lies.

13    *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken*, 556 U.S. at 433. Courts commonly apply

14    these four factors to motions brought under Rule 23(f). *See, e.g.*, *Altamura v. L'Oreal, USA, Inc.*,

15    No. 11-1067, 2013 WL 4537175, at *2 (C.D. Cal. Aug. 26, 2013).

16              In *Nken*, the Supreme Court noted the four factors "substantially overlap" with

17    those applicable to a motion for a preliminary injunction. 556 U.S. at 434 (citing *Winter v.*

18    *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008)). The Ninth Circuit applies a

19    "sliding scale" approach to the *Winter* factors, *see Alliance for the Wild Rockies v. Cottrell*,

20    632 F.3d 1127, 1135 (9th Cir. 2011), and has held a "flexible" approach is compatible with a

21    motion for a stay pending appeal, perhaps even more so than in the context of a preliminary

22    injunction, *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Other circuits

23    have expressly adopted a flexible or balancing approach in the specific context of a motion under

24    Rule 23(f). *See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d

25    Cir. 2001); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). While neither

26    the Supreme Court nor the Ninth Circuit have expressly endorsed this approach, it appears to be

27    the settled practice among district courts in this circuit. *See, e.g.*, *Rainbow Bus. Sol'ns v. Merch.*

28    *Servs., Inc.*, No. 10-1993, 2014 WL 1783945, at *1 (N.D. Cal. May 5, 2014); *Altamura*, 2013 WL

1    4537175, at *1–2; *Brown v. Wal-Mart Stores, Inc.*, No. 09-03339, 2012 WL 5818300, at *1–2

2    (N.D. Cal. Nov. 15, 2012); *Gray v. Golden Gate Nat. Recreational Area*, No. 08-00722, 2011 WL

3    6934433, at *1 (N.D. Cal. Dec. 29, 2011).  Under this flexible approach, "serious questions going

4    to the merits and a balance of hardships that tips sharply towards the [moving party]" may

5    support a stay if the moving party "also shows that there is a likelihood of irreparable injury and

6    that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135

7    (quotation marks omitted).

8    III.    DISCUSSION

9            A.    Success on the Merits

10           This and the second factor, "whether the applicant will be irreparably injured

11   absent a stay," are the "most critical" of the four.  *Nken*, 556 U.S. at 434.  The defendants may

12   succeed on this motion without having shown their ultimate success is probable.  *Leiva-Perez*,

13   640 F.3d at 967.  However the requisite showing is described, as a "'reasonable probability' or

14   "'fair prospect,' . . . 'a substantial case on the merits,' . . . or, . . . that 'serious legal questions are

15   raised,' . . . the idea is that in order to justify a stay, a petitioner must show, at a minimum, that

16   she has a substantial case for relief on the merits."  *Id.* at 967–68 (citations omitted).

17           By granting the defendants' petitions to appeal under Rule 23(f), the Ninth Circuit

18   has already weighed in on the substantiality of their case for relief.  As noted above, its order cites

19   *Chamberlan v. Ford*.  In *Chamberlan*, the Ninth Circuit described three situations when review of

20   class certification decisions is most appropriate: (1) when the district court's decision is

21   "questionable" and effectively ends the litigation; (2) when the district court's decision presents a

22   relevant and "unsettled and fundamental issue of law relating to class actions" that may evade

23   review post-judgment; or (3) when the district court's decision was "manifestly erroneous."

24   402 F.3d at 959.  If this court's decision was "questionable" or "manifestly erroneous," the

25   defendants have met their burden to show they have a "substantial case for relief."  *Leiva-Perez*,

26   640 F.3d at 967–68.  And if the Ninth Circuit has identified an unsettled and fundamental issue of

27   law, the defendants have met their burden to show their appeal raises "serious legal questions."

28   *Id.*

4

1      This court previously concluded that "evidence presented in support of class

2  certification need not be admissible at trial."  Order Feb. 20, 2015, at 6 (quoting *Pedroza v.*

3  *PetSmart, Inc.*, No. 11-298, 2013 WL 1490667, at *1 (C.D. Cal. Jan. 28, 2013), and citing

4  *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010), and *Parkinson*

5  *v. Hyundai Motor Am.*, 258 F.R.D. 580, 599 (C.D. Cal. 2008)).  But the Ninth Circuit has not

6  directly addressed this question and appears to have assumed some evidentiary standard applies,

7  at least in the context of expert witness testimony.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d

8  970, 983–84 (9th Cir. 2011) (holding that admissibility of expert witness opinions under *Daubert*

9  *v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), is not a sufficient condition of

10  certification because the district court must also subject the evidence to a "rigorous analysis").  If

11  the Ninth Circuit clarifies the evidentiary standard applicable to the plaintiffs' summary of TFP's

12  timekeeping records, it may well remand for this court's reconsideration of its decision to rely on

13  the plaintiffs' evidence.  *Cf. Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 466 (9th Cir.)

14  ("When the district court has erroneously admitted or excluded prejudicial evidence, we remand

15  for a new trial."), *cert. denied*, 135 S. Ct. 55 (2014).

16      In sum, the Ninth Circuit's decision to grant the defendants' petitions and the lack

17  of binding authority on the evidentiary standard applicable to class certification make for a

18  sufficiently "serious legal question" and show the defendants have a "substantial case for relief."

19  *Leiva-Perez*, 640 F.3d at 967–68.  This showing may support a stay if the defendants also

20  demonstrate they face "a likelihood of irreparable injury," the balance of hardships tips sharply in

21  their favor, and a stay is in the public interest.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.

22      B.      Likelihood of Irreparable Injury

23      An irreparable injury must be more than just "possible," *Nken*, 556 U.S. at 434, it

24  must be "the more probable or likely outcome," *Leiva-Perez*, 640 F.3d at 968.  This is a higher

25  standard of probability than in the first part of the test; "typically it is easier to anticipate what

26  would happen as a practical matter following the denial of a stay."  *Id.*

27      Here, the defendants describe three types of harm.  First, they argue that if class

28  discovery, class certification motion practice, and trial preparations continue, they will bear the

1  brunt of the associated costs, particularly in discovery.  They argue that if the Ninth Circuit

2  determines class treatment is inappropriate or clarifies the law is contrary to that applied by this

3  court, time and energy will be wasted.  Second, they argue class members' personal information

4  may be disclosed unnecessarily if the Ninth Circuit finds in defendants' favor.  And third, they

5  argue that if class notice is sent before the appeal is decided, another replacement notice may be

6  required and confusion may result.  Defendants' first argument describes an injury they may

7  suffer, unnecessary litigation costs.  Their second and third arguments primarily describe harm to

8  others, concerns addressed below.[1]

9          The costs of pretrial litigation may amount to irreparable harm. *See, e.g.*,

10  *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353, 2014 WL 5817323, at *4 (D. Kan.

11  Nov. 10, 2014); *Brown*, 2012 WL 5818300, at *4; *Gray*, 2011 WL 6934433, at*3; *Johnson v.*

12  *Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010); *C.B.S. Emps.' Fed. Credit Union v.*

13  *Donaldson, Lufkin & Jenrette*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989).  Courts appear to reach

14  this conclusion when granting a motion to stay would avoid substantial, unrecoverable, and

15  wasteful discovery costs, *Nieberding*, 2014 WL 5817323, at *4; *Johnson*, 269 F.R.D. at 413;

16  when the costs would impose "serious burdens" that an appeal would avoid, *Richards v. Ernst &*

17  *Young LLP*, No. 08-4988, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012); when pretrial

18  litigation itself may moot the appeal, *Gray*, 2011 WL 6934433, at *3; and in employment law

19  class actions in particular, *Brown*, 2012 WL 5818300, at *4–5.

20          On the other hand, costs may not be irreparable harm.  *See, e.g.*, *Whitlock v. FSL*

21  *Mgmt., LLC*, No. 10-00562, 2012 WL 6675124, at *2 (W.D. Ky. Dec. 21, 2012); *Guifu Li v. A*

22  *Perfect Franchise, Inc.*, No. 10-01189, 2011 WL 2293221, at *4–5 (N.D. Cal. June 8, 2011);

23  *Castaneda v. United States*, No. 07-7241, 2008 U.S. Dist. LEXIS 40567 at *13 (C.D. Cal. May

24  20, 2008); *Bradberry v. T-Mobile USA, Inc.*, 06 6567, 2007 WL 2221076, at *4 (N.D. Cal., Aug.

25  2, 2007).  When courts have found that pretrial litigation costs do not amount to irreparable harm,

26  they are often inevitable regardless of the appeal's result, *Guifu Li*, 2011 WL 2293221, at *4,

27

28
_____

[1] Defendants do not argue class notice will harm their reputation.  *See Altamura*, 2013 WL 4537175, at *2.

1    manageable, *see Bradberry*, 2007 WL 2221076, at *5, or avoidable by tailored procedures, *see,*

2    *e.g.*, *Thorpe v. D.C.*, 306 F.R.D. 6, 11 (D.D.C. 2014).  For example, some courts have essentially

3    split the difference, allowing some aspects of the case to go forward, but not others.  *See, e.g., id.*

4    (staying expert discovery but not limited fact discovery); *Altamura*, 2013 WL 4537175, at *2

5    (staying one subclass but not another); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286

6    F.R.D. 88, 90 (D.D.C. 2012) (staying class notice and a decision on summary judgment).  No

7    binding authority addresses the question.

8            Here, if the case goes forward, all parties will undoubtedly incur the costs of

9    ongoing discovery, discovery disputes, and renewed motions for class certification.  The hotly

10   contested nature of the litigation is likely to persist.  The extent to which expenditures of time and

11   money are unnecessary will depend on the Ninth Circuit's resolution of the pending appeal.  If

12   this court's order is affirmed, then efforts may not have been wasted.  Costs similarly may not

13   have been in vain if the circuit court remands and a class is later certified.  The circuit may

14   conclude this case is entirely unsuited to class litigation, and so class discovery would have been

15   needless.  Estimating the probability of these outcomes is not a calculation this court can reliably

16   perform.  *See In re Rail Freight*, 286 F.R.D. at 93 ("It is a fool's errand to try to predict what the

17   court of appeals is likely to do . . . .").  For purposes of this motion, however, the court finds

18   defendants have made a sufficient showing of probability.

19           The litigation costs also are irreparable.  Renewed motions for class certification

20   and associated discovery, and possible further dispositive motion practice and trial preparation

21   would prove both costly and premature in the event of remand.  The class evidence is voluminous

22   and complex, and may require expert testimony.  The class includes several thousand current and

23   former employees and several defendants, some who must defend against class litigation and

24   some for whom a class has not been certified.  The parties to date have repeatedly contested the

25   permissible scope of discovery and one another's compliance with discovery orders; these

26   contests taint their briefing even on this motion.  In similar circumstances, many courts have

27   found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm.

28   *See, e.g., Nieberding*, 2014 WL 5817323, at *4; *Brown*, 2012 WL 5818300, *4–5; *Richards*, 2012

7

1    WL 92738, at *3; *Gray*, 2011 WL 6934433, at *3; *Johnson*, 269 F.R.D. at 413.  The facts of this

2    complex, multifaceted case distinguish it from the plaintiffs' contrary citations.  *See Guifu Li*,

3    2011 WL 2293221, at *4 (denying the motion to stay because discovery costs were inevitable);

4    *Castaneda*, 2008 U.S. Dist. LEXIS 40567 at *13 (not a class action); *Bradberry*, 2007 WL

5    2221076, at *5 (denying a motion without prejudice subject to renewal "if discovery becomes

6    burdensome"); *but see Thorpe,* 306 F.R.D. at 11 (allowing some discovery to continue); *In re Rail*

7    *Freight*, 286 F.R.D. at 90 (same).

8              Here, the defendants have shown they will probably suffer irreparable harm if the

9    case goes forward.

10             C.       Balance of Hardships

11             As noted above, the defendants must show the balance of hardships tips sharply in

12   their favor.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  They have.  The plaintiffs point out

13   two sources of injury to them: first, the evidence's strength may fade with memory, changes in

14   the defendants' practices and facilities, or destruction of physical evidence, Opp'n at 14 (citing

15   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), among other cases); and second, delay

16   itself is harm, *id.* at 15 (citing *Bradberry*, 2007 WL 2221076, at *4).

17             To the first point, evidence must be preserved.  *See, e.g., Leon v. IDX Sys. Corp.*,

18   464 F.3d 951, 958–59 (9th Cir. 2006).  In light of the requirement of preservation, if evidence is

19   lost or destroyed, spoliation may warrant heavy sanctions, even absent bad faith.  *Peschel v. City*

20   *Of Missoula*, 664 F. Supp. 2d 1137, 1141 (D. Mont. 2009).  At the same time, the plaintiffs have

21   already been able to preserve a great deal of evidence through the discovery that has occurred.

22   To mitigate any harm to the plaintiffs, the stay entered below will not preclude a site visit of the

23   defendants' facilities of reasonable length on reasonable terms, and it will not preclude litigation

24   of the plaintiffs' individual claims, which fall outside the appeal's bounds.

25             To further avoid prejudice, and given the particular circumstances of this litigation,

26   the court hereby clarifies that the defendants are to preserve all evidence relevant to the currently

27   certified class claims and all evidence that may otherwise be relevant given the court's current

28   order on class certification.  *See Jardin v. Datallegro, Inc.*, No. 08-1462I, 2008 WL 4104473, at

1  *1 (S.D. Cal. Sept. 3, 2008) (an order requiring the preservation of evidence may be appropriate

2  considering (1) concerns "for the continuing existence and maintenance of the integrity of the

3  evidence in question"; (2) "any irreparable harm likely to result to the party seeking the

4  preservation of the evidence"; and (3) "the capability of an individual, entity, or party to maintain

5  the evidence sought to be preserved" (quoting *Jacobs v. Scribner*, No. 06-1280, 2007 WL

6  1994235 at *1 (E.D. Cal. July 5, 2007))).  This order specifically mandates the preservation of

7  (1) any contact information for the members of the currently certified classes and (2) any contact

8  information for all those persons whom the defendants know or reasonably should know may

9  become class members in light of the court's previous order allowing a renewed motion for class

10 certification.  *See* Order Feb. 10, 2015, at 43.

11          Second, the delay will not prevent the balance of hardships from tipping sharply in

12 the defendants' favor.  The plaintiffs seek only damages, not an injunction, and appropriate relief

13 can offset any harm arising from delayed monetary payments.

14          A stay will also prevent all parties from litigating discovery disputes that later

15 prove irrelevant or unnecessary.

16          D.      Public Interest

17          A stay is in the public interest; it will avoid unnecessary litigation and suspend the

18 case in place while the Ninth Circuit resolves the defendants' appeal.  The landscape going

19 forward will depend heavily on the circuit court's decision: the appeal tests this court's order

20 granting class certification, the applicable evidentiary standard, and whether the evidence

21 plaintiffs offered with their motion can support class certification.  *See, e.g., Altamura*, 2013 WL

22 4537175, at *3 ("By staying this action while defendant's Rule 23(f) appeal is pending, this Court

23 avoids costly and potentially unnecessary litigation if the . . . class is eventually decertified.").

24 Avoiding the dissemination of unnecessary or duplicative class notices is also the common object

25 of a stay under Rule 23(f).  *See, e.g., In re Rail Freight*, 286 F.R.D. at 94 (collecting authority to

26 show unnecessary dissemination of class notice harms the public interest).

27

28

1    IV.    <u>CONCLUSION</u>

2            This action is STAYED in its entirety pending resolution of the defendants' appeal

3    under Federal Rule of Civil Procedure 23(f), except that (1) the plaintiffs may conduct a site visit

4    of the defendants' facilities as directed in this order; (2) the case is not stayed as to the plaintiffs'

5    individual claims; and (3) the defendants are ordered to preserve all evidence relevant to the

6    currently certified class claims and all evidence that may otherwise be relevant given the court's

7    current order on class certification.  This order resolves ECF No. 232.

8            IT IS SO ORDERED.

9    DATED:  August 27, 2015.

10

11                                              _____
                                                UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28